IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------x

AMERICAN BAR ASSOCIATION,

                *Plaintiff,*              Case No. 1:25-cv-01888

v.                                             Hon. Amir H. Ali

EXECUTIVE OFFICE OF THE PRESIDENT ET AL.,

                *Defendants.*

---------------------------------------------------------------------x

## MOTION TO INTERVENE

For the reasons stated in the attached memorandum, Andrew Delaney ("Delaney") respectfully requests that the Court permit his intervention as a matter of right in this action under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permit him to intervene under Rule 24(b). If granted permission to intervene under either provision, Delaney has attached a proposed motion to dismiss the complaint.

Delaney has attempted to confer with counsel to the plaintiff and the defendant. As of the filing of this motion, Delaney has been unable to determine the parties' positions.

RESPECTFULLY SUBMITTED this 24th day of June 2025.

                          /s/Andrew Delaney
                          Andrew Delaney
                          Proposed Intervenor
                          3430 McKelvey Road PMB 1195 STE L
                          Bridgeton, MO 63044



RECEIVED
JUN 24 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

centrlmb@gmail.com

cc:  All counsel of record (via ECF and email)

CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities, and by e-mail.

/s/Andrew Delaney
Andrew Delaney
Proposed Intervenor
3430 McKelvey Road PMB 1195 STE L
Bridgeton, MO 63044
centrlmb@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------x

AMERICAN BAR ASSOCIATION,

                    *Plaintiff,*              Case No. 1:25-cv-01888

v.                                                   Hon. Amir H. Ali

EXECUTIVE OFFICE OF THE PRESIDENT ET AL.,

                    *Defendants.*

-------------------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT

    The proposed intervenor Andrew Delaney ("Delaney") submits this memorandum in support of his motion to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, as permissive intervention pursuant to Rule 24(b).

    Delaney has a strong interest in this case, is a beneficiary of President Donald J. Trump's executive orders against certain law firms, and is not adequately represented by the defendant, the federal government, since he is a private party and litigant, and his knowledge and negative experience with certain law firms, particularly Wilmer, Cutler, Pickering, Hale and Dorr LLP's ("Wilmer Hale") and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), will be beneficial to the Court.

1

President Trump issued executive orders in relation to seven law firms - Wilmer Hale, Paul Weiss, Susman Godfrey LLP ("Susman Godfrey"), Covington & Burling LLP, Elias Law Group LLP, Jenner & Block LLP, and Perkins Coie LLP. Elias Law Group describes itself as "a mission-driven firm committed to helping Democrats win, citizens vote, and progressives make change."

Specifically, Delaney has been the target of Wilmer Hale's abuse of its federal contracts and security clearances, lobbying of judges, "revolving door" with the federal government, and other unethical practices from 2019 to the present and believes that President Trump's March 27, 2025 Executive Order 14250 ending Wilmer Hale's contracts with the federal government and other measures and the other executive orders were correct and were within his legal authority.

The law firms are engaged in corrupt practices and have no right to have the federal government as a client, to receive millions of dollars in fees, to receive security clearances, and to lobby and have special access by virtue of employing former federal officials, as well as to be able to appoint federal judges who oversee their cases. 70% of federal judges are corporate lawyers and disproportionately, especially in jurisdictions like the United States District Court for the Southern District of New York, are former partners in Paul Weiss and Wilmer Hale. Sen. Charles Schumer's brother, Robert Schumer, is a partner in Paul Weiss.

Finally, with all due respect to the American Bar Association (the "ABA"), it is completely inappropriate for it to be represented by "Susman Godfrey LLP"

2

("Susman Godfrey"), which had an executive order issued against it. It appears to be a conflict of interest. Susman Godfrey can bring its own lawsuit to challenge the order against it.

FACTS

On March 27, 2025, President Trump correctly signed Executive Order 14250 ending Wilmer Hale's contracts with the federal government and other measures. This was due to Wilmer Hale's well-known abuses and revolving door practices. Its complaint shows how dependent it is on its lucrative and preferential contracts with the federal government from its present and former lawyers with positions in the federal government.

In 2019-2020, the plaintiff worked for Wilmer Hale's client Toyota Motor Thailand Company Limited.

Wilmer Hale is a notorious "revolving door" lobbying firm. Its website brags about its "deep bench" of former government lawyers. This is not only Robert Mueller but most of its partnership. Its executive committee is a "Who's Who" of former Democrat federal appointees including Jamie Gorelick and Ronald Machen.

Wilmer Hale completely controlled and staffed President Biden's White House Counsel Office (Jonathan Cedarbaum, Danielle Conley, Stuart Delery, Ed Siskel, Michael Posada, and. Maury Riggan). It used this to control judicial appointments and promotions and federal litigation against its adversaries.

