IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------x

AMERICAN BAR ASSOCIATION,

                 *Plaintiff,*            Case No. 1:25-cv-01888

v.                                   Hon. Amir H. Ali

EXECUTIVE OFFICE OF THE PRESIDENT ET AL.,

                 *Defendants.*

-------------------------------------------------------------------x

## PROPOSED MOTION TO DISMISS

Andrew Delaney submits this motion to dismiss the complaint on the basis of the plaintiff's lack of standing pursuant to Fed. R. Civ. P. 12(b)(1), the Court's lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and the plaintiff's failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

A third-party intervenor in a federal case, whether intervening as a matter of right or permissively, can file a motion to dismiss. Once a third party is granted leave to intervene, whether as of right or permissively, it becomes a party to the lawsuit and can assert all available defenses, including filing a motion to dismiss. The intervenor's motion to dismiss is subject to the same rules and standards as a motion filed by the original defendant.

The plaintiff's complaint fails to meet the plausibility standard under *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007), and *Ashcroft v. Iqbal*, 556 US 662 (2009). It is based on speculation that any changes to the seven law firms' federal

**RECEIVED**

JUN 24 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

contracts will prevent their zealous representation of clients and cause them to do less pro bono work. But it is every lawyer's duty to zealously represent his or her clients. The decline in pro bono work on the part of big law firms has been a trend that started in 2021 and is not a reason to strike down the executive orders.

Firstly, the plaintiff lacks standing to bring this action. The ABA lacks standing to sue on behalf of all its members. The real party in interest is not the American Bar Association (the "ABA"), but rather the defendant's counsel in this case, Susman Godfrey LLP ("Susman Godfrey").

Secondly, this Court lacks jurisdiction to hear this case. The court lacks the authority to compel the federal government to pay money out under a contract. This is no different than the federal government terminating any contract due to shoddy workmanship or abuse of the federal government.

Thirdly, the plaintiff's complaint fails to state a claim on which relied can be granted. The federal government has discretion over government contracts and security clearances. The ABA cannot dictate the government's decisions regarding contracts and security clearances since these are core executive functions.

Also, the ABA cannot possibly know that the executive orders will have a "chilling effect" on free speech. The plaintiff argues that the executive orders will have a chilling effect on the legal profession, harm the justice system, and limit access to representation for individuals and organizations that the administration

*disfavors*. It is exactly the opposite. These revolving door law firms use their federal contracts and security clearances to obtain *favors* for their partners and their clients.

They, the seven law firms in question like Susman Godfrey which are the real parties to this lawsuit, are not arguing for a level playing field. The plaintiff is effectively arguing that these seven law firms have a permanent franchise to make millions in fees from the federal government, to appoint their partners and friends to the federal judiciary, where they are already vastly overrepresented (70% corporate lawyers), and to receive the "red carpet club" treatment before the federal courts and agencies.

This Court should not uphold the lucrative federal contracts and favored treatment of these seven law firms. The ABA Model Rules of Professional Conduct themselves state that a law firm should exercise prudence in managing client concentration.

President Trump's executive orders are appropriate and protect attorneys and other litigants from the vast overrepresentation of these seven law firms in the federal government. It thus has the effect of creating a more level playing field which is in the public interest.

The plaintiff's complaint fails as a matter of law. The motion to dismiss should be granted.

RESPECTFULLY SUBMITTED this 24th day of June 2025.

/s/Andrew Delaney
Andrew Delaney
Proposed Intervenor
3430 McKelvey Road PMB 1195
STE L
Bridgeton, MO 63044
srview1@gmail.com

cc: All counsel of record (via ECF and email)

CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities, and by e-mail.

/s/Andrew Delaney
Andrew Delaney
Proposed Intervenor
3430 McKelvey Road PMB 1195
STE L
Bridgeton, MO 63044
srview1@gmail.com