**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN BAR ASSOCIATION,<br><br>    *Plaintiff,*<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT,<br>et al.,<br><br>    *Defendants.* | Civil Case No. 1:25-cv-01888-AHA |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO ANDREW DELANEY'S
MOTION TO INTERVENE**

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................................................1

II.    BACKGROUND .................................................................................................................1

III.   LEGAL STANDARD .........................................................................................................3

IV.    ARGUMENT .......................................................................................................................4

   A.    Delaney lacks Article III standing to intervene. ......................................................4

   B.    Delaney is not entitled to intervene as of right under Rule 24(a). .........................6

   C.    This Court should deny Delaney's request for permissive intervention
         under Rule 24(b). .....................................................................................................8

V.     CONCLUSION ...................................................................................................................9

## I.    INTRODUCTION

Movant and potential intervenor Andrew Delaney appears to be a disgruntled former contractor for the law firm WilmerHale—a non-party in this action—who believes the Executive Order ("EO") against that firm is justified. Delaney's interest in this litigation consists of his desire to see President Trump's EO against that firm enforced (relief that he could not obtain through participation in this suit), and his belief that other law firms subject to retaliatory EOs are guilty of vague categories of misconduct like those set forth in the law firm EOs themselves. Delaney's feelings about those EOs does not suffice to support his request to intervene as a party in this action.

Delaney's motion to intervene (the "Motion") fails for three primary reasons. In order to intervene, Delaney must first show that he has Article III standing. He has not done so: he has not identified any injury-in-fact, nor causation, nor likelihood of redress. The Court can deny his motion on this basis alone. Delaney has likewise failed to identify any interest in this action, let alone one not already adequately represented, dooming his request for intervention as of right under Fed. R. Civ. P. 24(a). And Delaney has not provided any reason to believe his participation in this lawsuit will aid a just resolution of the action or result in anything beyond duplication and distraction. The Court should thus exercise its discretion to deny his request for intervention under Fed. R. Civ. P. 24(b).

## II.    BACKGROUND

Delaney previously worked for the document review company HC2, Inc., and through that employment served as a contract review attorney on an assignment for the law firm Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"). *See Beres v. RELX, Inc*., No. 25-CV-79-SM-AJ, 2025 WL 972864, at *1 (D.N.H. Apr. 1, 2025). Delaney reviewed documents for a project undertaken on behalf of a client of the firm. *Id.* WilmerHale and the client suspended the project

because of the COVID-19 pandemic, and HC2 notified Delaney that he would not be paid while the project was suspended. *Id.* According to testimony provided by WilmerHale's General Counsel, Delaney did not take this news well. Rather, he sent a series of emails and letters to WilmerHale's management; threatened litigation against WilmerHale if the firm refused to pay him; and filed a lawsuit against WilmerHale's client, disclosing the client's confidential information that he had obtained during his document review for WilmerHale. *Beres v. RELX, Inc.*, No. 25-CV-79-SM-AJ, ECF No. 44 at ¶¶ 24–30.[1]

On, March 27, 2025, President Trump signed Executive Order 14250, "Addressing Risks From WilmerHale" ("WilmerHale Order"). ECF 1 ("Compl.") ¶ 115. The next day, WilmerHale filed a complaint in this District and sought a TRO enjoining enforcement of the WilmerHale Order. *Id.* ¶ 119. The court granted the requested TRO the same day. *WilmerHale v. EOP*, --- F. Supp. 3d ---, 2025 WL 946979, at *1 (D.D.C. Mar. 28, 2025). On May 27, the District Court issued an order granting summary judgment in favor of WilmerHale and enjoining the WilmerHale Order in full. *WilmerHale v. EOP*, --- F. Supp. 3d ---, 2025 WL 1502329 (D.D.C. May 27, 2025).

On June 20, 2025, Andrew Delaney sought to file a motion to intervene in WilmerHale's case against the Executive Office of the President, along with a motion to vacate. *WilmerHale v.*

