IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------x
AMERICAN BAR ASSOCIATION,

                    *Plaintiff,*                  Case No. 1:25-cv-01888

v.                                                     Hon. Amir H. Ali

EXECUTIVE OFFICE OF THE PRESIDENT ET AL.,

                    *Defendants.*
---------------------------------------------------------------------x

<u>REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE</u>

    Andrew Delaney ("Intervenor") states in reply to the American Bar Association ("Plaintiff"):

    Plaintiff's counsel Susman Godfrey LLP, which has a conflict of interest since it was one of the seven law firms affected by the President's Executive Orders, lies about Intervenor in order to prevent his important participation in the case.

    Of course, according to Plaintiff and Susman Godfrey, anyone who is not an "Am Law 100" law firm cannot possibly have Article III standing. It goes exactly to the point about how the President's Executive Orders are attempting to curtail big corporate law firm's control of access to the federal courts and agencies, including in three cases in which Intervenor is a counterparty against them.

    This opposition comes from a law firm, Susman Godfrey, which flooded this Court with 58 amicus briefs in its lawsuit against the Executive Office of the President, with none for the other side (Illinois, Massachusetts, New Jersey, Arizona,

1

California, Colorado, Connecticut, Delaware, Columbia, Hawaii, Maine, Maryland, Michigan, Minnesota, Nevada, New Mexico, New York, Oregon, Rhode Island, Vermont, American Federation of Teachers, American Association of University Professors, Center for Civil Rights and Critical Justice, Race and Law Centers, 366 Former Judges, Lawyers' Committee for Civil Rights under Law, Past Presidents of the DC Bar, NAACP Legal Defense & Educational Fund, Inc., 23 Nongovernmental Organizations, 777 Solo & Small Firm Lawyers, Washington Lawyers Committee for Civil Rights and Urban Affairs, Public Interest Law Center, Chicago Lawyers Committee for Civil Rights under Law, Mississippi Center for Justice Lawyers Committee for Civil Rights of the San Francisco Bay Area Bar Associations, Protect Democracy Project, American Civil Liberties Union, American Civil Liberties Union of the District Of Columbia, Cato Institute, Center for Individual Rights, Electronic Frontier Foundation, Foundation for Individual Rights and Expression, Institute for Justice, Knight First Amendment Institute at Columbia University, National Coalition Against Censorship, Reporters Committee for the Freedom of the Press, Rutherford Institute Society for the Rule Of Law, Institute Legal Ethics Professors, Georgetown University Law Center, Former Senior Government Officials, Litigation Firms, Lawyer Membership Associations, 1129 Law Students, and 51 Law Student Organizations.) *Susman Godfrey LLP v. Executive Office of the President et al.*, 1:25-cv-01107-LLA (D.D.C. filed April 11, 2025).

In support of its opposition to Intervenor's intervention, Susman Godfrey goes on and on with lies clearly written by another of the seven law firms, Wilmer, Cutler, Pickering, Hale and Dorr LLP ("Wilmer Hale"). The only relevance of the cited lawsuit brought by Wilmer Hale's agent is it was shopped to a former Wilmer Hale partner, Judge Lewis Liman, whose recusal Wilmer Hale opposed. Also, it is notable that Susman Godfrey cites that the witness in the case was Judge Liman's former partner, Michael R. Heyison.

Although it is not relevant here, Susman Godfrey mischaracterizes the *Beres v. RELX, Inc.* Case. Plaintiff claims that Intervenor filed a lawsuit against WilmerHale's client, disclosing confidential information. However, search results indicate that *Beres v. RELX, Inc.* involved a dismissal with prejudice of a complaint filed by Beres, not Intervenor, against RELX. The case details and the actions described related to disclosing confidential information are inaccurate based on the provided information.

Plaintiff also provides inaccurate and misleading information about Executive Order 14250. It states President Trump signed Executive Order 14250, "Addressing Risks from WilmerHale", on March 27, 2025. While the signing date is correct, the text omits crucial details about the content and effects of this Executive Order ("EO"). The EO involved suspending security clearances, restricting access to government buildings, limiting engagement with Wilmer Hale employees, and reviewing contracts.

Moreover, Plaintiff lies about, is ambiguous about, and misrepresents Intervenor's actions. It does not specify the nature or content of these actions in detail, potentially allowing for misinterpretations or oversimplifications.

It oversimplifies and does not provide relevant information about the *Wilmer Hale v. EOP,* 1:25-cv-00917 (D.D.C. date filed March 28, 2025) case. Also, there was no opposition from any party to Intervenor's intervention in that case.

Plaintiff misrepresents "judicial decisions summarizing Delaney's litigations relating to his employment as a contract attorney for Wilmer Hale." The dates for most of the cases and supposed "orders" are also incorrect. As to the supposed "granting of H2C's motion to dismiss Delaney's counterclaims in *HC2, Inc. v. Delaney,"* the context within the larger summary suggests inaccuracies regarding the details of the Wilmer Hale litigation.

Dishonestly, Susman Godfrey states "On June 27, the WilmerHale court denied Delaney leave to file his motion to intervene in that case. 6/27/25 Minute Order, *WilmerHale v. EOP*, 1:25-cv-00917-RJL (D.D.C.)." To mislead this Court with its lies, Susman Godfrey makes it sound as if Intervenor's intervention was denied on the merits when in fact Judge Richard J. Leon denied it solely due to the case being closed. Docket 121 reads "Leave to file is denied. The filer is not a party to this case and this case is closed. SO ORDERED. Signed by Judge Richard J. Leon on 6/27/2025."

