**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION, <br><br> *Plaintiff*, <br><br> v. <br><br> EXECUTIVE OFFICE <br> OF THE PRESIDENT, *et al.*, <br><br> *Defendants*. | Case No. 25-cv-1888-AHA |

**ANSWER TO THE COMPLAINT**

**FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants hereby answer Plaintiff American Bar Association ("ABA")'s Complaint for Declaratory and Injunctive Relief.

1.      This paragraph consists of history about the ABA, to which no response is required.  To the extent a response is deemed required, Defendants lack information sufficient to form a belief as to the truth or falsity of the statement.

2.      This paragraph consists of history about the ABA, to which no response is required.  To the extent a response is deemed required, Defendants lack information sufficient to form a belief as to the truth or falsity of the statement.

3.      This paragraph consists of the ABA's characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, denied.

4.      This paragraph consists of legal conclusions and characterizations of this lawsuit, to which no response is required. To the extent a response is required, this paragraph is denied.

1

5.      This paragraph consists of legal conclusions and characterizations of this lawsuit, to which no response is required. This paragraph also includes quotations from a news article. Defendants refer the Court to that news article for a full and accurate description of its contents and deny any characterization inconsistent therewith. Any other allegation in this paragraph is denied. To the extent a response is required, this paragraph is denied.

6.      This paragraph consists of the ABA's characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

7.      This paragraph consists of characterizations of two executive orders. Defendants refer the Court to those executive orders for a full and accurate description of its contents and deny any characterization inconsistent therewith. The remainder of this paragraph consists of characterizations of this lawsuit, to which no response is required. To the extent a response is required, this paragraph is denied.

8.      This paragraph consists of the ABA's characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

9.      This paragraph characterizes and purports to quote the President's public statements. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith.

10.      This paragraph consists of the ABA's characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

11.      This paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

12.     This paragraph consists of the ABA's characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

13.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied. This paragraph characterizes and purports to quote statements made in court opinions. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith.

14.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also includes quotations from a news article. Defendants refer the Court to that news article for a full and accurate description of its contents and deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

15.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

16.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

17.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

18.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph characterizes and purports to quote statements made in a court hearing. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

19.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph characterizes and purports to quote statements made in a court hearing. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

20.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also includes quotations from the ABA's website.  Defendants refer the Court to that website for a full and accurate description of its contents and deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

21.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

22. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations in this paragraph.

24. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

25. Admitted, except to deny that the Executive Office of the President is a federal agency as that term is used by the Administrative Procedure Act.

26. Admitted to the extent that the "U.S. Department of Justice is a federal agency headquartered in Washington, D.C." Denied as to "Pamela J. Bondi is the Attorney General of the United States."

27. Admitted.

28. Admitted, except to the extent that Andrea Lucas is now the Chair of the Equal Employment Opportunity Commission.

29. Admitted to the extent that the "Office of Personnel Management is a federal agency headquartered in Washington, D.C." Denied as to "Charles Ezell is Acting Director of the Office of Personnel Management."

30. Admitted to the extent that the "General Services Administration is a federal agency headquartered in Washington, D.C." Denied as to "Stephen Ehikian is the Acting Director of the General Services Administration."

31. Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted to the extent that the "Department of Homeland Security is a federal agency headquartered in Washington, D.C." Denied as to "Kristi Noem is the Secretary of Homeland Security."

40.     Admitted.

41.     Admitted to the extent that the "Department of Labor is a federal agency headquartered in Washington, D.C." Denied as to "Lori Chavez-Deremer is its Secretary."

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Admitted to the extent that "Federal Energy Regulatory Commission is a federal agency headquartered in Washington, D.C." Denied as to "Mark C. Christie is its Chairman."

49.     Admitted except to the extent that Geoffrey Starks and Nathan Simington are identified as Commissioners.

50.     Admitted except to the extent that Melissa Holyoak is identified as a Commissioner.

51.     Admitted to the extent that "Internal Revenue Service is a federal agency headquartered in Washington, D.C." Denied as to "William ('Billy') Hollis Long II is its Commissioner."

52.     Admitted except to the extent that Caroline Crenshaw is identified as a Commissioner.

53.     Admitted except to the extent that Coke Morgan Stewart is identified as Acting Director.

54.     Defendants will construe "U.S. Post Office" as the United States Postal Service, which is an independent establishment of the executive branch. Admitted to the extent that the United States Postal Service is "headquartered in Washington, D.C." Denied as to "Doug Tulino is its Acting Postmaster General.

