UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN BAR ASSOCIATION,

 *Plaintiff,*

 v.

EXECUTIVE OFFICE OF THE PRESIDENT,
et al.,

 *Defendants.*

Civil Case No. 1:25-cv-01888-AHA

## JOINT DISCOVERY AND CASE MANAGEMENT REPORT

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and Local Rule 16.3, the Parties submit this joint discovery and case management report.

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

No dispositive motion remains pending.

Plaintiff presently intends to file a motion for summary judgment on some or all claims.

Defendants intend to file a motion for summary judgment.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that, absent good cause, all additional parties should be joined by May 29, 2026. As discovery progresses, the Parties will confer as to whether stipulations may be achievable.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

1

Not applicable.

**4.     Whether there is a realistic possibility of settling the case.**

Not at this time, but the parties will assess the possibility of settlement as litigation in this case progresses.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiff's counsel has discussed ADR with Plaintiff prior to responding to this provision of Local Civil Rule 16.3(c). Defendant's counsel has discussed ADR with Defendant prior to responding to this provision of Local Civil Rule 16.3(c). The Parties do not believe neutral evaluation of the case would be beneficial at this time.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff anticipates this case may be resolved by Plaintiff's intended summary judgment motion to be filed after the close of discovery.

Plaintiff proposes the following dates for summary judgment briefing.

- Plaintiff's dispositive motion due by March 12, 2027

- Defendants' opposition and cross-motion due by April 2, 2027

- Plaintiff's opposition to Defendants' cross-motion and reply in support of Plaintiff's motion due by April 23, 2027.

- Defendants' reply in support of Defendant's affirmative motion due by May 7, 2027.

- Hearing (subject to the Court's availability) May 28, 2027.

**Defendants' Position**:

Defendant anticipates filing a motion for summary judgment on the merits, as Defendant believes that this case can be decided by way of a dispositive motion after close of discovery.

In acknowledgment of the difficulty of foreseeing current schedules approximately one year from now, Defendants propose that the parties submit a summary-judgment briefing schedule within fourteen days after the close of discovery.

**7.    Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties will exchange disclosures under Rule 26(a)(1) on June 12, 2026.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties anticipate serving written discovery on each other to include document requests, interrogatories, and requests for admission. The Parties anticipate the submission of a proposed stipulated protective order. The Parties propose to have fact discovery completed by November 12, 2026. The Parties will abide by the Federal Rules of Civil Procedure respecting limits on interrogatories and depositions.

The parties agree to the following limits on discovery:

- **Depositions**: 10 per side. Any party may seek modification of this limit upon a showing of good cause.

The parties disagree on Defendants' proposal to limit the number of interrogatories.

**Plaintiff's Position on Defendants' Request to Limit Interrogatories**: Federal Rule of Civil Procedure 33 provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other *party* no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1) (emphasis added). The per-*party* limits of Rule 33 stand in contrast to the per-*side* limits on depositions set forth in Rule 30(a)(2)(A)(i), which imposes a presumptive cap of no "more than 10 depositions being taken under this rule or Rule 31 by *the plaintiffs, or by the defendants, or by the third-party defendants*." Even so, and with due consideration to Defendants' request that Plaintiff stipulate to a cap on interrogatories in light of the number of Defendant parties at issue in this case (30 total, including the Executive Office of the President and 29 non-EOP agencies), Plaintiff is willing to agree to the following limitations:

- 15 interrogatories directed to the Executive Office of the President

- 29 interrogatories directed to all non-EOP agencies, of which Plaintiff may serve up to 10 "common interrogatories" (*i.e.*, a single interrogatory served on more than one Defendant).

Plaintiff offers this compromise proposal in the interest of ameliorating Defendants' claimed burden of responding to 25 interrogatories for each Defendant party, while ensuring the ability to obtain responses from all Defendant agencies through the use of a limited number of common interrogatories, which may include contention interrogatories for which the answer is likely to be the same for all Defendant parties.

**Defendants' Position**:

Plaintiff proposes allowing the service of "common" interrogatories—which Defendants understand to refer to identically phrased interrogatories served individually on each of the 29 non-EOP defendant agencies—to count as one interrogatory against the agreed-upon numerical limit.

