**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN BAR ASSOCIATION,

       *Plaintiff*,

   v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

       *Defendants*.

Civil Action No. 25-01888 (AHA)

### <u>Scheduling Order</u>

Upon consideration of the parties' meet-and-confer report and the discussion at the court's scheduling conference, the court adopts the following schedule: The deadline to amend pleadings or join additional parties is May 29, 2026. The parties shall exchange their initial disclosures required under Rule 26(a)(1) by June 12, 2026. Each side is permitted 10 depositions. Plaintiff may serve 15 interrogatories directed to the Executive Office of the President ("EOP"), 24 interrogatories to be allocated among the non-EOP agency defendants, and 5 common interrogatories directed to all non-EOP agency defendants. If Plaintiff wishes to serve additional interrogatories, the parties shall confer and attempt to reach an agreement before brining any dispute to the court's attention, in accordance with section 4 of the court's standing order. Fact discovery shall close on November 12, 2026.

Plaintiff shall disclose whether it intends to rely on any expert witness testimony by September 10, 2026. If Plaintiff intends to rely on expert testimony, Plaintiff's identification of experts and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures shall be made by November 13, 2026. Defendants' identification of experts and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures shall be

made by December 13, 2026. Expert discovery, including depositions, shall be completed by January 29, 2027.

Within seven days of discovery closing, the parties shall submit a joint status report advising the court whether (a) the parties request referral for mediation or settlement; (b) the parties request a date for a pretrial conference; and (c) dispositive motions are anticipated and, if so, proposing a briefing schedule.

Before bringing a discovery dispute to the court's attention, the parties shall confer in person or by video to attempt to resolve the dispute. If the parties are unable to resolve the dispute after their conference, they shall jointly send an email to the court at Ali_Chambers@dcd.uscourts.gov requesting a telephone conference with the court. The email must provide a clear and concise description of the issues in dispute, and shall propose dates and times for a teleconference to resolve the issues. Counsel shall not file any discovery-related motion without obtaining the court's leave, after conducting the required in-person or video meeting with opposing counsel and making the joint request for a teleconference

The parties shall follow the below procedure for the resolution of any objections Defendants may have on the grounds that the executive branch should not be compelled to invoke the executive privilege, including the presidential communications privilege, in the face of "overly broad discovery requests." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 389 (2004):

1.      If Defendants object to any discovery request served on the Executive Office of the President on the grounds of overbreadth (as set forth in *Cheney*, 542 U.S. 367)—while seeking to retain the right to assert the executive privilege to withhold documents or information sought by such request—Defendants shall promptly raise any overbreadth objection to Plaintiff in writing within 14 days of being served with the request. Upon receipt of the overbreadth objection, the

2

parties shall have an additional 14 days to attempt resolution of Defendants' overbreadth objection(s) through conferral, *e.g.*, as through modification or narrowing of the request(s).

2.      If the parties are unable to resolve the overbreadth dispute, the parties will request a telephone conference with the court pursuant to section 4(B) of the court's standing order and will not file any discovery-related motion without obtaining the court's leave pursuant to section 4(c) of the court's standing order.

3.      Should the court authorize and the parties proceed with motions to compel and/or motion for a protective order regarding the overbreadth issue, no filing shall exceed 10 pages and responses/replies are due within five business days of the previous filing, unless an extension to the page limit and/or deadline is granted by court order.

_____
AMIR H. ALI
United States District Judge

Date:   June 4, 2026

3