# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN BAR ASSOCIATION,

    *Plaintiff,*

    v.

EXECUTIVE OFFICE OF THE PRESIDENT,
et al.,

    *Defendants.*

Civil Case No. 1:25-cv-01888-AHA

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS (NOS.1-25)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff American Bar Association ("ABA") hereby requests that Defendants produce the following documents and things at the offices of Susman Godfrey LLP, 401 Union Street, Suite 3000, Seattle, Washington 98101, or at such other mutually agreed upon place, within thirty (30) days of service as required by Rule 34(b)(2)(A).

## DEFINITIONS

The following definitions apply to each Request and should be considered a part of each Request unless stated otherwise:

1.    The term "You," "Your," and "Defendant(s)" means and includes each and every Defendant named in the caption of the Complaint, individually and collectively, and any of their respective officers, directors, employees, agents, and any other persons acting or purporting to act on their behalf or under their direction or control, including the Executive Office of the President; the U.S. Department of Justice; the Attorney General of the United States in his/her official capacity; the Office of Management and Budget; the Director of the Office of Management and

1

Budget in his/her official capacity; the Equal Employment Opportunity Commission; the Acting Chair of the Equal Employment Opportunity Commission in his/her official capacity; the Office of Personnel Management; the Acting Director of the Office of Personnel Management in his/her official capacity; the General Services Administration; the Acting Administrator of the General Services Administration in his/her official capacity; the Office of the Director of National Intelligence; the Director of National Intelligence in his/her official capacity; the Central Intelligence Agency; the Director of the Central Intelligence Agency in his/her official capacity; the Consumer Financial Protection Bureau; the Acting Director of the Consumer Financial Protection Bureau in his/her official capacity; the Department of Agriculture; the Secretary of Agriculture in her official capacity; the Department of Commerce; the Secretary of Commerce in his/her official capacity; the Department of Defense; the Secretary of Defense in his/her official capacity; the Department of Energy; the Secretary of Energy in his/her official capacity; the Department of Health and Human Services; the Secretary of Health and Human Services in his/her official capacity; the Department of Homeland Security; the Secretary of Homeland Security in his/her official capacity; the Department of the Interior; the Secretary of the Interior in his/her official capacity; the Department of Labor; the Secretary of Labor in his/her official capacity; the Department of State; the Secretary of State in his/her official capacity; the Department of Transportation; the Secretary of Transportation in his/her official capacity; the Department of the Treasury; the Secretary of the Treasury in his/her official capacity; the Department of Veterans Affairs; the Secretary of Veterans Affairs in his/her official capacity; the Federal Bureau of Investigation; the Director of the Federal Bureau of Investigation in his/her official capacity; the Environmental Protection Agency; the Administrator of the Environmental Protection Agency in his/her official capacity; the Federal Energy Regulatory Commission; the Chairman of the Federal

2

Energy Regulatory Commission in his/her official capacity; the Commissioners of the Federal Energy Regulatory Commission in their official capacities; the Federal Communications Commission; the Chairman of the Federal Communications Commission in his/her official capacity; the Commissioners of the Federal Communications Commission in their official capacities; the Federal Trade Commission; the Chairman of the Federal Trade Commission in his/her official capacity; the Commissioners of the Federal Trade Commission in their official capacities; the Internal Revenue Service; the Commissioner of the Internal Revenue Service in his/her official capacity; the Securities and Exchange Commission; the Chairman of the Securities and Exchange Commission in his/her official capacity; the Commissioners of the Securities and Exchange Commission in their official capacities; the United States Patent and Trademark Office; the Acting Director of the United States Patent and Trademark Office in her official capacity; the U.S. Post Office; the Acting Postmaster General in his/her official capacity; and the United States of America.

2.      The term "Agency Defendants" means all Defendants other than Defendant Executive Office of the President.

3.      The term "communication(s)" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including but not limited to letters, memoranda, telegrams, telefaxes, telecopies, e-mails, text messages, fact-to-face meetings, telephone conversations, voicemails, answering machine messages, and telephonic notes.

