# EXHIBIT 2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN BAR ASSOCIATION,

*Plaintiff,*

v.                                                                     Case No. 1:25-cv-01888-AHA

EXECUTIVE OFFICE
OF THE PRESIDENT, *et al.*,

*Defendants*.

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Defendants hereby respond to Plaintiff's First Set of Requests for Production to Defendants. Defendants' combined objections and responses are based on information known to Defendants at this time and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. The objections have been formulated in contemplation of Federal Rule of Civil Procedure 26(b)(1), which generally permits discovery of materials not privileged that may be relevant to the claims or defenses in a civil action and are proportional to the needs of the case. In presenting their objections, Defendants do not waive any further objection in pretrial motions practice or at trial to the admissibility of evidence on the grounds of relevance, materiality, privilege, competency, or any other appropriate ground. Furthermore, in presenting their objections and responses, Defendants do not waive the right to seek appropriate judicial relief regarding the scope or timing of discovery.

## GENERAL OBJECTIONS TO ALL REQUESTS FOR PRODUCTION

1.       Defendants object to each document request to the extent it purports to require production of all responsive documents by June 12, 2026, as inconsistent with Federal Rule of Civil Procedure 34(b)(2). Unless otherwise indicated, and subject to the entry of a court-approved protective order, Defendants will make rolling productions of responsive documents.

2.       Defendants object to the requests to the extent that they seek information protected against disclosure by: (a) the attorney work product doctrine; (b) the attorney-client privilege; (c) the deliberative process privilege, the joint defense privilege, the common interest privilege, the law enforcement privilege, or the state secrets privilege; (d) any other form of executive privilege; or (e) any other applicable privilege or protection, including protections applicable to classified information or other information protected by law. Defendants will provide privilege logs within a reasonable time in the course of their rolling productions. Defendants further object to any requirement that they produce a privilege log for privileged material not otherwise within the scope of discovery and/or as to which no privilege log would be required under Federal Rule of Civil Procedure 26(b)(5).

3.       Defendants object to the requests seeking discovery from the White House as unduly burdensome and disproportionate to the needs of the case. *See generally Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 385 (2004). Plaintiff's discovery requests propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See id.* at 385; *see also U.S. Doge Serv. v. Citizens for Resp. & Ethics in Washington*, 145 S. Ct. 1981 (2025) ("[S]eparation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications."). Plaintiff's request for information from the White

House is unduly burdensome and disproportionate to the needs of the case when Plaintiff has not first exhausted all available opportunities to seek related information from other sources. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019) (requiring the plaintiff to exhaust all discovery on other defendants before considering whether there was a "continuing need for discovery sought on the White House"); *Wagafe v. Trump*, No. C17-94 RAJ, 2017 WL 5990134, at *3 (W.D. Wash. Oct. 19, 2017) ("intruding on the Executive in this context is a matter of last resort"); *United States v. McGraw-Hill Companies, Inc.*, No. CV 13-779-DOC JCGX, 2014 WL 1647385, at *13 (C.D. Cal. Apr. 15, 2014); *Cf. Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019) (vacating "district court's discovery orders because the district court did not fulfill its obligation 'to explore other avenues, short of forcing the Executive to invoke privilege'") (quoting *Cheney,* 542 U.S. at 390)).

Moreover, to the extent the discovery seeks internal communications involving White House personnel, it is inappropriate because it may have the effect of seeking information protected by the presidential communications privilege, a "presumptive privilege" "fundamental to the operation of Government and inextricably rooted in the separation of powers under the Constitution" that attaches to presidential communications. *United States v. Nixon*, 418 U.S. 683, 708 (1974); *see In re Sealed Case*, 121 F.3d 729, 743-44 (D.C. Cir. 1997). Although the presidential communications privilege can be overcome by showing a "specific need" in a criminal case, *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1112 (D.C. Cir. 2004), the presumption against disclosure is even higher in a civil case like this one. *Am Historical Ass'n v. Nat'l Archives & Records Admin.*, 402 F. Supp. 2d 171, 181 (D.D.C. 2005). And because Plaintiff would generally not be entitled to such information, these requests impose burdens on the White House to locate documents, review them, and justify its withholdings that are

disproportionate to the benefit (if any) that Plaintiff might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389. Such discovery violates the separation of powers and creates an undue burden and distraction from those individuals' critical executive responsibilities. *See id*.

4.      Defendants object to the requests to the extent they seek documents created by or sent to litigation counsel or agency counsel assigned to this litigation after this lawsuit was filed, or other legal staff assigned to any collateral Freedom of Information Act ("FOIA") requests, which are protected against disclosure by the attorney-client privilege and the attorney work product doctrine. Documents created by or sent to litigation counsel or agency counsel assigned to this litigation after this litigation was filed, or other legal staff assigned to collateral FOIA requests will not be included on Defendants' privilege logs.

5.      Defendants object to the requests to the extent that they seek information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation.  To the extent that such material may be produced only after a court order authorized under the Privacy Act, Defendants are willing to confer on the terms of a joint proposed protective order.

6.      Defendants object to each request to the extent they exceed the scope of permissible discovery as defined by Fed. R. Civ. P. 26(b)(1)—*i.e.*, not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants also object to the extent any Request is seeking information not within Defendants' possession, custody, or control after a reasonable inquiry.

7.      Defendants object to each request to the extent it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy. Such

requests are not proportionate to the needs of this case because this case is not a challenge to any Law Firm Order (which are the subject of separate litigation) but is a challenge to a purported Law Firm Intimidation Policy.

