**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN BAR ASSOCIATION, <br><br> *Plaintiff*, <br><br> v. <br><br> EXECUTIVE OFFICE <br> OF THE PRESIDENT, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-01888-AHA |

**DEFENDANTS' MOTION TO DISQUALIFY SUSMAN GODFREY LLP**

Defendants respectfully move to disqualify Susman Godfrey LLP ("Susman") as counsel for Plaintiff the American Bar Association ("ABA"), because Susman cannot serve as both advocate for the ABA and a fact witness in the same matter under Rule 3.7 of the D.C. Rules of Professional Conduct. That rule—and even the ABA's own Model Rule 3.7—contains a bright line rule prohibiting a lawyer from serving as both advocate and fact witness in the same matter with narrow exceptions, which do not apply here. Yet Susman, the counsel for Plaintiff, is a central player—and fact witness—in this, and other litigation involving interactions between the Trump Administration and certain law firms. Disqualification is in order.

Here, Susman was the subject of an Executive Order from the President addressing risks from the law firm. Susman filed suit, obtained injunctive relief from a U.S. District Court, and is currently litigating that case on appeal before the U.S. Court of Appeals for the District of Columbia. *See Susman Godfrey LLP v. Exec. Off. of President*, 789 F. Supp. 3d 15 (D.D.C. 2025) ("Susman lawsuit"). Yet Susman also chose to represent the ABA in its own lawsuit challenging these Executive Orders and seeking similar injunctive relief. Problematically, Susman appears in

1

the ABA's complaint, as part of the fact narrative and allegations, not as counsel, no fewer than 50 times.  Following this Court's denial of Defendants' Motion to Dismiss, Susman—on behalf of the ABA—has initiated discovery and requested records from Defendants, including specifically their communications *with Susman itself*.  Defendants, in turn, have sought records from Susman as well as records from third parties, including communications they had with Susman; Defendants have also noticed a deposition for Susman's managing partner, a witness whom Susman has placed at the heart of this dispute.  Meanwhile, in the U.S. District Court for the Southern District of New York, Susman is also currently litigating, on behalf of the ABA, Defendants' motion to quash the Plaintiff's subpoena to a third party for, among other things, records of communications with Susman.  *See* ECF No. 60.  This is the textbook case where the rules of professional conduct prohibiting a lawyer from serving as both advocate and witness must apply.

## BACKGROUND

In 2025, the President issued in relevant part four Executive Orders, including one addressing risks from counsel for Plaintiff, namely, Susman.  *See* Exec. Order 14263, *Addressing Risks from Susman Godfrey*, 90 Fed. Reg. 15615 (Apr. 9, 2025) ("Susman EO"); *see also* Exec. Order 14230, *Addressing Risks from Perkins Coie LLP*, 90 Fed. Reg. 11781 (Mar. 6, 2025); Exec. Order 14246, *Addressing Risks from Jenner & Block*, 90 Fed. Reg. 13997 (Mar. 25, 2025); Exec. Order 14250, *Addressing Risks From WilmerHale*, 90 Fed. Reg. 14549 (March 27, 2025).  The four law firms—including Susman—sued in Federal district court and obtained injunctions against the Government.  *Susman Godfrey LLP v. Exec. Off. of President*, 789 F. Supp. 3d 15 (D.D.C. 2025); *see also Perkins Coie LLP v. U.S. Dep't of Just.*, 783 F. Supp. 3d 105 (D.D.C. 2025); *Jenner & Block LLP v. U.S. Dep't of Just.*, 784 F. Supp. 3d 76 (D.D.C. 2025); *Wilmer Cutler Pickering Hale & Dorr LLP v. Exec. Off. of President*, 784 F. Supp. 3d 127 (D.D.C. 2025).  These cases are

currently pending before the U.S. Court of Appeals for the District of Columbia. *Perkins Coie LLP v. U.S. Dep't of Justice*, Nos. 25-5241, 25-5265, 25-5277, 25-5310 (D.C. Cir.). That court heard oral argument on May 14, 2026.