In Delaney's own dealings with this law firm, it uses dirty tricks and has present and former federal government officials make threats against and harasses ordinary American citizens and brags about its access, entering federal buildings with the red-carpet treatment. It always associates with and is represented by lawyers who are former federal officials.

In my own cases, Wilmer Hale shopped my cases with it to judges who are former Wilmer Hale partners, Lewis Liman and Karen Green, and fought against their legally required recusals.

In its multi-million dollar representation of Toyota, right when the Department of Justice's (the "DOJ") Foreign Corrupt Practices Act ("FCPA") grand jury investigation of its client became public,[1] Wilmer Hale hired the head of the DOJ's FCPA section, Christopher Cestaro, to be its partner in violation of Federal law, specifically 18 U.S.C. § 207(c) and Rule 1.11 of the Model Rules of Professional Conduct (addressing conflicts of interest for former government lawyers).[2] Four years later, the so-called grand jury investigation of Toyota in Texas has gone nowhere and has disappeared from the news.

President Trump's executive orders in relation to certain law firms were a lawful attempt to prevent corruption and abuse of the federal government.

The ABA's (or Susman Godfrey's) argument that the executive orders will cause a decrease in their pro bono work is not plausible and is a complete non sequitur.

4

ARGUMENT

Delaney is entitled to intervene as a matter of right. Rule 24(a) of the Federal Rules of Civil Procedure governs intervention as a matter of right. That provision provides, in relevant part, that "[o]n timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Consistent with this language, the D.C. Circuit has identified four requirements for intervention as a matter of right. First, an application to intervene in a pending action must be timely. *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008). Second, the putative intervenor must have a "legally protected" interest in the action. *Id*. at 855. Third, the action must threaten to impair the putative intervenor's proffered interest in the action. *Id*. Fourth, and finally, no existing party to the action may adequately represent the putative intervenor's interests. In addition to these four requirements, which emanate from the text of Rule 24(a) itself, a putative intervenor defendant must further establish that it has standing under Article III of the Constitution. *See Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316. As set forth below, Delaney easily meets each of these requirements.

Firstly, just like the proposed defendant-intervenor in *Crossroads*, Delaney has a significant and direct interest in the favorable President Trump's executive

5

order preventing him from continue being subject to Wilmer Hale's misuse of the federal government and the judiciary. Losing this lawsuit would be a significant injury to Delaney, who was protected by President Trump's executive order against the corrupt Wilmer Hale.

Secondly, the motion is timely because the case was just filed on June 16, 2025. If Delaney is permitted to intervene, there can be no prejudice to the existing parties, and no current or scheduled proceedings will be disrupted. Accordingly, intervention at this point in the litigation is timely.

Thirdly, the D.C. Circuit has repeatedly held that the conclusion that the proposed intervenor has constitutional standing is alone sufficient to establish that the proposed intervenor has "an interest relating to the property or transaction which is the subject of the action[.]" *See Fund For Animals, Inc.*, 322 F.3d at 735 (citing Fed. R. Civ. P. 24(a)(2)).

Fourthly, Delaney's interest in preserving President Trump's executive order against corrupt law firms would be impeded by an adverse judgment from this Court. The law firms in question have sued to protect the millions of dollars they make from the federal government and their power to appoint federal judges.

Although Delaney has the highest respect for Attorney General Pamela J. Bondi, he easily meets the minimal burden that the DOJ does not adequately represent his interests because Delaney has additional evidence of and direct experience with Wilmer Hale's and other law firms' violations of federal law which

6

were the basis for the executive orders. The DOJ is representing the government, not private parties and beneficiaries of the executive order such as Delaney.

If the Court does not grant Delaney's motion to intervene as a matter of right, he respectfully requests that the Court exercise its discretion to allow him to intervene under Rule 24(b). The Court has broad discretion to grant a motion for permissive intervention when the Court determines that (1) the intervenor's claim or defense and the main action have a question of law or fact in common, and that (2) the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(1)(B).

## CONCLUSION

For the reasons stated above, Andrew Delaney respectfully requests that the Court grant his motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permit him to intervene under Rule 24(b). If granted permission to intervene under either provision, Delaney has attached a proposed motion to dismiss the complaint in this case.

RESPECTFULLY SUBMITTED this 24th day of June 2025.

/s/Andrew Delaney
Andrew Delaney
Proposed Intervenor
3430 McKelvey Road PMB 1195
STE L
Bridgeton, MO 63044

7

srview1@gmail.com

cc: All counsel of record (via ECF and email)

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities, and by e-mail.

/s/Andrew Delaney
Andrew Delaney
Proposed Intervenor
3430 McKelvey Road PMB 1195 STE L
Bridgeton, MO 63044
srview1@gmail.com