---

[1] Additional judicial decisions summarizing Delaney's litigations relating to his employment as a contract attorney for WilmerHale include, *e.g.*, an order by the Fourth Judicial District Court of Hennepin County, Minnesota partially dismissing Delaney's complaint in *Delaney v. RELX Inc. et al.*, No. 27-CV-23-18222 (Minn. Dist. Apr. 3, 2024), and an order by the Supreme Court of New York, New York County granting in part defendants' motion to dismiss in *Delaney v. RELX Inc. et al.*, No. 154424/2024 (N.Y. Sup. Ct. N.Y. Cty. Oct. 10, 2024). Both decisions are available at ECF Nos. 10-1 to 10-4 in *Beres v. RELX, Inc.*, No. 25-CV-79-SM-AJ (D.N.H. March 12, 2025). Other related litigations include *H2C, Inc. v. Andrew Delaney*, No. 1:20-CV-3178-LJL (S.D.N.Y), and *Beres et al. v. Daily J. Corp.*, No. 22-CV-60123-WPD (S.D. Fla.). *See also*, *e.g.*, *In re Andrew Delaney*, No. 1:25-CV-0963 (LTS), 2025 WL 457895 (S.D.N.Y. Feb. 11, 2025) (denying Delaney's motion to remove his bankruptcy proceedings from the U.S. District Court for the Eastern District of New York); *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 93 (S.D.N.Y. 2020) (granting H2C's motion to dismiss Delaney's counterclaims).

*EOP*, 1:25-cv-00917-RJL (D.D.C) at ECF 118–119. Delaney was unable to file on the docket

because the case was already closed, so on June 23 he sought leave to file his motions. *WilmerHale*

*v. EOP*, 1:25-cv-00917-RJL (D.D.C) at ECF 122. The next day, June 24, Delaney filed his motion

to intervene in this matter, accompanied by a proposed motion to dismiss. ECF 11–13.[2]

On June 27, the *WilmerHale* court denied Delaney leave to file his motion to intervene in

that case. 6/27/25 Minute Order, *WilmerHale v. EOP*, 1:25-cv-00917-RJL (D.D.C.).

## III.    LEGAL STANDARD

"[A]ll would-be intervenors must demonstrate Article III standing." *Old Dominion Elec.*

*Coop. v. FERC*, 892 F.3d 1223, 1232 (D.C. Cir. 2018).[3] To do so, the prospective intervenor must

establish injury-in-fact to a legally protected interest, causation, and redressability. *Id.*

If a proposed intervenor makes the required Article III showing, that party must then meet

four requirements in order for a court to grant intervention as of right under Rule 24(a):

> 1) the application to intervene must be timely, 2) the party must have an interest
> relating to the property or transaction which is the subject of the action, 3) the party
> must be so situated that the disposition of the action may, as a practical matter,
> impair or impede the party's ability to protect that interest, and 4) the party's interest
> must not be adequately represented by existing parties to the action.

---

[2] While Delaney filed on June 24, his filings were not entered on the docket until June 27. Further, while the Certificates of Service on Delaney's filings state that he additionally served via email, counsel for Plaintiff did not receive his filings via email on June 24 because they were diverted to the firm's spam filter, and do not have any agreement with Delaney allowing for email service. Counsel for Plaintiff eventually identified Delaney's email—from "Andy Andy" at srview1@gmail.com—after receiving copies of the filings when they were entered on the docket until June 27. Notwithstanding that Plaintiff only received actual service of these documents via ECF when they were entered by the Clerk's Office on June 27, out of an abundance of caution Plaintiff is filing this opposition 14 days from the date of the initial email. *See* LCvR 7(b) (motion oppositions due "[w]ithin 14 days of the date of service").

[3] While some courts had previously characterized whether the Article III standing requires to permissive intervention (as opposed to only intervention as of right) as an open question in this Circuit, the D.C. Circuit's opinion in *Old Dominion Electric Cooperative v. FERC* makes clear that the standing requirement applies to "*all* intervenors." *See* 892 F.3d at 1232 n.2 (emphasis added).

*Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1322–23 (D.C. Cir. 2013). The legally protectable interest required by the second prong of this test must be "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Defs. of Wildlife v. Jackson*, 284 F.R.D. 1, 6 (D.D.C. 2012), *aff'd in relevant part and appeal dismissed sub. nom*, *Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317 (D.C. Cir. 2013) (quoting *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980)).

In contrast, permissive intervention under Rule 24(b) "may" be permitted "[o]n timely motion" for anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "[T]he putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Abulhawa v. United States Dep't of the Treasury*, 239 F. Supp. 3d 24, 31 (D.D.C. 2017), *aff'd sub nom. Abulhawa v. Dep't of Treasury*, No. 17-5158, 2018 WL 3446699 (D.C. Cir. June 19, 2018) (citation omitted). "In deciding how to exercise its discretion, the Court may also consider such factors as the nature and extent of the applicant's interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to . . . the just and equitable adjudication of the legal question presented." *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.D.C. 2010) (quotations omitted).