4

The initial statement, "All would-be intervenors must demonstrate Article III standing," is not correct. Intervenors seeking to advance the claims of a party who already has standing generally do not need to show independent Article III standing. The requirement for Article III standing for intervenors depends on the type of intervention sought.

Plaintiff is incorrect in stating that a putative intervenor seeking permissive intervention under Rule 24(b) must present an independent ground for subject matter jurisdiction. While a timely motion and a common question of law or fact are required, an independent jurisdictional basis is not a prerequisite for permissive intervention.

Plaintiff's argument dismisses Intervenor's assertion of standing based on the potential loss of the lawsuit and his "protection" by the executive order, deeming it insufficient. But the excerpt does not elaborate on the specific reasons why this assertion fails.

Intervenor has suffered a concrete, particularized, and imminent injury-in-fact under *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). He specifically demonstrated how the failure to enforce the Wilmer Hale Order provisions causes him a personal, non-speculative harm that is either occurring now or is certainly about to occur.

Plaintiff argues that any harm Intervenor might suffer from the "WilmerHale Order" (or law firm EO) is already addressed by an injunction in a separate case.

5

However, the existence of an injunction in one case does not automatically negate a party's potential injury or their ability to seek relief in a different case, especially if the injuries or the desired relief are distinct.

It further claims that even if Intervenor had a cognizable injury, his injury would not be redressed by intervening in this specific case. However, an intervenor's purpose is to protect his or her own interests, which might not be adequately represented by the existing parties. Since Intervenor's interests are directly impacted by the lawsuit's outcome, intervention is a mechanism for him to protect those interests.

Plaintiff appears to assume the Wilmer Hale Order is currently enforceable against Intervenor, even though another court has already found it unconstitutional and enjoined its enforcement. It heavily relies on the existing injunction in the *WilmerHale v. EOP* case to argue that Intervenor's concerns are already resolved.

The argument opposing Intervenor's intervention request, while seemingly structured around the elements of Federal Rule of Civil Procedure 24(a)(2), presents several points that could be considered incorrect or weak. The argument dismisses Intervenor's stated interests - his "personal desire to see the Executive Order against WilmerHale enforced," his supposed harm from Wilmer Hale's "misuse of the federal government and the judiciary," and his desire to preserve the Executive Order against "corrupt law firms" - as merely "philosophical agreement" insufficient to support intervention. However, courts generally consider the practical and

6

equitable implications of a case to determine whether a party has a sufficient interest to intervene. While a purely philosophical interest might not suffice, since Intervenor can demonstrate a concrete and direct impact on his own legal rights or position stemming from the Executive Order and the underlying legal dispute, his interest is more than just philosophical and, therefore, a sufficiently protectable interest under the rule.

Plaintiff's argument doesn't explicitly address how the disposition of the action might, as a practical matter, impair or impede Intervenor's ability to protect his interest. Plaintiff claims that Intervenor seeks to avoid a ruling that would bar enforcement of law firm EOs like the WilmerHale Order, despite previous injunctions. This statement misrepresents Intervenor's motivations and the legal context. It's more accurate to say that Intervenor is asserting his individual interests and concerns regarding the enforcement of these executive orders, distinct from the government's stance.

Plaintiff claims that Intervenor's additional evidence doesn't assert a separate interest. While Intervenor may share the goal of seeing the law firm EOs enforced, his claims of additional evidence of specific violations could strengthen the case against the firms and support the government's position.

Plaintiff claims that the Department of Justice (the "DOJ") represents all interests related to enforcing the EOs, including Intervenor's. The DOJ represents the government's interests. While those interests might align with some of

Intervenor's, they are not necessarily identical. The supporting evidence is that the DOJ's primary responsibility is to uphold and enforce federal law, not to represent private parties or beneficiaries of executive orders. Intervenor's stated interests, such as direct experience with alleged violations, go beyond the scope of the DOJ's general representation.

This Court's prior rulings already undermine the enforceability of these executive orders, making the argument that Intervenor is trying to prevent further injunctions less compelling.

The opposition to Intervenor's permissive intervention is also not correct. The argument asserts Intervenor has not pointed to any independent subject matter basis for his intervention. If Intervenor's claims/defenses share a common question of law or fact with the existing action, he does not need a wholly separate jurisdictional basis.

Intervenor's intervention is necessary and would not cause undue delay or prejudice. His arguments are not already being raised by the Government Defendants. Intervenor is able to show that the law firms in question have abused their access to federal offices, their federal contracts, and their security clearances.

RESPECTFULLY SUBMITTED this 8th day of July 2025.

*Andrew Delaney*
Andrew Delaney
Proposed Intervenor

        3430 McKelvey Road PMB 1195 STE L
        Bridgeton, MO 63044
        srview1@gmail.com

cc: All counsel of record (via ECF and email)

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities, and by e-mail.

        *Andrew Delaney*
        Andrew Delaney
        Proposed Intervenor
        3430 McKelvey Road PMB 1195 STE L
        Bridgeton, MO 63044
        srview1@gmail.com