55.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required.  To the extent that a response is required, denied, including the assertion that any relief may be applied "on a government-wide basis."

56.     This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed necessary, Defendants deny this Court has subject-matter jurisdiction.

57.     This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed necessary, Defendants deny this Court has jurisdiction to provide relief.

58.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny this Court may provide relief.

59.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny this Court may provide relief.

60.    This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent a response is deemed necessary, admit.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations in this paragraph.

62.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations in this paragraph.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations in this paragraph.

64.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, including that the President "and his administration have adopted and implemented the Law Firm Intimidation Policy, pursuant to which he has used the power of the Executive to take aim at law firms he disfavors," to which no response is required. The "Law Firm Intimidation Policy" is also ABA's characterization of a series of executive orders referenced in the complaint.  Defendants refer the Court to the executive orders referenced in the complaint for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Moreover, this paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is otherwise required, this paragraph is denied.

8

65. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, including "pursuant to the Policy, the President is targeting law firms who have engaged in some expressive conduct disfavored by him," to which no response is required. To the extent a response is required, this paragraph is denied.

66. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

67. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, including "sanctions issued pursuant to the Policy are intended to cripple each targeted law firm's business," to which no response is required. This paragraph also describes and characterizes provisions of various executive orders. Defendants refer the Court to those executive orders for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

68. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph does not otherwise set forth a claim for relief or aver facts in support of a claim to which an answer is required.

69. Admitted. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith.

70. This paragraph describes and characterizes an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is otherwise denied.

71.     This paragraph describes and characterizes an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is otherwise denied.

72.     This paragraph describes and characterizes an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is otherwise denied.

73.     This paragraph characterizes and purports to quote an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is otherwise denied.

74.     This paragraph characterizes and purports to quote a document. Defendants refer the Court to that document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is otherwise denied.

75.     This paragraph characterizes and purports to quote a document. Defendants refer the Court to that document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

76.     This paragraph characterizes and purports to quote public statements made at a recorded event. Defendants refer the Court to those statements for a full and accurate description

10

of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

77. This paragraph characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

78. The first sentence of this paragraph is admitted. The second sentence purports to quote a statement made in a legal filing. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of that statement. To the extent a response is required, the remainder of this paragraph is denied.

79. The first sentence of this paragraph is admitted. The remainder of this paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, any other allegation in this paragraph is denied.

80. The first sentence of this paragraph consists of the ABA's legal conclusions and characterizations of its claims to which no response is required. The second sentence characterizes a statement made in a news article. Defendants refer the Court to that article for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of that statement. To the extent a response is required, this paragraph is denied.

81.    The first two sentences of this paragraph are admitted. This paragraph also characterizes a news article. Defendants refer the Court to that article for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph. To the extent a response is required, the remainder of this paragraph is denied.

82.    This paragraph characterizes and purports to quote statements made in a social media post. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

83.    The first sentence of this paragraph is admitted. The remainder of this paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, the remainder of this paragraph is denied.

84.    This paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

85.    The first sentence of this paragraph is admitted. The remainder of this paragraph characterizes and describes an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

86.     This paragraph characterizes and purports to describe public statements made in a speech. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied

87.     This paragraph describes and characterizes a court document. Defendants refer the Court to that document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph.

88.     This paragraph characterizes statements made in a social media post. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith.  To the extent a response is required, this paragraph is denied.

89.     This paragraph characterizes and describes an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

90.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, including "[i]t made plain that coercing 'the legal profession' in its entirety to realign with the Administration's goals was the animating feature of the Policy," to which no response is required. This paragraph also characterizes and describes an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

13

91.    The first sentence consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and describes an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

92.    This paragraph characterizes and purports to describe statements made in a document. Defendants refer the Court to that document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the statements in this paragraph. To the extent a response is required, this paragraph is denied.

93.    This paragraph characterizes and purports to describe a statement made in a document. Defendants refer the Court to that document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the statement in this paragraph. To the extent a response is required, this paragraph is denied.

94.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

95.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, including "the Paul Weiss Order . . . does not just illustrate the existence of the Law Firm Intimidation Policy—it illustrates that the Policy works," to which no response is required. This first sentence of this paragraph also characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description

14

of their contents and further deny any characterization inconsistent therewith. The second sentence of this paragraph is denied. To the extent a response is otherwise deemed required, this paragraph is denied.

96. This paragraph describes and characterizes statements made in a government document. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith.

97. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote statements made in a news article and legal authority. Defendants refer the Court to the news article and statute for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

98. This paragraph characterizes and purports to quote statements made at a court hearing. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

99. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote statements made in a news article and executive orders. Defendants refer the Court to the news article and executive orders for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

100.    The first sentence of this paragraph is admitted. This paragraph also characterizes and purports to quote statements made in a government memorandum. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, the second sentence of this paragraph is denied.

101.    This paragraph characterizes and purports to quote statements made in a government memorandum. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith.

102.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

103.    This paragraph characterizes and purports to quote statements made in a government memorandum. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. The final sentence characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

104.    This paragraph characterizes and purports to quote statements made in a government memorandum. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. The final sentence of this paragraph consists of the ABA's legal conclusions and characterizations of

16

its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

105.    This paragraph characterizes and purports to quote statements made in a government memorandum. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

106.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

107.    The first sentence of this paragraph is admitted. The remainder of this paragraph characterizes and purports to quote an executive order. Defendants refer the Court to the executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, the remainder of this paragraph is denied.

108.    The first sentence of this paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. The second sentence characterizes and purports to quote an executive order. Defendants refer the Court to the executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

109.    This paragraph characterizes an executive order. Defendants refer the Court to the executive order for a full and accurate description of its contents and further deny any

characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

110.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, including "[a] fact sheet . . . makes clear that the Executive Order was issued as part of the ongoing Policy by the President to retaliate against law firms," to which no response is required. This paragraph also characterizes and purports to quote a document. Defendants refer the Court to the document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

111.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote news articles. Defendants refer the Court to the news articles for a full and accurate description of its contents and further deny any characterization inconsistent therewith.  To the extent a response is required, this paragraph is denied.

112.    This paragraph describes and characterizes a court document. Defendants refer the Court to that document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, this paragraph is denied.

113.    This paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

114.    This paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

115.    The first sentence of this paragraph is admitted. The remainder of this paragraph characterizes and purports to quote an executive order. Defendants refer the Court to the executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, the remainder of this paragraph is denied.

116.    The first sentence of this paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote an executive order. Defendants refer the Court to the executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

117.    This paragraph characterizes and purports to quote an executive order. Defendants refer the Court to the executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

118.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to describe statements made in a document. Defendants refer the Court to those statements for a full

and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

119.    The first three sentences of this paragraph are admitted. The remainder of this paragraph characterizes and purports to quote statements made in a court opinion. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is otherwise denied.

120.    Admitted.

121.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote public statements made at a recorded event. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

122.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote public statements made at a recorded event. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

123.    This paragraph purports to quote an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith.

124.    This paragraph characterizes an executive order. Defendants refer the Court to the executive order for a full and accurate description of its contents and further deny any

20

characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

125. This paragraph characterizes a document. Defendants refer the Court to the document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

126. Admitted.

127. This paragraph characterizes and purports to quote statements made at a court hearing. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

128. Admitted.

129. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

130. This paragraph characterizes statements made in a social media post. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. The final sentence of this paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

131. This paragraph characterizes statements contained in a news article. Defendants refer the Court to that article for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

132.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

133.    This paragraph characterizes statements made in a social media post. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

134.    This paragraph characterizes statements made in an online article. Defendants refer the Court to that article for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

135.    This paragraph characterizes statements made in a social media post. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

136.    This paragraph characterizes statements made in an online article. Defendants refer the Court to that article for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

137.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

138.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes public statements reported in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

139.    This paragraph characterizes public statements made at a recorded event. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith.

140.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes public statements reported in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

141.    This paragraph characterizes statements made in social media posts and in a government press release. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

142.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes statements made in an online article. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

23

143. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes statements made in court opinions and at a court hearing. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

144. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes public statements made at a recorded event. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

145. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

146. This paragraph purports to quote a public statement as reported in a news article. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

147. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

148. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also purports to quote a statement as reported in an online article. Defendants refer the Court to that statement for a full and accurate

24

description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

149. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote public statements made at a recorded event. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

150. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote public statements made at a recorded event. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

151. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote public statements made at a recorded event. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

152. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote a statement as reported in an online article. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

153.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes statements in an news article. Defendants refer the Court to those statements for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

154.    This paragraph characterizes an executive order. Defendants refer the Court to that executive order for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

155.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote a statement as reported in an online article. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

156.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote a statement as reported in an online article. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

157.    This paragraph characterizes a government memorandum. Defendants refer the Court to that memorandum for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

158.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

159.    Admitted that the President has issued five law firm executive orders and rescinded one such executive order. The remainder of this paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, the remainder of this paragraph is denied.