Defendants submit that this proposal for "common" interrogatories is contrary to the per-party limits contemplated under the Federal Rules.  *See* Fed. R. Civ. P. 33(a)(1).    Nonetheless, Defendants propose that Plaintiff may serve no more than five common interrogatories, with the remaining 24 interrogatories to be allocated among the 29 non-EOP defendants as Plaintiff sees fit.  Permitting service of ten "common" interrogatories would require Defendants to respond to 290 separate interrogatories.  And while Defendants acknowledge there may be certain efficiencies in responding to the same set of interrogatories (and presumably, definitions and instructions), each defendant agency would nonetheless have to individually research and provide a signed response on behalf of each individual agency.  This burden is not likely to be significantly resolved simply because other agencies must respond to the same interrogatory.  Moreover, given that Plaintiff substantially lacks undifferentiated allegations in their complaint about the specific activities of the individual non-EOP defendants, *see* Compl. ¶ 24 ("Other named Defendants have contracts with law firm clients are likely to be directed by future Law Firm Orders to take actions . . . that are aimed at harming those clients' relationships with one or more firms subject to future Law Firm Orders"), and given the sheer number of non-EOP defendants, responding to so many interrogatories as a matter of course is likely to be unduly burdensome.

**9.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties have discussed the issue of electronically stored information and have agreed to work in good faith to manage the scope and production of such materials. The Parties agree that documents should be produced in native format but may confer in good faith on producing electronic records in text-readable Portable Document Format (PDF) unless production in that format will degrade the information contained in a document or the accessibility or usefulness of the document (e.g., Excel and PowerPoint will be produced in native format).

In the absence of an agreement on other issues regarding discovery of electronically stored information, the Parties shall be bound by the Federal Rules of Civil Procedure.

**10.    Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

As noted, the Parties agree that a protective order governing the exchange of confidential information is appropriate and will submit a proposed protective order as soon as practicable after entry of the discovery schedule. The Parties intend to address any potential claw-back provision for privileged or otherwise protected material when discussing the terms of the proposed protective order. In the absence of agreement as to specific terms, the Parties understand that they would be bound by the Federal Rules of Civil Procedure and Evidence with respect to claims of privilege or other protection as trial-preparation materials.

The parties agree that no logging shall be required for attorney-client privilege and attorney work product materials created after the filing date of the complaint.

**Plaintiff's Proposed Procedure for Early Resolution of Disputes Over Overbreadth and the Assertion of Presidential Communications Privilege:**  Plaintiff additionally notes that during the Parties' Joint Discovery Meeting, Defendants indicated that discovery requests directed to the Executive Office of the President (as contrasted with the federal agency defendants) may draw objections on grounds of the presidential communications form of executive privilege (PCP). Cognizant of the short discovery period (six months), as well as the Constitutional policy disfavoring compelling the Executive to assert such a privilege in the face of overly broad discovery requests, Plaintiff intends to appropriately tailor discovery requests to avoid any potential objections on grounds of overbreadth. Nevertheless, because the Government may not

agree that Plaintiff's requests are sufficiently narrow, Plaintiff proposes an orderly procedure, set forth below, for promptly adjudicating a claim by the Executive that it should not be compelled to invoke the presidential communications privilege in the face of "overly broad discovery requests." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 390 (2004) (explaining that there is "[s]ound precedent in the District of Columbia ... for district courts to explore other avenues, short of forcing the Executive to invoke privilege, when they are asked to enforce against the Executive Branch unnecessarily broad subpoenas").

The below procedure is intended only to address the preliminary issue of a claim by the executive that discovery requested is overbroad. *See Id.* at 387. Once any overbreadth dispute is resolved, and only if the presidential communications privilege is invoked, should disputes over the propriety of the privilege (and whether it may be overcome) be ripe for decision. *See*, *e.g.*, *In re Sealed Case*, 121 F.3d 729, 754 (D.C. Cir. 1997)). Plaintiff objects to including arguments on the merits of any claim of PCP in the overbreadth briefing because a dispute over the merits is only ripe once the privilege has been invoked, and the intent of this briefing procedure is to avoid or substantially narrow disputes that might lead to invocation of the PCP in the first instance.