4.      The term "Action" means this Action, *i.e.*, *American. Bar Association v. Executive Office of the President, et al.*, Case No. 1:25-cv-01888 (D.D.C.).

5.      The term "Administration" or "Trump Administration" means the Executive Branch of the United States Government during the second presidential term of Donald J. Trump (beginning January 20, 2025), including the Executive Office of the President, the White House, and each Defendant named in the Complaint, together with all federal departments, agencies, offices, commissions, bureaus, and instrumentalities under the direction or control of the President, and any of their respective officers, officials, appointees, employees, advisors, staff, agents, and any other persons acting or purporting to act on behalf of, under the direction of, or in coordination with the foregoing.

6.      The term "Agreement(s)" means any final written and/or oral agreement between the Administration and the Settling Firms in which any firm made an admission, representation, promise, or commitment to avoid or minimize the possibility that either the Administration would issue an executive order against the Settling Firm or that the United States Equal Employment Opportunity Commission ("EEOC") would open an investigation into whether the Settling Firm's employment practices violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. The term "Agreements" encompass oral agreements and all documents or records that memorialize the oral terms of the Agreements and the Administration's understanding of the oral terms of the Agreements.

7.      The term "Complaint" means the Complaint filed on June 16, 2025 in the action captioned *American Bar Association v. Executive Office of the President, et al.*, Case No. 1:25-cv-01888 (D.D.C.) (ECF No. 1), together with any exhibits or attachments thereto, and any amendments or supplements thereto filed in the action.

4

8.      The term "date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including without limitation, the year, month, week in a month, or part of a month.

9.      The terms "document," "documents," and "records" are synonymous in meaning and equal in scope to the usage of the terms as defined by Federal Rule of Civil Procedure 34, and include all things within the meaning and scope of that term as used in the Commission's Rules of Practice and Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence, including without limitation the following items, whether printed, recorded, microfilmed, reproduced by any process, written, produced by hand, or recorded in any other way, and whether or not claimed to be privileged, confidential, or personal: letters; correspondence; memoranda; notes; reports; records; agreements; working papers; communications (including intradepartmental and interdepartmental communications); summaries or records of personal conversations; calendars; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; patents and patent application materials; patent appraisals; printed publications; trademark applications; certificates of registration; opinions of counsel; memoranda of agreements; assignments; licenses; reports or summaries of either negotiations within or without the corporation or preparations for such; bulletins; material and manufacturing specifications; material packaging; manufacturing logs; equipment specifications and operating information; product packaging; designs; instructions; advertisements; literature; work assignments; memoranda of conversations; notes; notebooks; data sheets; worksheets; contracts; minute books of account; orders; invoices; statements; bills; checks;

5

vouchers; photographs; drawings; charts; catalogs; brochures; computer files; computer discs; articles; manuals; pamphlets; circulars; press releases; drafts of any documents; books; instruments; accounts; bills of sale; tapes; electronic communications including but not limited to e-mails; telegraphic communications; original or preliminary notes; and all other materials of any tangible medium of expression. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

10.     Except where the context does not permit, the terms "each" and "any" mean any and all.

11.     The terms "identify" or "identification," when used with respect to any natural person, mean that the following information shall be provided: the person's full name; last known home address; last known business address and telephone number; last known e-mail address; last known title or occupation; and last known employer.

12.     The terms "identify" or "identification," when used with respect to any person other than a natural person, mean that the following information shall be provided: the person's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that person.

13.     The terms "identify" or "identification," when used with respect to a document, mean that the Bates number(s) or other litigation document control number(s) for that document shall be provided, or, if no such number exists, other information sufficient to locate that document, including but not limited to the following: the date appearing on such document or, if no date appears on it, the approximate date the document was prepared; the identifying code, file number, title, or label; a general description of the document (e.g., letter, memorandum, drawing); the title or heading; the number of pages included in the document; the name of each person who signed

6

or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of the document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and, if the document is in a foreign language, whether an English translation (partial or complete) of the document exists.

14.     The term "including" means "including without limitation" and "including but not limited to."

15.     The term "information" means information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to orally, in writing, or via electronic communication.