8.      Defendants object to the requests as overly burdensome and not proportional to the needs of the case because they are not limited by temporal scope.  Defendants will generally construe the requests to address the time period from January 20, 2025, through June 16, 2025, the date the Complaint was filed, unless specified in a particular response.

9.      Defendants object to each of the requests to the extent they are duplicative of other Requests. Documents responsive to multiple Requests will be produced only once.

10.      Defendants object to the requests to the extent they seek to require production of documents not in their possession, custody, or control.

11.      Defendants object to the requests to the extent they seek documents that are publicly available, or are accessible to Plaintiff, or would be less burdensome for Plaintiff to obtain than Defendant. *See* Fed. R. Civ. P. 26(b)(2)(C).

12.      Defendants incorporate all of the foregoing objections in each of the responses below regardless of whether a specific objection is reasserted with respect to a specific request. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, the assertion of the same, similar, or additional objections in response to a specific request does not waive, limit, or modify any of Defendants' general objections or similar or separate specific objections raised in response to a request.

13.      Defendants' response to a request indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents, that

5

Defendants performed any of the acts described in the document request, or that Defendants agree with the characterization of the conduct or activities described in the document request.

14.    Defendants expressly reserve the right to supplement, clarify, review, or correct any or all of the responses and objections here, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## OBJECTIONS TO DEFINITIONS

1.    Defendants object to the definitions in Plaintiff's request to the extent that the definitions conflict with or purport to expand upon Defendants' obligations under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia.

2.    Defendants object to Definition No. 1 on the ground that it is overbroad and not proportional to the needs of the case because it purports to include, among other individuals, all government employees and contractors from 30 agencies regardless of their position and regardless of their involvement in the events giving rise to the claims or defenses in these cases. On its face, this involves millions of potential custodians, which is per se unduly burdensome. Defendants will construe this definition, and the requests generally, to be limited to seeking documents from persons who are reasonably likely to have information relevant to the claims or defenses in these cases and responsive to Plaintiff's document requests.

Defendants further object to this request to the extent that it seeks information from the entire "Executive Office of the President."  This Office includes a number of component agencies (including OMB, which is a separate defendant) which are unlikely to have responsive documents.  Conducting a full search would be unduly burdensome. Defendants will therefore construe requests seeking information from the "Executive Office of President" as seeking

6

records from the White House Office.  For similar reasons, Defendants will construe requests

directed to the U.S. Department of Justice ("DOJ") as seeking information from DOJ leadership

and administrative components, *i.e.*, Office of the Attorney General, Office of the Deputy

Attorney General, Office of the Associate Attorney General, and Justice Management Division.

3.　　Defendants object to Definition No. 3 to the extent that it defines

"communications" as including oral communications or other communications not in writing that

are not properly subject to discovery under Federal Rule of Civil Procedure 34(a)(1), which

permits a party to request production of only "documents or electronically stored information" or

"tangible things." In responding to these requests, Defendants will produce only "documents or

electronically stored information" or "tangible things" as required by Federal Rule of Civil

Procedure 34(a)(1).

4.　　Defendants object to Definition No. 5 of "Administration" or "Trump

Administration" as this definition is vague, ambiguous, overly broad, unduly burdensome, and

disproportionate to the needs of this case. On its face, it would include the entire Executive

Branch, which is per se unduly burdensome for the reasons stated in Objection to Definition No.

1. Defendants further object to the extent that this provision seeks to extend beyond the

Defendants to agencies that are not parties to this action. In responding to the requests, each

Defendant responds in each and every response on its own behalf only. *See* General Objection

Nos. 11 and 14.

5.　　Defendants object to Definition No. 6 of "Agreement(s)" to the extent it includes

oral communications or other communications not in writing that are not properly the subject of

discovery under Federal Rule of Civil Procedure 34(a)(1), which permits a party to request

production of only "documents or electronically stored information" or "tangible things."

Defendants further object to Definition No. 5 of "Agreement(s)" to the extent that it is premised on Plaintiff's factual assertions, characterizations, and/or legal theories. Defendants do not concede those premises by responding to these Requests.

6.      Defendants object to Definition No. 9 of "document," "documents," and "records" as overbroad, unduly burdensome, disproportionate to the needs of this case, and beyond the scope of Defendants' obligations under the Federal Rules of Civil Procedure to the extent that it seeks production of any such material that are not relevant to the claims or defenses in this case. Defendants further object to Definition No. 9 to the extent that this provision seeks production of "drafts of any documents," "original or preliminary notes," "[a]ny comment or notation appearing on any document," or any other predecisional documents protected from discovery by the deliberative process privilege. Defendants also object to this Definition to the extent "[a]ny comment or notation appearing on any document, and not as part of the original text, is to be considered a separate 'document'" as unduly burdensome and beyond Defendants' obligations under the Federal Rules of Civil Procedure. Defendants will interpret "document," "documents," and "record" within the scope of Federal Rule of Civil Procedure and Federal Rule of Evidence 1001 as relevant and proportional to the needs of this case and the discrete issues in Plaintiff's Requests.

7.      Defendants object to Definition No. 11 of "identify" or "identification" on the grounds that it is unduly burdensome, disproportionate to the needs of this case, and seeks information potentially protected by the Privacy Act. Defendants further object to the extent this definition seeks information or responses more appropriately obtained through Interrogatories pursuant to Federal Rule of Civil Procedure 33.

8.       Defendants object to Definition No. 12 of "identify" or "identification" on the

8

grounds that it is unduly burdensome and disproportionate to the needs of this case. Defendants further object to the extent this definition seeks information or responses more appropriately obtained through Interrogatories pursuant to Federal Rule of Civil Procedure 33.