Following this initial wave of lawsuits, Plaintiff, like its counsel Susman, sued many of the same "federal agencies and officials, alleging they adopted an unlawful, coordinated policy of sanctioning law firms and their lawyers for engaging in speech the government does not like." *Am. Bar Ass'n v. Exec. Off. of the President*, No. CV 25-01888 (AHA), 2026 WL 890410, at *1 (D.D.C. Mar. 31, 2026) (denying motion to dismiss); Susman Godfrey, *Susman Godfrey Represents the American Bar Association Pro Bono in Litigation Against the Administration* (June 16, 2025) (press release).[1] After this Court denied Defendants' motion to dismiss, Plaintiffs have sought discovery, including for communications with Susman and concerning the formulation, dissemination, and implementation of the Susman EO.

Plaintiff's own requests for discovery explicitly seek records of communications with and about their own counsel, Susman, from the White House and a third party. For example, the ABA's first request for production ("RFP") to Defendant the Executive Office of the President ("EOP") seeks "communications … sent to, received from, or participated in with … *Susman Godfrey*." (emphasis added). Similarly, the ABA has noticed a subpoena to a third party that seeks "communications … sent to, received from, or participated in with … *Susman Godfrey*." RFP #1 (emphasis added). More broadly, Plaintiff seeks broad discovery into all Defendants and third parties concerning the Executive Order addressing risks from Susman Godfrey. *See* RFPs 1, 3, 5, 9-16, 24. In all of this, Susman Godfrey features prominently; indeed, the Complaint itself

---

[1] https://perma.cc/JV3A-92AM

references "Susman" by name over 50 times and dedicates an entire section to the Susman litigation. *See, e.g.*, Compl. ¶¶ 120-128.

## ARGUMENT

**I.     THE D.C. RULES OF PROFESSIONAL RESPONSIBILITY—AND THE ABA'S OWN MODEL RULES—PROHIBIT A LAW FIRM FROM SERVING AS BOTH AN ADVOCATE AND WITNESS IN THE SAME MATTER.**

"The District of Columbia Rules of Professional Conduct govern the practice of law—and the qualification of counsel—in this District." *Ambush v. Engelberg*, 282 F. Supp. 3d 58, 62 (D.D.C. 2017) (citing LCvR 83.15(a); D.C. Rules of Prof. Conduct 8.5(b)(1)).  Rule 3.7, entitled "Lawyer as witness," provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
>> (1) The testimony relates to an uncontested issue;
>> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>> (3) Disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if the other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9. The provisions of this paragraph (b) do not apply if the lawyer who is appearing as an advocate is employed by, and appears on behalf of, a government agency.

Comments to the rule clarify that "Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client." Cmt. 1.  The D.C. Bar has observed that the rule may also be justified on at least three other bases:

> (1) it is necessary to prevent the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility; (2) it will prevent the difficult situation that occurs when an opposing counsel must cross-examine a lawyer-adversary and seek to impeach his credibility; and (3) the rule also will prevent the implication that the testifying lawyer is distorting the truth for his/her client's benefit.

D.C. Bar, Ethics Opinion 228.  "The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation."  Rule 3.7, Cmt. 2.  *Cf. United States v. Crowder*, 313 F. Supp. 3d 135, 147 (D.D.C. 2018) ("[T]he government has an obligation to bring to the Court's attention a defense attorney's potential conflict of interest").

This is substantively identical to the ABA's Model Rule 3.7, also titled "Lawyer as Witness," which provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

The ABA's own comment similarly provides, "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client."  Cmt. 1.  Again, ABA's own comment recognized, "The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation."  Cmt. 2.

"A motion to disqualify counsel is committed to the sound discretion of the district court."  *Ambush v. Engelberg*, 282 F. Supp. 3d 58, 61 (D.D.C. 2017).  A "district court bears responsibility for supervising the members of its bar." *Groper v. Taff*, 717 F.2d 1415, 1418 (D.C. Cir. 1983).  "In addressing a motion to disqualify, a court 'must consider two questions in turn: first, whether a violation of an applicable Rule of Professional Conduct has occurred or is occurring, and if so, whether such violation provides sufficient grounds for disqualification.'" *Headfirst Baseball LLC*

*v. Elwood*, 999 F. Supp. 2d 199, 204 (D.D.C. 2013) (quoting *In re Rail Freight Fuel Surcharge Antitrust Litig.,* 965 F. Supp. 2d 104, 110, 2013 WL 4714334, at \*5 (D.D.C. 2013)).