## IV.    ARGUMENT

### A.    Delaney lacks Article III standing to intervene.

Delaney has not demonstrated that he has the requisite Article III standing to intervene in this case. While defendants typically need not show Article III standing, intervention poses a special case: Where a party tries to intervene as another defendant, the D.C. Circuit has required it

to demonstrate Article III standing because otherwise, "any organization or individual with only a philosophic identification with a defendant—or a concern with a possible unfavorable precedent— could attempt to intervene and influence the course of litigation." *Deutsche Bank Nat'l. Trust Co. v. FDIC*, 717 F.3d 189, 195 (D.C. Cir. 2013) (Silberman, J., concurring). That is precisely the scenario here: Delaney has not demonstrated any injury-in-fact he will suffer as a consequence of Plaintiff's suit, nor has he demonstrated that he could redress any hypothetical injury through intervention. Rather, he has merely aired his own personal animus toward WilmerHale and his agreement with the President's retributive Executive Order against WilmerHale. This does not support standing to intervene.

Delaney's sole attempt to demonstrate Article III standing consists of his statement that "[l]osing this lawsuit would be a significant injury to Delaney, who was protected by President Trump's executive order against the corrupt Wilmer Hale." ECF 11 at 8. This fails to establish Delaney's standing for multiple reasons.

*First*, Delaney has not identified any injury-in-fact. Such injury must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). Delaney's vague claim that he will somehow lose protection absent the WilmerHale Order does not identify any imminent, non-hypothetical injury to Delaney. That Order contains provisions facilitating the revocation of security clearances from WilmerHale employees; review and termination of WilmerHale's government contracts; actions related to WilmerHale's compliance with race and sex-based discrimination laws; and prohibitions on WilmerHale attorneys' access to federal building and federal employment. Compl. ¶ 117. Delaney does not explain how a failure to enforce these provisions causes him any cognizable injury.

*Second*, because Delaney has not identified any harm he will suffer absent the WilmerHale Order (or any law firm EO), he necessarily has not identified any "causal connection between the injury and the conduct complained of," *id.*—in this instance, Plaintiff's lawsuit seeking declaratory and injunctive relief on behalf of the ABA's members and their law firms. Indeed, to the extent an injunction barring enforcement of the WilmerHale Order would cause harm to Delaney, that harm has *already* been caused by the injunction already ordered by another court in another case. *See WilmerHale v. EOP*, --- F. Supp. 3d ---, 2025 WL 1502329.

*Third*, Delaney has not shown that it is "likely," as opposed to merely "speculative," that his injury will be "redressed by a favorable decision." *Id.* at 561 (citation omitted). That is, even if failure to enforce the WilmerHale Order presented a cognizable injury to Delaney (it does not), his injury is not likely to be redressed by his intervention in this case. As explained above, another court in this district has already held that the WilmerHale Order is unconstitutional and has granted an injunction barring its enforcement. *See supra*, p.3. Were this Court to grant Delaney's proposed motion to dismiss Plaintiff's complaint here, that dismissal would have no effect on the already-enjoined WilmerHale Order. The real relief Delaney appears to seek is enforcement of the WilmerHale Order—relief which he cannot possibly obtain through intervention in this suit.

Delaney has not established Article III standing as required for intervention. The Court should thus deny his motion to intervene.

## B.    Delaney is not entitled to intervene as of right under Rule 24(a).

Though the Court need not progress to the merits of Delaney's intervention request, his motion fails there, too. Intervention as of right requires a timely motion; that the party seeking to intervene has an interest relating to the transaction which is the subject of the action; that disposition of the action may, as a practical matter, impair or impede the intervening party's ability

to protect that interest; and that the party's interest is not adequately represented by existing parties. *Perciasepe*, 714 F.3d at 1322–23.

Plaintiff does not contest the timeliness of Delaney's motion—but his success on the relevant factors ends there. Delaney has not identified any interest relating to the subject of this action beyond his own personal desire to see the Executive Order against WilmerHale enforced (an order which, again, has already been enjoined in a separate matter). Delaney does not identify any manner in which enforcement or nonenforcement of the WilmerHale Order impacts him. He asserts a "direct interest in the favorable President Trump's executive order preventing him from continue [sic] being subject to Wilmer Hale's misuse of the federal government and the judiciary," but does not identify how he supposedly is or has been harmed by any such alleged misuse. ECF 11 at 5–6. He also states an "interest in preserving President Trump's executive order against corrupt law firms," ECF 11 at 6—but as already explained, this "interest" is no more than Delaney's philosophical agreement with those orders. That does not suffice to support intervention as a party to this action. *See, e.g., Anand v. U.S. Dep't of Health & Human Services*, No. CV 21-1635 (CKK), 2022 WL 2753244, at *2 (D.D.C. Jan. 19, 2022) (a general "interest" in the subject matter of a suit is not an interest sufficient to support intervention).