160.    The first sentence of this paragraph is denied. The third sentence of this paragraph characterizes and purports to quote a statement made by the President. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. The remainder of this paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, the remainder of this paragraph is denied.

161.    This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote statements made by the President and the White House Staff Secretary. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

162.    This paragraph characterizes and purports to quote a statement made by the President. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

163.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote a statement made by the President at a recorded event. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

164.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote statements made in two executive orders. Defendants refer the Court to those executive orders for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

165.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote statements made in a government memorandum. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

166.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

167.     This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full

and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

168. This paragraph characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

169. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. The paragraph further contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

170. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. This paragraph also characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, this paragraph is denied.

171. The first and fifth sentences of this paragraph describe court orders and legal filings to which Defendants refer the Court to those dockets for a full and accurate description of those orders and further deny any characterization inconsistent therewith. The second, third, fourth, and sixth sentence consist of the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

172.    This paragraph characterizes and purports to quote statements made in a legal filing. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent this paragraph consists of the ABA's legal conclusions and characterizations of its claims, no response is required. To the extent a response is required, denied. Moreover, to the extent the paragraph consists of the ABA's characterization of its putative injuries, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

173.    This paragraph characterizes and purports to quote statements made in a legal filing. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. This paragraph also consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied. This paragraph also consists of the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations regarding the ABA's injuries.

174.    This paragraph characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Moreover, this paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, those allegations are denied. This paragraph also consists of the ABA's characterization of its putative injuries, to which no response is required.

30

To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

175. This paragraph characterizes and purports to quote statements made in an online article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. This paragraph also consists of the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

176. This paragraph characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Moreover, to the extent this paragraph consists of the ABA's legal conclusions and characterizations of its claims, no response is required. To the extent a response is required, those allegations are denied. This paragraph also consists of the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

177. This paragraph characterizes and purports to quote statements made in a news segment. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Moreover, to the extent this paragraph consists of the ABA's legal conclusions and characterizations of its claims, no response is required. To the extent a response is required, those allegations are denied.

178. This paragraph characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full and accurate description of their

31

contents and further deny any characterization inconsistent therewith. Moreover, to the extent this paragraph consists of the ABA's legal conclusions and characterizations of its claims, no response is required. To the extent a response is required, those allegations are denied. This paragraph also consists of the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

179.    This paragraph characterizes and purports to quote statements made in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Moreover, to the extent this paragraph consists of the ABA's legal conclusions and characterizations of its claims, no response is required. To the extent a response is required, those allegations are denied. This paragraph also consists of the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

180.    This paragraph characterizes and purports to quote statements made in a news article and a law firm website. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Moreover, to the extent this paragraph consists of the ABA's legal conclusions and characterizations of its claims, no response is required. To the extent a response is required, those allegations are denied. This paragraph also consists of the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

181. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied. This paragraph also consists of the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

182. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied. To the extent this paragraph also consists of the ABA's characterization of its putative injuries, no response is required. To the extent a response is required as to those characterizations, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

183. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied. To the extent this paragraph also consists of the ABA's characterization of its putative injuries, no response is required. To the extent a response is required as to those characterizations, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

184. This paragraph consists of the ABA's legal conclusions and characterizations of its claims, to which no response is required. To the extent a response is required, this paragraph is denied.

185. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent this paragraph consists of the ABA's legal conclusions and characterizations insofar that it claims that "the President adopted the Law Firm

Intimidation Policy," no response is required. To the extent a response is required, this allegation is denied. This paragraph also contains the ABA's characterization of its putative injuries, to which no response is required.

186.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. This paragraph also contains the ABA's characterization of its putative injuries, to which no response is required.

187.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding "being targeted with a retaliatory executive order pursuant to the Law Firm Intimidation Policy," no response is required. To the extent a response is otherwise required, this allegation is denied.

188.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding concerns about "a retaliatory executive order from President Trump" and "the firm's credible fear of retaliation by the President," no response is required. To the extent a response is required, such allegations are denied.

189.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. This paragraph also contains the ABA's characterization of its putative injuries, to which no response is required.

190.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding a "Law Firm Intimidation Policy," no response is required. To the extent a response is required, such allegations are denied. This paragraph also contains the ABA's characterization of its putative injuries, to which no response is required.

191.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding "the credible possibility of being targeted with a retaliatory executive order pursuant to the Law Firm Intimidation Policy," no response is required. To the extent a response is required, such allegations are denied.

192.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. This paragraph also contains the ABA's characterization of its putative injuries, to which no response is required.