<u>Plaintiffs' Proposed Procedure for Expedited Resolution of Overbreadth Disputes</u>:

1. If Defendants object to any discovery request served on the Executive Office of the President on the grounds of overbreadth (as set forth in *Cheney*, 542 U.S. 367)—while seeking to retain the right to assert the presidential communications privilege to withhold documents or information sought by such request—Defendants shall promptly raise any overbreadth objection to Plaintiff in writing within 14 days of being served with the request. Upon receipt of the overbreadth objection, the parties shall have an additional 14 days to attempt resolution of Defendants' overbreadth

objection(s) through conferral, *e.g.*, as through modification or narrowing of the request(s).[1]

2. If the parties are unable to resolve the overbreadth dispute, the parties will request a telephone conference with the Court pursuant to Standing Order 4(B) and will not file any discovery-related motion without obtaining the Court's leave pursuant to Standing Order 4(C).

3. Should the Court authorize and the parties proceed with motions to compel and/or motion for a protective order regarding the overbreadth issue, no filing shall exceed 10 pages and responses/replies are due within five business days of the previous filing, unless an extension to the page limit and/or deadline is granted by court order.

**Defendants' Position**:

Defendants agree with the procedure outlined above concerning overbreadth disputes but further proposes that the parties shall endeavor to include all overbreadth issues that may potentially implicate the PCP in one consolidated filing, *i.e.*, to file a single motion addressing the issues specified in paragraph 10(1-3) above.

Defendants further reserve the right to seek mandamus relief as appropriate.

**11.    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The Parties agree that Plaintiff shall disclose, by September 10, 2026, whether Plaintiff intends to rely on any expert witness testimony in this proceeding. [2]

If Plaintiff intends to rely on expert testimony, the Parties agree that Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule

---

[1] Plaintiffs' objective in raising and attempting to resolve any overbreadth disputes before objections and responses are due under Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3), is to avoid Defendants' objections to providing particularized responses (as required by the Federal Rules) until overbreadth concerns are resolved or adjudicated. Once overbreadth issues are resolved or adjudicated, any further disputes concerning PCP shall be governed by the Federal Rules and the Local Civil Rules of this Court.

[2] The Parties agree that should Plaintiff dispense with expert discovery, the Parties will, by no later than September 17, 2026, submit to the Court a joint motion to amend the scheduling order, and will work cooperatively to reach agreement on a briefing schedule for summary judgment.

26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full

disclosures required by Rule 26(a)(2)(C), must be made as follows:

- Identification of experts and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff by November 13, 2026

- Identification of experts and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendants by December 13, 2026

- Expert discovery, including depositions, must be completed by January 29, 2027.

**12.     In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**13.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties do not believe discovery or trial should be bifurcated or managed in phases.

**14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiff proposes a pretrial conference date of June 18, 2027.

Defendants do not expect that a trial or pretrial conference will be necessary because this

action can be resolved by dispositive motion. Defendants suggest that, if necessary, the Pretrial

Conference be held within 60 days after the Court's decision on any dispositive motion.

**15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiff proposes a trial date of 30 to 60 days after the pretrial conference.

Defendants propose that the trial date, if necessary, should be set at the Pretrial Conference.

Dated: May 12, 2026

/s/ Stephen Shackelford
Stephen Shackelford, Jr. (D.C. Bar #NY0443)
Beatrice Franklin (*Admitted pro hac vice*)
Jillian Hewitt (*Admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330
sshackelford@susmangodfrey.com
bfranklin@susmangodfrey.com
jhewitt@susmangodfrey.com

Neal Manne (D.C. Bar #357012)
Barry Barnett*
Harry Susman*
Justin A. Nelson (D.C. Bar#490347)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
nmanne@susmangodfrey.com
bbarnett@susmangodfrey.com
hsusman@susmangodfrey.com
jnelson@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
dbrook@susmangodfrey.com

Jordan Connors*
Steven M. Seigel (D.C. Bar#D00473)
Katherine Peaslee (Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: 206-516-3880

10

jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
kpeaslee@susmangodfrey.com

*pro hac vice* forthcoming

*Attorneys for Plaintiff American Bar Association*

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director, Federal Programs Branch

*/s/ James J. Wen*
JAMES J. WEN (NY Bar No. 5422126)
M. JARED LITTMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8185
Email: james.j.wen@usdoj.gov

*Attorneys for Defendants*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2026, I electronically filed the foregoing JOINT DISCOVERY AND CASE MANAGEMENT REPORT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered participants.

*/s/ Stephen Shackelford, Jr.*
Stephen Shackelford, Jr.