16.     The term "Law Firm" means and includes each law firm identified by name in the Complaint that was either (i) the subject of an executive action issued by President Donald J. Trump or his Administration ("Targeted Firm"), or (ii) party to a "deal," "settlement," or other agreement with the Administration ("Settling Firm"), including:

    a.    "Targeted Firms" means and includes:

        i.    Perkins Coie LLP ("Perkins Coie")

        ii.    Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss")

        iii.    Jenner & Block LLP ("Jenner")

        iv.    Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale")

        v.    Susman Godfrey LLP ("Susman Godfrey")

        vi.    Covington & Burling LLP ("Covington & Burling")

    b.    "Settling Firms" means and includes

        i.    Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss")

    ii.   Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden")

    iii.   Willkie Farr & Gallagher LLP ("Wilkie Farr")

    iv.   Milbank LLP ("Milbank")

    v.   Kirkland & Ellis LLP ("Kirkland & Ellis")

    vi.   Allen Overy Shearman Sterling US LLP ("Allen Overy")

    vii.   Simpson Thacher & Bartlett LLP ("Simpson Thatcher")

    viii.   Latham & Watkins LLP ("Latham")

    ix.   Cadwalader, Wickersham & Taft LLP ("Cadwalader")

The term "Law Firm," "Targeted Firm," and "Settling Firm" includes each firm's predecessors, successors, partners, members, associates, employees, and any entities or persons acting on each firm's behalf.

17.   The term "Law Firm Order" means the Executive Orders and any related fact sheets, memoranda, guidance, or directives issued by President Donald J. Trump, as identified in the Complaint:

   a.   Executive Order 14230, "Addressing Risks from Perkins Coie LLP," issued March 6, 2025, targeting Perkins Coie LLP (the "Perkins Order");

   b.   Executive Order 14327, "Addressing Risks From Paul Weiss," issued March 14, 2025, targeting Paul, Weiss, Rifkind, Wharton & Garrison LLP (the "Paul Weiss Order");

   c.   Executive Order 14246, "Addressing Risks From Jenner & Block," issued March 25, 2025, targeting Jenner & Block LLP (the "Jenner Order");

   d.   Executive Order 14250, "Addressing Risks From WilmerHale," issued March 27, 2025, targeting Wilmer Cutler Pickering Hale and Dorr LLP (the "WilmerHale Order"); and

   e.   Executive Order 14263, "Addressing Risks from Susman Godfrey," issued April 9, 2025, targeting Susman Godfrey LLP (the "Susman Order").

18.     The terms "or," "and," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of each request in which they are used.

19.     The term "person(s)" means any natural person, individual, group, or entity. The acts of a person shall include the acts of the person's directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the person' s behalf.

20.     The terms "relating to," "related to," "relate to," or "concerning," when referring to any given subject matter, mean without limitation any information, document, or thing that in whole or in part directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

21.     The term "thing(s)" has the broadest meaning allowable under Commission Rule 210.30 and Federal Rule of Civil Procedure 34. This meaning encompasses any tangible object of any kind and nature other than a document, including without limitation prototypes, models, and physical specimens thereof.

22.     The terms "third party" and "third parties" refer to a person or entity other than a Defendant or Plaintiff.

23.     If you find the meaning of any term in these Requests unclear, then you shall construe the term to render responsive any information, document, thing, or communication that might otherwise be rendered non-responsive.

24.     Any word written in the singular shall be construed as plural or vice versa to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

25.     The past tense as used in the below Requests includes the present tense where the meaning is not distorted.

26.     All other words are given their plain and ordinary meaning.

**INSTRUCTIONS**

The following instructions apply to each Request and should be considered a part of each Request unless stated otherwise:

1.     In producing the documents and things requested, you shall furnish all documents and things known or available to you within your possession, custody, or control, wherever located, regardless of whether such documents or things are possessed directly by you or by any of your agents, officers, employees, attorneys, representatives, or those acting on your behalf.