9.     Defendants object to Definition No. 14 of "including" as vague, ambiguous, overbroad, calling for speculation, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. Defendants will construe such terms in a manner consistent with their plain and ordinary meaning and proportional to the needs of this case.

10.     Defendants object to Definition No. 15 to the extent that it defines "information" as including oral communications or other communications not in writing that are not properly the subject of discovery under Federal Rule of Civil Procedure 34(a)(1), which permits a party to request production of only "documents or electronically stored information" or "tangible things." In responding to these Requests, Defendants will produce only "documents or electronically stored information" or "tangible things" as required by Federal Rule of Civil Procedure 34(a)(1).

11.     Defendants object to Definition No. 16 of "Settling Firms" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is not limited within any temporal scope. Defendants will construe this definition to address the time period alleged in the Complaint from, on or about, March 20, 2025, through, on or about, April 11, 2025, the dates the complaint alleges the agreements were announced.

12.     Defendants object to Definition No. 18 of "or," "and," and "and/or" as vague, ambiguous, overbroad, unduly burdensome, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. Defendants will construe such terms in a manner consistent with their plain and ordinary meaning and proportional to the needs of this case.

13.     Defendants object to Definition No. 20 of "relating to," "related to," "relate to,"

or "concerning" as vague, ambiguous, overbroad, unduly burdensome, and beyond Defendants' obligations under the Federal Rules of Civil Procedure. Defendants will construe such terms in a manner consistent with their plain and ordinary meaning and proportional to the needs of this case.

14.    Defendants object to Definition No. 21 of "thing(s)" as vague, ambiguous, overbroad, and unduly burdensome. Defendants will construe this term in a manner consistent with its plain and ordinary meaning and proportional to the needs of this case.

## OBJECTIONS TO INSTRUCTIONS

1.    Defendants object to Instruction No. 1 to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control. Defendants also object to Instruction No. 1 as overbroad and not proportional to the needs of this case because it purports to require Defendants to produce all documents in the possession, custody, or control of all of Defendants' "agents, officers, employees, attorneys, representatives or those acting on [Defendants'] behalf" regardless of any individual's involvement in the events giving rise to the claims or defenses in this case. Defendants also object to Instruction No. 1 to the extent it would require Defendants to search for documents maintained by any individual in their personal capacity. Defendants will identify custodians reasonably likely to have information relevant to the claims or defenses in this case and conduct a reasonable search for responsive documents in a manner proportional to the needs of the case and will produce only nonprivileged responsive documents identified through that search.

2.    Defendants object to Instruction No. 2 that requires the production of a privilege log "within ten calendar days of the date on which responses to the requests are due" as unduly

10

burdensome and not proportional to the needs of this case. Defendants reiterate that they will provide privilege logs in the course of their rolling productions. Defendants further object to Instruction No. 2 regarding the contents of any privilege log to the extent that it imposes obligations beyond the Federal Rules of Civil Procedure, particularly Rule 26(b)(5)(A), and is unduly burdensome. Defendants will comply with Rule 26(b)(5)(A) and are willing to confer regarding the specific contents of any privilege log.

3.      Defendants object to Instruction No. 7 to the extent that it requires certain files to be produced in native format only as unduly burdensome and not proportional to the needs of the case. Defendants will produce all documents electronically, in PDF format, as well as in any native digital format for excel files. Defendants are willing to confer if there is a stated need for native versions of any other specified files.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

**Requests to Defendant the Executive Office of the President**

**RFP No. 1:** All communications on or after January 20, 2025[,] that You sent to, received from, or participated in with:

a.   Covington & Burling

b.   Jenner & Block

c.   Perkins Coie

d.   Susman Godfrey

e.   Wilmer Hale

Please respond separately for each of (a), (b), (c), (d), and (e).

**Objections:** In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request to the extent it requires Defendant to

11

provide separate responses to each subpart of the Request. Such a requirement is unduly burdensome, cumulative, and disproportionate to the needs of the case where Defendant's responses and objections to each subpart are substantially the same. Defendant will provide a consolidated response here. Moreover, Defendant objects to this Request to the extent that it requests documents potentially available to Plaintiff through its own members, including Plaintiff's Counsel in this case. Plaintiff's request for information from the White House is unduly burdensome and disproportionate to the needs of the case when Plaintiff has not first exhausted all available opportunities to seek related information from other sources. *See Cheney,* 542 U.S. at 390. Defendant further objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz,* the existence of a purported Law Firm Intimidation Policy. Defendant further objects to this Request in that it is not limited to a specific custodian or set of custodians within the White House Office.

**Response:** Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney.* Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 2:** All communications on or after January 20, 2025[,] that You sent to, received from, or participated in with:

a. Paul Weiss

b. Skadden

c. Wil[l]kie Farr

d. Milbank

12

    e.   Kirkland & Ellis

    f.   Allen Overy

    g.   Simpson Thatcher

    h.   Latham

    i.   Cadwalader

Please respond separately for each of (a), (b), (c), (d), (e), (f), (g), (h), and (i).

**Objections:** In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request to the extent it requires Defendant to provide separate responses to each subpart of the Request. Such a requirement is unduly burdensome, cumulative, and disproportionate to the needs of the case where Defendant's responses and objections to each subpart are substantially the same. Defendant will provide a consolidated response here. Moreover, Defendant objects to this Request to the extent that it requests documents potentially available to Plaintiff through its own members. Plaintiff's request for information from the White House is unduly burdensome and disproportionate to the needs of the case when Plaintiff has not first exhausted all available opportunities to seek related information from other sources. *See Cheney,* 542 U.S. at 390. Defendant further objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy. Defendant further objects to this Request in that it is not limited to a specific custodian or set of custodians within the White House Office.