Courts have held that a lawyer who is likely to be a necessary witness may not represent a client in "'pretrial activity'" that "'includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role.'" *Droste v. Julien*, 477 F.3d 1030, 1036 (8th Cir. 2007) (quoting *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994)); *accord Com. Com. Partners, LLC v. Milliken & Co.*, No. 4:22-CV-00020-JNP-PK, 2022 WL 17093650, at \*3 (D. Utah Nov. 21, 2022) ("Disqualification from pretrial matters may be appropriate, however, where that activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role."). "[I]f for example, the attorney's dual role in deposition proceedings would likely be revealed at trial, the court may properly limit the attorney's role in that activity." *Fognani v. Young*, 115 P.3d 1268, 1277 (Colo. 2005) (en banc); *see also Doe v. Yim*, 55 Cal. App. 5th 573, 583, (2020) (collecting cases). For example, in *World Youth Day*, the district court granted the motion to disqualify because "the testimony from oral depositions … cannot easily be taken and read into evidence without revealing [the attorney's] identity as the deposing attorney." 866 F. Supp. at 1304. Where the attorney in question "himself probably will be deposed[,]" the court concluded it would be "naïve to believe that depositions are divorced from trial advocacy[,]" as they "are routinely utilized at trial." *Id.*[2]

---

[2] The *World Youth* court highlighted the difficulties this would present for a jury trial since "[v]ideotaped depositions present an even greater concern[,]" given that an attorney-witness's "impermissible dual role as advocate and witness will be even more apparent to the jury." *Id.* The court therefore barred the attorney from taking any depositions in that case. *Id.* at 1304.

Other courts have issued similar rulings. *See, e.g.*, *Agena v. Cleaver-Brooks, Inc.*, No. 19-cv-89, 2019 WL 11248588, at \*4 (D. Haw. Oct. 17, 2019), *aff'd*, 428 F. Supp. 3d 267 (D. Haw. 2019) ("the Court agrees with Plaintiffs that an extension of this disqualification to include depositions is reasonable considering the key role that deposition testimony often plays at trial"); *Redding v. Prosight Specialty Mgmt. Co.*, No. CR 12-98-H-CCL, 2014 WL 12783297, at \*4 (D. Mont. Feb. 3, 2014) ("The Court concludes that Defendants have shown that Plaintiff's counsel should be disqualified from representing Plaintiff at trial and at deposition."); *Waite, Schneider, Bayless & Chesley Co. v. Davis*, 253 F. Supp. 3d 997, 1019 (S.D. Ohio 2015) (concluding attorney "violated his ethical obligations under Rule 3.7(a)" by "participating in pretrial discovery likely to generate evidence used at trial" and by "failing to consider … whether his status as a necessary witness required him to withdraw"). Even where the trier of fact is a judge, not a jury, courts have disqualified attorneys who are also witnesses in the relevant matter. *See Merch. & Gould, P.C. v. Premiere Glob. Servs., Inc.*, No. 09-cv-3144, 2010 WL 11646623, at \*5-\*6 (D. Minn. Nov. 15, 2010) ("In short, even if the trier of fact, in this case Judge Tunheim, would not be confused by Clifford's simultaneous role as witness and advocate at trial, defendants are entitled to a proceeding free of the taint that can result from Clifford's dual roles…. [T]he scope of Clifford's disqualification shall extend to taking and defending depositions, arguing pre-trial evidentiary motions or appearing at trial in his capacity as an advocate.").

The D.C. Bar's Ethics Opinion 228 opines that "in any case in which the lawyer's professional judgment on behalf of a client may be adversely affected by his/her role as a witness, the lawyer may not represent the client in pre-trial motions without the client's consent." It especially flags "concerns" associated with a "lawyer-witness representing the client at the lawyer's own pre-trial deposition," explaining that "While Rule 3.7 does not prohibit such

representation, other ethical issues may be raised when a lawyer assumes both roles at his/her own deposition," including "whether the lawyer-witness will be able to protect his/her client's confidences and secrets diligently, as required by Rule 16." *Id.*

## II. SUSMAN SHOULD BE DISQUALIFIED BECAUSE IT IS BOTH A WITNESS AND ADVOCATE IN THIS MATTER.

Under the District of Columbia Rules of Professional Conduct and the ABA's own model rules, Susman may not appropriately represent the ABA because Susman is a fact witness, and none of the recognized exceptions apply.