Delaney's request fails for another reason: Even if his agreement with President Trump's retaliatory law firm Executive Orders demonstrated a cognizable an interest in this case, that interest is already well represented by the existing government defendants, which include both the Executive Office of the President, the DOJ, and the Attorney General. "Although an intervenor's burden of showing inadequacy of representation is minimal, a presumption of adequate representation exists if both the intervenor and existing party have the same ultimate objective." *HRH Services LLC v. Travelers Indem. Co*., No. 23-CV-02300 (JDB), 2024 WL 4699925, at *9

7

(D.D.C. Nov. 6, 2024). That is the case here. Delaney seeks to avoid a ruling in this case that would bar enforcement of previously entered law firm EOs (most notably, the WilmerHale Order), notwithstanding the fact that every previously challenged law firm EO has already been enjoined. The Executive Office of the President, represented by the DOJ, zealously defended the President's law firm EOs each time a target law firm challenged such an Order in court—and the President has already appealed the summary judgment decision enjoining the EO against Perkins Coie. Accordingly, Delaney's interest in the enforceability of those EOs and the interest of the President and DOJ are entirely aligned.

Delaney nevertheless claims his interests are not adequately represented because he "has additional evidence of and direct experience with Wilmer Hale's and other law firms' violations of federal law," and because the DOJ represents the government rather than "private parties and beneficiaries of the executive order such as Delaney." ECF 11 at 6–7. With regard to Delaney's claimed "additional evidence," that does not assert any separate *interest* in this litigation—it claims additional information that Delaney believes is relevant to supporting exactly the same interest in defending the President's retaliatory law firm EOs. And Delaney has not identified any unique interest he holds as a private party that is not represented by the DOJ in its capacity as the government's representative.

### C.    This Court should deny Delaney's request for permissive intervention under Rule 24(b).

Delaney's motion contains a perfunctory two sentences at the end of the argument asking that, should the Court deny intervention as of right, it should nonetheless exercise its discretion to grant him intervention under Rule 24(b). ECF 11 at 7. Delaney has not pointed to any independent subject matter basis for his intervention. But assuming he intends to proceed under federal question jurisdiction, this Court has explained that "[d]istrict courts have the discretion . . . to deny a motion

for permissive intervention even if the movant established an independent jurisdictional basis, submitted a timely motion, and advanced a claim or defense that shares a common question with the main action." *Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 323 F.R.D. 54, 66 (D.D.C. 2017). In this case, Delaney's intended defense appears to be—among other things—that the President has the authority to issue retaliatory law firm EOs. *See* ECF 13 at 2 (proposed motion to dismiss asserting that "discretion over government contracts and security clearances" are "core executive functions"). That is the same defense asserted by the President in prior law firm EO litigation—and presumably a defense it will assert here.

The fact that Delaney's interests—to the extent he has any—are adequately represented by the existing Government Defendants weighs against permissive intervention. *Aristotle Int'l*, 714 F. Supp. 2d at 18. And as in *Cigar Association of America*, Delaney's participation as an intervenor "is not essential for the 'just and equitable adjudication of the legal question[s] presented.'" 323 F.R.D. at 66 (quoting *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015)). Delaney's proposed motion to dismiss underscores this point: The motion seeks to dismiss Plaintiff's complaint on the bases of standing, jurisdiction, and failure to state a claim, all of which the Government Defendants are equally well-situated to raise.

## V.    CONCLUSION

The Court should deny Delaney's Motion to Intervene.

Dated: July 8, 2025

/s/ Stephen Shackelford
Stephen Shackelford, Jr. (D.C. Bar #NY0443)
Beatrice Franklin*
Jillian Hewitt (*Admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330
sshackelford@susmangodfrey.com
bfranklin@susmangodfrey.com

jhewitt@susmangodfrey.com

Neal Manne (D.C. Bar #357012)
Barry Barnett*
Harry Susman*
Justin A. Nelson (D.C. Bar#490347)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
nmanne@susmangodfrey.com
bbarnett@susmangodfrey.com
hsusman@susmangodfrey.com
jnelson@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
dbrook@susmangodfrey.com

Jordan Connors*
Steve Seigel (D.C. Bar#D00473)
Katherine Peaslee*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: 206-516-3880
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
kpeaslee@susmangodfrey.com

*pro hac vice forthcoming

*Attorneys for Plaintiff American Bar Association*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered participants and served the foregoing on Proposed Intervenor Andrew Delaney by email and certified mail.

<u>/s/ *Stephen Shackelford, Jr.*</u>
Stephen Shackelford, Jr.