193.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding a "Law Firm Intimidation Policy," no response is required. To the extent a response is required, such allegations are denied. This paragraph also contains the ABA's characterization of its putative injuries, to which no response is required.

194.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding "the possibility of being targeted with a retaliatory

35

executive order" and the "implementation of the Law Firm Intimidation Policy," no response is required. To the extent a response is required, such allegations are denied.

195. This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding a firm's "reasonable fear that it will be subjected to unlawful retaliation pursuant to the [Law Firm Intimidation] Policy," no response is required. To the extent a response is required, such allegations are denied.

196. This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding a "firm's reluctance to be involved in [a] case as co-counsel is the firm's fear of retaliation by the President pursuant to the Law Firm Intimidation Policy," no response is required. To the extent a response is required, such allegations are denied.

197. This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

198. This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

199.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding "the President's retaliatory targeting of law firms because of the nature of the work they are or have been engaged in" and "lawyers at their firm are concerned that the firm . . .could . . . be targeted for no other reason than as punishment or retaliation for the clients the firm represents and the positions the firm takes on their behalf," no response is required. To the extent a response is required, such allegations are denied.

200.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding "the credible possibility of being targeted pursuant to the Law Firm Intimidation Policy," no response is required. To the extent a response is required, such allegations are denied.

201.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding "the ABA has also been harmed directly as a result of the Law Firm Intimidation Policy," no response is required. To the extent a response is required, such allegations are denied.

202.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions

and characterizations regarding "the implementation of the Law Firm Intimidation Policy," no response is required. To the extent a response is required, such allegations are denied.

203.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding "the implementation of the Law Firm Intimidation Policy" and "the ABA reasonably believes that the firm's unwillingness to represent the ABA in the matter is a result of the firm's reasonable fear of unlawful retaliation pursuant to the Policy," no response is required. To the extent a response is required, such allegations are denied.

204.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding the "implementation of the Law Firm Intimidation Policy" and that "the ABA reasonably believes that the firm's unwillingness to represent the ABA is a result of the firm's reasonable fear of unlawful retaliation by the President," no response is required. To the extent a response is required, such allegations are denied.

205.    This paragraph contains the ABA's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent this paragraph consists of the ABA's legal conclusions and characterizations regarding the "implementation of the Law Firm Intimidation Policy" and that "the ABA reasonably believes

that many firms' unwillingness to represent the ABA in the matter is a result of the firms' reasonable fear of unlawful retaliation by the President," no response is required. To the extent a response is required, such allegations are denied.

206.    Defendants incorporate by reference their responses to the preceding paragraphs.

207.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

208.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

209.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

210.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

211.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

212.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

213.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

214.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

215.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

216.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

217.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

218.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

219.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

220.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

221.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

222.    Defendants incorporate by reference their responses to the preceding paragraphs.

223.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

224.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

225.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

226.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

227.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

228.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

229.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

230.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

231.    Defendants incorporate by reference their responses to the preceding paragraphs.

232.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

233.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

234.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

235.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

236.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

237.    Defendants incorporate by reference their responses to the preceding paragraphs.

238.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

239.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

240. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

241. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

242. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

243. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

244. Defendants incorporate by reference their responses to the preceding paragraphs.

245. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

246. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

247. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

248. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

249. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

250. Defendants incorporate by reference their responses to the preceding paragraphs.

251. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

252. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

253. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

254. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

255. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

256. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

257. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

258. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

259. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

260. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

261. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

262. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

263. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

264. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

265. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

266. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

267. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

268. The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

269. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

270. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

271. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

272. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

273. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

274. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

275. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

276. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

277. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

278. This paragraph consists of Plaintiff's Prayer for Relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

Defendant further denies all allegations in Plaintiff's complaint not expressly admitted or denied.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's claims fall outside the scope of this Court's subject-matter jurisdiction.

2.      Plaintiff fails to state a claim on which relief can be granted.


Dated: May 12, 2026                           Respectfully submitted,

                                              BRETT A. SHUMATE
                                              Assistant Attorney General, Civil Division

                                              ALEXANDER K. HAAS
                                              Director, Federal Programs Branch

                                              JOSEPH E. BORSON
                                              Assistant Branch Director, Federal Programs Branch

                                              */s/ James J. Wen*
                                              JAMES J. WEN (NY Bar No. 5422126)
                                              M. JARED LITTMAN
                                              Trial Attorneys
                                              U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street NW
                                              Washington, DC 20005
                                              Phone: (202) 616-8185
                                              Email: james.j.wen@usdoj.gov

                                              *Attorneys for Defendants*