2.     If the attorney-client privilege, work product immunity, or any other applicable privilege or immunity is asserted in response to any Request, you must expressly state so when responding. Absent agreement between the parties, you must also produce, within ten calendar days of the date on which responses to the Requests are due, a withheld document log that describes the nature of the information not produced or disclosed in a manner that will enable ABA to assess the claim of privilege or immunity. The withheld document log must separately identify each withheld document, communication, or item, and specify the following for each entry:

   a. The date the information was created or communicated; the author(s) or speaker(s); all recipients; the employer and title of each author, speaker, or recipient, including whether that person is an attorney or patent agent; the general subject matter of the information; and the type of privilege or protection claimed; and

   b. To the extent the claim of attorney-client privilege or work product immunity is not being asserted as to the entirety of a document, Defendants shall produce in

10

redacted form that portion of the document not covered by such claim of privilege or immunity.

3. If, after exercising due diligence, you are unable to determine the existence of any documents or things falling within a discovery request requesting identification of documents or things, you shall so state in your written response.

4. All documents produced in response to a discovery request shall be the original or true, complete copies of the original. If an English translation of any document produced exists, the English translation shall be produced.

5. All documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in the request. Documents should be produced with the label or labels from any file folder, binder, file drawer, file box, notebook, computer disk, or other container in which the document was found.

6. Documents shall be produced in such fashion as to identify the department, agency, division, branch, or office in whose possession they were located and, where applicable, the person in whose possession they were found (that is, the document custodian) and the address of each document custodian; this includes the physical location of the document and, if applicable, the computer drive to which it was saved. To the extent the document custodian cannot be discerned from the documents produced, you shall provide the identity of the document custodian from whose files the documents came.

7. "Electronically stored information" or "ESI" must be produced in the following format, barring mutual agreement by the parties:

    a. Single-page group IV TIFFs in at least 600 dpi for black and white images, or .JPG for images produced in color, with images produced using a unique file name that will be the production number of that page (e.g., ABC000001.TIFF). The production number shall appear on the face of the image;

11

b. Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents), productions that contain foreign language documents shall be Unicode compliant, document level text files with a .txt extension will be provided where available. The text file name will correspond to the beginning production number of the image or native file. A field will be included in the DAT with the path to the corresponding text file;

c. Database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No.; End Bates No.; Bates Range; Bates Parentid; Attach Begin; Attach End; Page Count; From/Author; To/Recipient(s); CC; Bcc; Email Date Sent; Email Time Sent; Email Date Received; Email Time Received; Email Subject; Custodian; File Name; Document Created Date; Document Last Modified Date; Document Last Accessed Date; File Type; Location/Source; Text Link (path to text); Native Link (path to native file);

d. MS Excel, MS Powerpoint, MS Access, and comparable spreadsheet, presentation, and database files, and audio and video files, shall be produced in native format to the extent they do not include privileged redactions. ABA may make reasonable requests to receive additional documents in their native format. For documents that are produced as native files, include in the set of image (PDF or TIFF) documents a slipsheet where the native file would otherwise have been produced indicating the production number of the native file or other document and the confidentiality designation. In addition, native files shall be produced using a name that bears the production number, for example: ABC000002.xls. Indicate any confidentiality designation in the produced filename where possible; and

8. For responsive information existing within a database or other compilation of data, include a field mapping explaining the type and format of data that exists in each location within the database.

9. Documents that exist only in paper or hard-copy format should be scanned and processed according to the instructions above regarding ESI.

10. You must preserve and produce all documents in your possession, custody, or control that are relevant to the claims or defenses in this Investigation or reasonably calculated to lead to the discovery of admissible evidence. Especially since you are in the best position to know

12

the nature and extent of discoverable documents in your possession, custody, or control, any limits on these Requests should not be used to justify the loss, overwriting, purging, destruction, or non-production of anything discoverable. Before you permit any such loss, overwriting, purging, deletion, or destruction, you should meet and confer with ABA to seek to resolve the issue consistent with applicable law, policies, procedures, and orders.