**Response:** Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*. Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

13

**RFP No. 3:** All Communications on or after January 20, 2025 with Boris Epshteyn relating to the possible issuance of any Executive Order against any Law Firm.

**Objections:** In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.  Defendant objects on the basis that the Request does not specify the persons to whom the communications with Mr. Epshteyn would be with and thus is unduly burdensome to the extent that it seeks information from all officials at the defendant entity.  Defendant objects on the basis that Plaintiff has served a Rule 45 request seeking similar information. Defendant further objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy.

Moreover, Defendant objects to this Request to the extent it seeks documents or communications that on their face are protected by the deliberative process privilege, to the extent that they involve discussions "related to the possible issuance" of future Presidential action. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will

14

confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about

whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all

rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 4:** All Communications on or after January 20, 2025 with Boris Epshteyn

reflecting negotiations relating to any Agreements.

**Objections:** In addition to the foregoing general objections, including those applicable to

White House discovery, Defendant objects to this Request for the reasons stated in response to

RFP No. 3. Additionally, Defendant objects to the Request on the basis that "reflecting

negotiations" is vague.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will

confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about

whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all

rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 5:**  All Communications on or after January 20, 2025 with Steve Bannon

relating to the possible issuance of any Executive Order against any Law Firm.

**Objections:** In addition to the foregoing general objections, including those applicable to

White House discovery, Defendant objects to this Request to the extent that it seeks (a) attorney

work product or (b) communications or information protected by the attorney-client privilege.

Defendant will not produce privileged documents or communications. Defendant objects on the

basis that the Request does not specify the persons to whom the communications with Mr.

Bannon would be with and thus is unduly burdensome to the extent that it seeks information

15

from all officials at the defendant entity. Defendant further objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy.

Moreover, Defendant objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.


**RFP No. 6:**  All Communications on or after January 20, 2025 with Steve Bannon reflecting negotiations relating to any Agreements.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request for the reasons stated in RFP No. 5. Additionally, Defendant objects to the Request on the basis that "reflecting negotiations" is vague.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about

16

whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 7:**  All Agreements, created on or after January 20, 2025, between the Administration and any Settling Firm. To the extent that any Agreement is not memorialized in a single document, all records sufficient to show all terms of that Agreement.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request to the extent that it requests documents potentially available to Plaintiff through its own members. Plaintiff's request for information from the White House is unduly burdensome and disproportionate to the needs of the case when Plaintiff has not first exhausted all available opportunities to seek related information from other sources. *See Cheney,* 542 U.S. at 390. Moreover, Defendant objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy.  Furthermore, Defendant objects to this Request in that it is not limited to a specific custodian or set of custodians within the White House Office. Additionally, Defendant objects to this Request's use of the terms "Administration" and "sufficient" as overbroad, vague, ambiguous, and unduly burdensome. Finally, Defendant further objects to the extent that this request seeks oral information or information that is not memorialized in a reasonably proportionate manner.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 8:**  All records created on or after January 20, 2025 related to the terms of the Administration's Agreements with any Settling Firm, including all communications between or among the White House, the Office of Management and Budget ("OMB"), the EEOC, and/or the U.S. Department of Justice ("DOJ"), concerning the Agreements or terms thereof.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request's use of the term "Administration" as overbroad, vague, ambiguous, and unduly burdensome. Defendants will construe this as referring to agreements, should they exist, with the EEOC, DOJ, OMB, or White House Office. Moreover, Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.

Furthermore, Defendant objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.  To the extent that this request seeks only privileged material, it is unduly burdensome on that basis alone.

Defendant further objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy.

18

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 9:**  All records created on or after January 20, 2025, related to the issuance of any Law Firm Order.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request as inherently vague, ambiguous, and inconsistent with the Federal Rules of Civil Procedure because it does not "describe with reasonable particularity" any specific "category of items" to be produced, which is overly burdensome and not proportional to the needs of the case. Moreover, it is difficult if not impossible to identify "all records" that are "related" to "any Law Firm Order," as the term "related" is not reasonably limited in scope. Furthermore, Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.

Defendant further objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975).

19

Defendant will not produce privileged predecisional and deliberative communications.

Defendant further objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy. This Request is not proportionate to the needs of this case because this case is not a challenge to any Law Firm Order (which are the subject of separate litigation) but is a challenge to a purported Law Firm Intimidation Policy.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 10:**  Documents sufficient to show all facts considered and information relied on in issuing any Law Firm Order.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request as facially overbroad and unduly burdensome. Defendant objects to this Request to the extent it seeks information or response more appropriately obtained through Interrogatories pursuant to Federal Rule of Civil Procedure 33. Moreover, Defendant objects to this Request's use of the terms "sufficient" as vague and ambiguous.

Defendant further objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged

20

because disclosure would chill candid internal deliberations and undermine the government's

decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975).

Defendant will not produce privileged predecisional and deliberative communications.

Defendant further objects to this Request to the extent that it is not limited in content to

the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy.

This Request is not proportionate to the needs of this case because this case is not a challenge to

any Law Firm Order (which are the subject of separate litigation) but is a challenge to a

purported Law Firm Intimidation Policy.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will

confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about

whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all

rights to serve further objections if that conferral does not result in an agreement.