Here, Susman is an essential actor in this lawsuit. Susman was the subject of an Executive Order. *See* Susman EO. As a plaintiff, Susman is presently litigating against Defendants before the D.C. Circuit on substantially the same conduct at issue in this case. *Susman Godfrey LLP v. Exec. Off. of President*, No. 25-5310 (D.C. Cir.). The ABA, through its counsel Susman, has sought discovery from Defendants and at least one third party, including for communications *with and about Susman*. Susman has also noticed at least one deposition that it presumably plans to take. In parallel, Defendants have noticed Rule 45 subpoenas to third parties, including Susman, as well as more than a dozen depositions, including Susman's managing partner. Susman is a witness and advocate at one and the same time.

For the reasons explained in the decisions cited above, Susman should not be allowed to participate in pre-trial proceedings in order to obtain evidence which, if admitted at trial, would reveal Susman's dual role. *See, e.g.*, *Droste*, 477 F.3d at 1035. This includes seeking communications with the firm or its attorneys, employees, or agents, as well as the taking or defense of depositions in discovery. Such continued participation would violate Rule 3.7.

No exception applies. Such testimony does not "relat[e] to an uncontested issue[,]" or "to the nature and value of legal services rendered in the case[.]" Rule 3.7(a)(1)-(2). Nor would

8

disqualification "work substantial hardship on the client[,]" Rule 3.7(a)(3).  After all, the ABA is a longstanding membership organization that arguably has more connections to law firms and other legal services providers than any other organization in the country.  *See* Compl. ¶ 23 (describing history and breadth of ABA membership).  The ABA may have as its choice of counsel presumably any law firm in the country, or at least most law firms, just not fact witnesses in these proceedings.

To be sure, a court in this District has acknowledged that "disqualification is highly disfavored," and it may be "hazardous as a general matter to allow the government to subpoena a defense attorney to testify against his own client, thereby forcing attorney and client to sever their relationship." *Crowder*, 313 F. Supp. 3d at 141, 146.  But this is not the case here.  Susman created these conflicts by choosing to sue the Government and represent the ABA in a substantially similar challenge, and then to seek records of communications with Susman's own attorneys.  Separate from any discovery requests made by Defendants, Susman cannot engage in the discovery that it has sought—including requesting its own communications and subpoenaing a third party about those communications.  Susman's attorneys cannot adequately mitigate their dual roles as fact witnesses and advocates during discovery or depositions.  Nor can they plausibly extricate themselves from obvious conflicts of interest that may arise, where the interests or credibility of Susman attorneys may be called into question.  It is not clear what steps, if any, Susman has taken to erect conflict boundaries within the firm as part of the litigation, but Defendants assert that any such attempts would be futile.

Pursuant to Local Rule 7(m), counsel for Defendants raised the basis for this motion with Plaintiff's counsel, who did not agree that disqualification was appropriate.  Before filing this motion, counsel for Defendants sent Plaintiff's counsel an email seeking Plaintiff's position on the instant motion and in response, Susman indicated that the third party subpoena was being handled

by the firm's General Counsel and not the team litigating this matter, that the firm is represented by outside counsel in the Susman lawsuit, and made clear that they opposed this motion. But this limited information fails to obviate the basis for this motion, because Susman continues to seek its own documents in this litigation and, by its own actions, demonstrates that it is a percipient witness to the claims it brings on behalf of the ABA.

## CONCLUSION

The Court should therefore GRANT the motion to disqualify.

Dated: July 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
DIANE KELLEHER
Directors, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

CHRISTOPHER M. LYNCH
JAMES R. POWERS
Chief Litigation Counsel, Federal Programs Branch

*/s/ Michael Velchik*
MICHAEL VELCHIK (D.C. Bar. 187249)
Senior Counsel
JAMES J. WEN
M. JARED LITTMAN
ADAM S. FOX
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 860-8388
Email: michael.velchik@usdoj.gov
*Attorneys for Defendants*

10

## CERTIFICATION OF SERVICE

I hereby certify that, on July 17, 2026, this memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Michael Velchik*
MICHAEL VELCHIK

1