11.     In each instance in which a document once existed but now is lost, missing, or has been destroyed or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

     a.   the identity of the person or entity who last possessed the document;

     b.   the date or approximate date of the document's disposition; and

     c.   the identity of all persons who have or had knowledge of the document's contents.

12.     No discovery request or part thereof shall be construed as a limitation on any other discovery request or part of a request.

13.     These Requests are deemed to be continuing in nature and you must supplement or correct your responses to include information thereafter acquired, or if you learn that a response is in some material respect incomplete or incorrect.

## REQUESTS FOR PRODUCTION

### *I.    Requests to Defendant the Executive Office of the President*

## REQUEST FOR PRODUCTION NO. 1.

All communications on or after January 20, 2025 that You sent to, received from, or participated in with:

- a. Covington & Burling;
- b. Jenner & Block;
- c. Perkins Coie;
- d. Susman Godfrey; and/or
- e. Wilmer Hale.

Please respond separately for each of (a), (b), (c), (d), and (e).

## REQUEST FOR PRODUCTION NO. 2.

All communications on or after January 20, 2025 relating to any possible issuance of any Executive Order against any law firm, or to any Agreement with any law firm and the government, that You sent to, received from, or participated in with:

- a. Paul Weiss
- b. Skadden
- c. Wilkie Farr
- d. Milbank
- e. Kirkland & Ellis
- f. Allen Overy
- g. Simpson Thatcher
- h. Latham
- i. Cadwalader

Please respond separately for each of (a), (b), (c), (d), (e), (f), (g), (h), and (i).

## REQUEST FOR PRODUCTION NO. 3.

All Communications on or after January 20, 2025 with Boris Epshteyn relating to the possible issuance of any Executive Order against any Law Firm.

## REQUEST FOR PRODUCTION NO. 4.

All Communications on or after January 20, 2025 with Boris Epshteyn reflecting negotiations relating to any Agreements.

**REQUEST FOR PRODUCTION NO. 5.**

All Communications on or after January 20, 2025 with Steve Bannon relating to the possible issuance of any Executive Order against any Law Firm.

**REQUEST FOR PRODUCTION NO. 6.**

All Communications on or after January 20, 2025 with Steve Bannon reflecting negotiations relating to any Agreements.

**REQUEST FOR PRODUCTION NO. 7.**

All Agreements, created on or after January 20, 2025, between the Administration and any Settling Firm. To the extent that any Agreement is not memorialized in a single document, all records sufficient to show all terms of that Agreement.

**REQUEST FOR PRODUCTION NO. 8.**

All records created on or after January 20, 2025 related to the terms of the Administration's Agreements with any Settling Firm, including all communications between or among the White House, the Office of Management and Budget ("OMB"), the EEOC, and/or the U.S. Department of Justice ("DOJ"), concerning the Agreements or terms thereof.

**REQUEST FOR PRODUCTION NO. 9.**

All records created on or after January 20, 2025, related to the issuance of any Law Firm Order.

**REQUEST FOR PRODUCTION NO. 10.**

Documents sufficient to show all facts considered and information relied on in issuing any Law Firm Order.

**REQUEST FOR PRODUCTION NO. 11.**

Documents sufficient to identify all individuals who participated in the drafting, editing, publishing, review, or approval of Law Firm Orders, including who first proposed the idea, who drafted the orders, who reviewed them, and who approved them.

**REQUEST FOR PRODUCTION NO. 12.**

Documents sufficient to identify the members of "President Trump's policy team" who are involved in "executing on his directive to hold Big Law accountable for their weaponization of justice and their lies," as referred to in the statements of White House Press Secretary Karoline Leavitt set forth in ¶146 of the Complaint.

15

**REQUEST FOR PRODUCTION NO. 13.**

Documents of "President Trump's policy team" relating to "executing on [President Trump's] directive to hold Big Law accountable for their weaponization of justice and their lies," as referred to in the statements of White House Press Secretary Karoline Leavitt set forth in ¶146 of the Complaint.

**REQUEST FOR PRODUCTION NO. 14.**

All documents and communications exchanged with Agency Defendants relating to the implementation, interpretation, and/or enforcement of any Law Firm Order.