**RFP No. 11:**  Documents sufficient to identify all individuals who participated in the

drafting, editing, publishing, review, or approval of Law Firm Orders, including who first

proposed the idea, who drafted the orders, who reviewed them, and who approved them.

**Objections:**  In addition to the foregoing general objections, including those applicable

to White House discovery, Defendant objects to this Request as facially overbroad and unduly

burdensome. Defendant objects to this Request to the extent it seeks information or response

more appropriately obtained through Interrogatories pursuant to Federal Rule of Civil Procedure

33. Moreover, Defendant objects to this Request's use of the term "sufficient" as vague and

ambiguous. Furthermore, Defendant objects to this Request to the extent that it seeks (a) attorney

work product or (b) communications or information protected by the attorney-client privilege.

Defendant will not produce privileged documents or communications.

Defendant also objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

Defendant further objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy. This Request is not proportionate to the needs of this case because this case is not a challenge to any Law Firm Order (which are the subject of separate litigation) but is a challenge to a purported Law Firm Intimidation Policy.

**Response:** Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*. Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 12:** Documents sufficient to identify the members of "President Trump's policy team" who are involved in "executing on his directive to hold Big Law accountable for their weaponization of justice and their lies," as referred to in the statements of White House Press Secretary Karoline Leavitt set forth in ¶146 of the Complaint.

**Objections:** In addition to the foregoing general objections, including those applicable

22

to White House discovery, Defendant objects to this Request for the same reasons stated in response to RFP No. 11.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 13:**  Documents of "President Trump's policy team" relating to "executing on [President Trump's] directive to hold Big Law accountable for their weaponization of justice and their lies," as referred to in the statements of White House Press Secretary Karoline Leavitt set forth in ¶ 146 of the Complaint.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request as inherently vague, ambiguous, and inconsistent with the Federal Rules of Civil Procedure because it does not "describe with reasonable particularity" any specific "category of items" to be produced, which is overly burdensome and not proportional to the needs of the case. Moreover, the statements as quoted in ¶ 146 of the Complaint do not refer to any specific documents. Furthermore, Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.

Defendant further objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental

23

discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 14:**  All documents and communications exchanged with Agency Defendants relating to the implementation, interpretation, and/or enforcement of any Law Firm Order.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request as facially overbroad and unduly burdensome. Moreover, Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.  Indeed, this request appears to largely (if not exclusively) seek privileged information, which is not proportionate to the needs of the case and unduly burdensome.

Defendant also objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's

24

decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

Defendant further objects to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy. This Request is not proportionate to the needs of this case because this case is not a challenge to any Law Firm Order (which are the subject of separate litigation) but is a challenge to a purported Law Firm Intimidation Policy.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.


**RFP No. 15:**  Social media posts, and any direct messages, discussing or relating to any Law Firm Order or Agreement.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request to the extent it seeks documents that are publicly available, or are accessible to Plaintiff, or otherwise would be less burdensome for Plaintiff to obtain than Defendant. Moreover, Defendant objects to this Request as vague and ambiguous because it fails to identify whose "social media posts" and "direct messages" are being sought. Furthermore, Defendant objects to this Request's use of the term "social media posts" and "direct messages" as vague and ambiguous. Defendants construe this request as applying only to official social media accounts of the White House Office.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will

25

confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**RFP No. 16:**  Notes and communications related to any public statements, press release, signing ceremony, and/or media or press interview related to any Law Firm Order or Agreement, including those cited in the Complaint at ¶¶ 9, 76, 77, 121-122, 138-140, 144, 146, 149-153, 155-156, 160-161.

**Objections:**  In addition to the foregoing general objections, including those applicable to White House discovery, Defendant objects to this Request as facially overbroad and unduly burdensome to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy. This Request is not proportionate to the needs of this case because this case is not a challenge to any Law Firm Order (which are the subject of separate litigation) but is a challenge to a purported Law Firm Intimidation Policy.

Moreover, Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications. Defendant objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative

26

communications.

**Response:**  Subject to and without waiving the foregoing objections, Defendant will confer with Plaintiff pursuant to this Court's Scheduling Order, ECF No. 57, and confer about whether a narrowed scope of request may exist consistent with *Cheney*.  Defendant reserves all rights to serve further objections if that conferral does not result in an agreement.

**Requests to Defendant OMB**

**RFP No. 17:**  All responsive and potentially responsive material identified and reviewed by You in *Knight First Amendment Institute v. Office of Management and Budget, et al.,* No. 25-cv-8783 (DEH) (S.D.N.Y).

**Objections:**   In addition to the foregoing general objections, Defendant OMB objects to this Request to the extent it seeks records that are currently being processed in a separate FOIA matter. Plaintiff may not use discovery in this action to circumvent or accelerate the separate statutory process governing the disclosure of records sought through FOIA. Responding to this Request would require duplicative collection, review, and production efforts, which would be unduly burdensome and disproportionate to the needs of the case.

Moreover, Defendant objects to the extent Plaintiff seeks all "potentially responsive material." That phrase is vague, ambiguous, and fails to describe the documents sought with reasonable particularity. Furthermore, Defendant objects to the extent this Request seeks "potentially responsive material" as it may improperly intrude upon protected attorney work product, deliberative processes, and other privileged matters by revealing document-selection decisions and responsiveness determinations.

**Response:**  Subject to and without waiving the foregoing objections, Defendant OMB will produce the records produced under the FOIA in *Knight First Amendment Institute v. Office*

27

*of Management and Budget, et al.,* No. 25-cv-8783 (DEH) (S.D.N.Y) as they become available in the ordinary course. Defendant's production in response to this Request will be limited at this time to those documents produced under FOIA in the above-captioned case, subject to additional conferral to limit the scope of the Request.