**REQUEST FOR PRODUCTION NO. 15.**

Social media posts, and any direct messages, discussing or relating to any Law Firm Order or Agreement.

**REQUEST FOR PRODUCTION NO. 16.**

Notes and communications related to any public statements, press release, signing ceremony, and/or media or press interview related to any Law Firm Order or Agreement, including those cited in the Complaint at ¶¶ 9, 76, 77, 121-122, 138-140, 144, 146, 149-153, 155-156, 160-161.

*        *        *

## II.        _Requests to Defendant the Office of Management and Budget_

**REQUEST FOR PRODUCTION NO. 17.**

All responsive and potentially responsive material identified and reviewed by You in _Knight First Amendment Institute v. Office of Management and Budget, et al.,_ No. 25-cv-8783 (DEH) (S.D.N.Y).

**REQUEST FOR PRODUCTION NO. 18.**

All documents created on or after January 20, 2025, related to the terms of the Administration's Agreements with any Settling Firm, including all communications between or among the White House, OMB, the EEOC, and/or DOJ, concerning the Agreements or terms thereof.

*        *        *

### III.    *Requests to Defendant the U.S. Department of Justice*

**REQUEST FOR PRODUCTION NO. 19.**

All responsive and potentially responsive material identified and reviewed by You in *Knight First Amendment Institute v. Office of Management and Budget, et al.,* No. 25-cv-8783 (DEH) (S.D.N.Y).

**REQUEST FOR PRODUCTION NO. 20.**

All records, created on or after January 20, 2025, related to the terms of the Administration's Agreements with any Settling Firm, including all communications between or among the White House, OMB, and/or the EEOC concerning the Agreements or terms thereof.

**REQUEST FOR PRODUCTION NO. 21.**

All Communications on or after January 20, 2025 that Todd Blanche sent to, received from, or participated in with and Cadwalader relating to any possible issuance of any Executive Order against Cadwalader or any law firm, or to any Agreement with Cadwalader or any law firm and the government.

**REQUEST FOR PRODUCTION NO. 22.**

All documents and communications relating to the issuance, interpretation, and implementation of the May 9, 2025 Memorandum described in ¶ 157 of the Complaint.

*        *        *

### IV.    *Requests to Defendant the U.S. Equal Employment Opportunity Commission*

**REQUEST FOR PRODUCTION NO. 23.**

All records, created on or after January 20, 2025, related to the terms of the Administration's Agreements with any Targeted Firm, including all communications between or among the White House, Office of Management and Budget ("OMB"), and/or U.S. Department of Justice ("DOJ"), concerning the Agreements or terms thereof.

*        *        *

### V.    *Requests to All Agency Defendants*

**REQUEST FOR PRODUCTION NO. 24.**

All documents relating to the implementation, interpretation, and/or enforcement of any Law Firm Order.

**REQUEST FOR PRODUCTION NO. 25.**

All memoranda, policies, procedures, directives or guidance concerning the implementation or enforcement of any Law Firm Order.

Dated: May 13, 2026

/s/ Stephen Shackelford
Stephen Shackelford, Jr. (D.C. Bar #NY0443)
Beatrice Franklin (*Admitted pro hac vice*)
Jillian Hewitt (*Admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330
sshackelford@susmangodfrey.com
bfranklin@susmangodfrey.com
jhewitt@susmangodfrey.com

Neal Manne (D.C. Bar #357012)
Barry Barnett*
Harry Susman*
Justin A. Nelson (D.C. Bar#490347)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
nmanne@susmangodfrey.com
bbarnett@susmangodfrey.com
hsusman@susmangodfrey.com
jnelson@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
dbrook@susmangodfrey.com

Jordan Connors*
Steve Seigel (D.C. Bar#D00473)
Katherine Peaslee (Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101

18

Tel: 206-516-3880
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
kpeaslee@susmangodfrey.com

*\*pro hac vice* forthcoming

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 13, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via email.

*/s/ Stephen Shackelford, Jr.*
Stephen Shackelford, Jr.

20