**RFP No. 18:**  All documents created on or after January 20, 2025, related to the terms of the Administration's Agreements with any Settling Firm, including all communications between or among the White House, OMB, the EEOC, and/or DOJ, concerning the Agreements or terms thereof.

**Objections:**   In addition to the foregoing general objections, Defendant OMB objects to this Request to the extent that it is unreasonably duplicative and cumulative of RFP No. 17. The underlying FOIA request at issue in RFP No. 17 seeks, *inter alia*, "All communications between or among the White House, OMB, the EEOC, and/or DOJ, concerning the Agreements or terms thereof," which consist of the same or substantially similar information requested here. Defendant, therefore, objects for the same reasons stated in response to RFP No. 17. Defendant also objects to this Request's use of the term "Administration" as overbroad, vague and ambiguous, and unduly burdensome.

Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.

Defendant further objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental

28

discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

Defendant also objects to this Request to the extent that it seeks records from the Executive Office of the President, including the White House, for the reasons stated in the forgoing general objections, including General Objection No. 3.

**Response:** Subject to and without waiving the foregoing objections, to the extent this Request seeks the same information requested in *Knight First Amendment Institute v. Office of Management and Budget, et al.*, No. 25-cv-8783 (DEH) (S.D.N.Y), Defendant OMB will produce those records as they become available in the ordinary course. Defendant's production in response to this Request will be limited at this time to those documents produced under FOIA in the above-captioned case, subject to additional conferral to limit the scope of the Request.

### Requests to Defendant DOJ

**RFP No. 19:** All responsive and potentially responsive material identified and reviewed by You in *Knight First Amendment Institute v. Office of Management and Budget, et al.,* No. 25-cv-8783 (DEH) (S.D.N.Y).

**Objections:** In addition to the foregoing general objections, and for the same reasons explained in response to RFP No. 18, Defendant DOJ objects to this Request to the extent that it is unreasonably duplicative and cumulative of RFP Nos. 17 and 18, which all seek the same or substantially similar documents, and is therefore unduly burdensome and disproportionate to the needs of this case. Defendant also objects to this Request to the extent it seeks records that are currently being processed in a separate FOIA matter. Plaintiff may not use discovery in this

29

action to circumvent or accelerate the separate statutory process governing the disclosure of records sought through FOIA. Responding to this Request would require duplicative collection, review, and production efforts, which would be unduly burdensome and disproportionate to the needs of the case.

Moreover, Defendant objects to the extent Plaintiff seeks all "potentially responsive material." That phrase is vague, ambiguous, and fails to describe the documents sought with reasonable particularity. Furthermore, Defendant objects to the extent this Request seeks "potentially responsive material" as it may improperly intrude upon protected attorney work product, deliberative processes, and other privileged matters by revealing document-selection decisions and responsiveness determinations.

**Response:** Subject to and without waiving the foregoing objections, Defendant DOJ will produce the records produced under the FOIA in *Knight First Amendment Institute v. Office of Management and Budget, et al.,* No. 25-cv-8783 (DEH) (S.D.N.Y) as they become available in the ordinary course. Defendant's production in response to this Request will be limited at this time to those documents produced under FOIA in the above-captioned case, subject to additional conferral to limit the scope of the Request.

**RFP No. 20:** All records, created on or after January 20, 2025, related to the terms of the Administration's Agreements with any Settling Firm, including all communications between or among the White House, OMB, and/or the EEOC concerning the Agreements or terms thereof.

**Objections:** In addition to the foregoing general objections, and for the same reasons explained in response to RFP No. 18, Defendant DOJ objects to this Request to the extent that it is unreasonably duplicative and cumulative of RFP Nos. 17, 18, and 19, which all seek the same

or substantially similar documents, and is therefore unduly burdensome and disproportionate to the needs of this case. Defendant also objects to this Request's use of the term "Administration" as overbroad, vague and ambiguous, and unduly burdensome.

Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.

Defendant further objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

Defendant also objects to this Request to the extent that it seeks records from the Executive Office of the President, including the White House, for the reasons stated in the foregoing general objections, including General Objection No. 3.

**Response:** Subject to and without waiving the foregoing objections, to the extent this Request seeks the same information requested in *Knight First Amendment Institute v. Office of Management and Budget, et al.*, No. 25-cv-8783 (DEH) (S.D.N.Y), Defendant DOJ will produce those records as they become available in the ordinary course. Defendant's production in response to this Request will be limited at this time to those documents produced under FOIA in the above-captioned case, subject to additional conferral to limit the scope of the Request.

31

**RFP No. 21:** All Communications on or after January 20, 2025 that Todd Blanche sent to, received from, or participated in with and Cadwalader relating to any possible issuance of any Executive Order against Cadwalader or any law firm, or to any Agreement with Cadwalader or any law firm and the government.

**Objections:** In addition to the foregoing general objections, Defendant DOJ objects to this Request to the extent that it calls for the production of "communications," which Plaintiff defines as including oral exchanges of information. Federal Rule of Civil Procedure 34 is limited to the production of documents and tangible things. Defendant declines to produce oral communications that have not been incorporated into documents as defined by Federal Rule of Civil Procedure 34. Defendants further object to this Request to the extent it refers to materials Mr. Blanche "participated in," as unduly burdensome to the extent his participation is not obvious on the face of the relevant document.

Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.

**Response:** Subject to and without waiving the foregoing objections, Defendant DOJ will produce those portions of the requested documents or communications over which they are not asserting a claim of privilege to the extent it can be located and/or identified after a reasonable search.

**RFP No. 22:** All documents and communications relating to the issuance, interpretation, and implementation of the May 9, 2025 Memorandum described in ¶ 157 of the Complaint.

**Objections:** In addition to the foregoing general objections, Defendant DOJ objects to

32

this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.

Defendant further objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

Defendant also objects to this Request to the extent that it seeks records from the Executive Office of the President, including the White House, for the reasons stated in the foregoing general objections, including General Objection No. 3.

**Response:**  Subject to and without waiving the foregoing objections, Defendant DOJ will produce those portions of the requested communications over which they are not asserting a claim of privilege to the extent it can be located and/or identified after a reasonable search.

## Requests to Defendant EEOC

**RFP No. 23:**  All records, created on or after January 20, 2025, related to the terms of the Administration's Agreements with any Targeted Firm, including all communications between or among the White House, Office of Management and Budget ("OMB"), and/or U.S. Department of Justice ("DOJ"), concerning the Agreements or terms thereof.

**Objections:**   In addition to the foregoing general objections, Defendant EEOC objects to this Request to the extent that it is unreasonably duplicative and cumulative of RFP Nos. 17, 18,

19, and 20, which all seek the same or substantially similar documents, and is therefore unduly burdensome and disproportionate to the needs of this case. Again, RFP No. 17 seeks the FOIA records in *Knight First Amendment Institute v. Office of Management and Budget, et al.*, No. 25-cv-8783 (DEH) (S.D.N.Y) including, *inter alia*, "All communications between or among the White House, OMB, the EEOC, and/or DOJ, concerning the Agreements or terms thereof," which consist of the same or substantially similar information requested here. Defendant also objects to this Request's use of the term "Administration" as overbroad, vague and ambiguous, and unduly burdensome.

Defendant objects to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendant will not produce privileged documents or communications.

Defendant further objects to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendant will not produce privileged predecisional and deliberative communications.

Defendants also objects to this Request to the extent that it seeks records from the Executive Office of the President, including the White House, for the reasons stated in the foregoing general objections, including General Objection No. 3.

**Response:** Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendant EEOC has

34

not identified any responsive documents.

## Requests to all Agency Defendants

**RFP No. 24:**  All documents relating to the implementation, interpretation, and/or enforcement of any Law Firm Order.

**Objections:**  In addition to the foregoing general objections, Defendants object to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this case. Specifically, the broad scope of this Request for "all documents" would improperly include documents containing predecisional and deliberative communications and legal recommendations because they might "relat[e] to the implementation, interpretation, and/or enforcement of any Law Firm Order." Moreover, this Request could be read to include documents regarding compliance with court orders enjoining the "Law Firm Orders." Reviewing such documents would be unduly burdensome and disproportionate to the needs of this case because it would require searching, identifying, collecting, reviewing, and producing material of matters not relevant to any claim or defense. Defendants will therefore not produce documents regarding compliance with injunctions of the "Law Firm Orders."

Accordingly, Defendants object to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendants further object to this Request to the extent it seeks information that is classified or protected from disclosure by statute. Such material may also be protected by the state secrets privilege. Defendants will not produce classified and/or privileged documents or communications.

Defendants further object to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly

35

encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendants will not produce privileged predecisional and deliberative communications.

Defendants also object to this Request to the extent that it seeks records from the Executive Office of the President, including the White House, for the reasons stated in the foregoing general objections, including General Objection No. 3.

Defendants further object to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy. This Request is not proportionate to the needs of this case because this case is not a challenge to any Law Firm Order (which are the subject of separate litigation) but is a challenge to a purported Law Firm Intimidation Policy.

**DOJ Response:** Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**OMB Response:** Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**EEOC Response:** This Request for "All documents relating to the implementation, interpretation, and/or enforcement of any Law Firm Order" appears to largely—if not

36

exclusively—seek privileged information and is, therefore, unduly burdensome and disproportionate to the needs of this case. Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege and that are not protected from disclosure by statute, to the extent such documents can be located and/or identified after a reasonable search. Defendants are willing to confer regarding narrowing the scope of this Request.

**OPM Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not identified any responsive documents.

**GSA Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not identified any responsive documents.

**ODNI Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, non-privileged, unclassified portions of any responsive documents to the extent such documents exist and can be located and/or identified after a reasonable search.

**CIA Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, non-privileged, unclassified portions of any responsive documents to the extent such documents exist and can be located and/or identified after a reasonable search.

**CFPB Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not

identified any responsive documents.

**USDA Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**Commerce and USPTO Response:**  Subject to and without waiving the foregoing objections, Defendants DOC and USPTO will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**DOW Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive, unclassified, documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**DOE Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**HHS Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**DHS Response:**  Defendant DHS further objects to this request as burdensome and disproportionate to the needs of the case to the extent that it purports to request a search for

DHS's nine components. Subject to and without waiving the foregoing objections, Defendant

DHS will produce, on a rolling basis, those portions of any responsive documents from DHS

Headquarters over which it is not asserting a claim of privilege to the extent such documents can

be located and/or identified after a reasonable search.

**DOI Response:**  Subject to and without waiving the foregoing objections, following a

reasonable search of relevant custodians likely to have responsive material, Defendants have not

identified any responsive documents.

**DOL Response:**  Subject to and without waiving the foregoing objections, Defendants

will produce, on a rolling basis, those portions of any responsive documents over which  not

asserting a claim of privilege to the extent such documents can be located and/or identified after

a reasonable search.

**State Response:**  Subject to and without waiving the foregoing objections, Defendants

will produce, on a rolling basis, those portions of any responsive documents over which they are

not asserting a claim of privilege to the extent such documents can be located and/or identified

after a reasonable search.

**DOT Response:**  Subject to and without waiving the foregoing objections, Defendants

will produce, on a rolling basis, those portions of any responsive documents over which they are

not asserting a claim of privilege to the extent such documents can be located and/or identified

after a reasonable search.

**Treasury and IRS Response:**  Subject to and without waiving the foregoing objections,

following a reasonable search, Defendants have not identified any responsive documents.

**VA Response:**  Subject to and without waiving the foregoing objections, following a

reasonable search of relevant custodians likely to have responsive material, Defendants have not

identified any responsive documents.

**FBI Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive, unclassified, documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**EPA Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**FERC Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**FCC Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**FTC Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**SEC Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not

40

identified any responsive documents.

**USPS Response:**  Subject to and without waiving the foregoing objections, Defendant USPS states that it has not located any responsive non-privileged documents. Defendant will produce, on a rolling basis, those portions of any responsive documents over which it is not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**RFP No. 25:**  All memoranda, policies, procedures, directives or guidance concerning the implementation, interpretation, and/or enforcement of any Law Firm Order.

**Objections:**   In addition to the foregoing general objections, Defendants object to this Request because it is unreasonably duplicative and cumulative of RFP No. 24. The documents sought by this Request constitute a subset of documents requested in RFP No. 24, and responding separately would impose unnecessary burden without yielding additional information. Defendants further object to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this case. Specifically, the broad scope of this Request for "all" such requested documents would improperly include documents containing predecisional and deliberative material and legal recommendations because they might "concern[] the implementation or enforcement of any Law Firm Order." Moreover, this Request could be read to include documents regarding compliance with court orders enjoining the "Law Firm Orders." Disclosing such documents would be unduly burdensome and disproportionate to the needs of this case because it would require searching, identifying, collecting, reviewing, and producing material of matters not relevant to any claim or defense. Defendants will therefore not produce documents regarding compliance with injunctions of the "Law Firm Orders."

Accordingly, Defendants object to this Request to the extent that it seeks (a) attorney work product or (b) communications or information protected by the attorney-client privilege. Defendants further object to this Request to the extent it seeks information that is classified or protected from disclosure by statute. Such material may also be protected by the state secrets privilege. Defendants will not produce classified and/or privileged documents or communications.

Defendants further object to this Request to the extent it seeks documents or communications protected by the deliberative process privilege. This Request improperly encompasses predecisional and deliberative materials reflecting internal governmental discussions, recommendations, and proposed courses of action. Such materials are privileged because disclosure would chill candid internal deliberations and undermine the government's decision-making processes. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Defendants will not produce privileged predecisional and deliberative communications.

Defendants also objects to this Request to the extent that it seeks records from the Executive Office of the President, including the White House, for the reasons stated in General Objection No. 3.

Defendants further object to this Request to the extent that it is not limited in content to the subject matter of this suit, *viz*, the existence of a purported Law Firm Intimidation Policy. This Request is not proportionate to the needs of this case because this case is not a challenge to any Law Firm Order (which are the subject of separate litigation) but is a challenge to a purported Law Firm Intimidation Policy.

**DOJ Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are

42

not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**OMB Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**EEOC Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege and that are not protected from disclosure by statute, to the extent such documents can be located and/or identified after a reasonable search.

**OPM Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not identified any responsive documents.

**GSA Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not identified any responsive documents.

**ODNI Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, non-privileged, unclassified portions of any responsive documents to the extent such documents exist and can be located and/or identified after a reasonable search.

**CIA Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, non-privileged, unclassified portions of any responsive documents to the extent such documents exist and can be located and/or identified after a

43

reasonable search.

**CFPB Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not identified any responsive documents.

**USDA Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**Commerce and USPTO Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants DOC and USPTO have not identified any responsive documents.

**DOW Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive, unclassified, documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**DOE Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**HHS Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**DHS Response:**  Defendant DHS further objects to this request as burdensome and disproportionate to the needs of the case to the extent that it purports to request a search for DHS's nine components. Subject to and without waiving the foregoing objections, DHS will produce, on a rolling basis, those portions of any responsive documents from DHS Headquarters over which it is not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**DOI Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not identified any responsive documents.

**DOL Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**State Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**DOT Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**Treasury and IRS Response:**  Subject to and without waiving the foregoing objections, following a reasonable search, Defendants have not identified any responsive documents.

**VA Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not identified any responsive documents.

**FBI Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive, unclassified, documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**EPA Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**FERC Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**FCC Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**FTC Response:**  Subject to and without waiving the foregoing objections, Defendants will produce, on a rolling basis, those portions of any responsive documents over which they are not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

**SEC Response:**  Subject to and without waiving the foregoing objections, following a reasonable search of relevant custodians likely to have responsive material, Defendants have not identified any responsive documents.

**USPS Response:**  Subject to and without waiving the foregoing objections, Defendant USPS states that it has not located any responsive non-privileged documents. Defendant will produce, on a rolling basis, those portions of any responsive documents over which it is not asserting a claim of privilege to the extent such documents can be located and/or identified after a reasonable search.

Dated: June 12, 2026                              Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director, Federal Programs Branch

*/s/ James J. Wen__*
JAMES J. WEN (NY Bar No. 5422126)
M. JARED LITTMAN
ADAM S. FOX
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8185
Email: james.j.wen@usdoj.gov
*Attorneys for Defendants*