# EXHIBIT 2
# to Opposition to Government's Motion to Disqualify

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BAR ASSOCIATION, *Plaintiff,* v. EXECUTIVE OFFICE OF THE PRESIDENT, et al., *Defendants.* | Civil Case No. 1:25-cv-01888-AHA |

## PLAINTIFF AMERICAN BAR ASSOCIATION'S INITIAL RULE 26(a)(1) DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), and the operative scheduling order, ECF No. 57 at 1, Plaintiff American Bar Association ("ABA") hereby submits its Initial Rule 26(a)(1) Disclosures.

ABA bases these Initial Disclosures on information it has acquired to date. ABA makes these Initial Disclosures without waiving the right to object to production of any document or tangible thing disclosed on the grounds of competency, privilege, relevancy and materiality, hearsay, undue burden, or any other proper ground; the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; or the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these Initial Disclosures. Consistent with Federal Rule of Civil Procedure 26(e), ABA reserves its right to modify, amend, and/or supplement these Initial Disclosures as additional evidence and information becomes available.

1

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), and to the extent known by ABA, the following individuals are likely to have discoverable information that ABA may use to support its claims or defenses. The following disclosure does not include expert witnesses, who may be identified at a later date in accordance with the Federal Rules of Civil Procedure and the operative Scheduling Order, ECF No. 57. In providing this information, ABA does not waive any applicable privilege or work product protection, and no current employee or consultant of ABA may be contacted without the prior consent of ABA's counsel. ABA expressly reserves the right to identify and to call additional persons as witnesses if, during the course of discovery and investigation relating to this case, ABA learns that such additional persons have relevant knowledge. The inclusion of the individuals in the list below should not be construed in any way as waiving any attorney-client privilege or work product immunity with respect to information that such individuals may possess. Furthermore, by including an individual on this list, ABA does not waive its rights to object to any deposition or trial testimony of such individual.

Subject to the foregoing, on information and belief, the following individuals may possess information that ABA may use to support its claims:

| NAME | CONTACT INFORMATION | SUBJECT(S) OF DISCOVERABLE INFORMATION |
|---|---|---|
| Annaliese Fleming, Senior Associate Executive Director & General Counsel, American Bar Association | c/o Susman Godfrey LLP One Manhattan West New York, NY 10001-8602 (212) 336-8330 | May have knowledge of ABA's operations; membership; relationships and communications with law firms and other organizations; pro bono programs; and the effect of the Law Firm Intimidation Policy ("Policy") on members. Other ABA employees may also have relevant information on these topics. |
| Justin Houppert | c/o Susman Godfrey LLP One Manhattan West | May have knowledge of ABA's operations; membership; relationships |

2

| NAME | CONTACT INFORMATION | SUBJECT(S) OF DISCOVERABLE INFORMATION |
|---|---|---|
| First Deputy General Counsel, American Bar Association | New York, NY 10001-8602 (212) 336-8330 | and communications with law firms and other organizations; pro bono programs; and the effect of the Policy on members. Other ABA employees may also have relevant information on these topics. |
| ABA Member A | c/o Susman Godfrey LLP One Manhattan West New York, NY 10001-8602 (212) 336-8330 | May have knowledge of his/her law firm's pre- and post- Policy activities, litigations, and clients, including litigation adverse to the government, pro bono immigration/asylum work, litigation on disfavored social and political issues, and amicus advocacy; information regarding law firm exposure to the Policy of targeting law firms; harms, injuries, and behavioral changes resulting from the Policy; resources expended relating to the Policy; and client reactions and discussions of the Policy. |
| ABA Member B | c/o Susman Godfrey LLP One Manhattan West New York, NY 10001-8602 (212) 336-8330 | May have knowledge of his/her law firm's pre- and post-Policy activities, litigations, and clients, including litigation adverse to the government, pro bono immigration/asylum work, litigation on disfavored social and political issues, and amicus advocacy; information regarding law firm exposure to the Policy of targeting law firms; harms, injuries, and behavioral changes resulting from the Policy; resources expended relating to the Policy; and client reactions and discussions of the Policy. |
| ABA Member C | c/o Susman Godfrey LLP One Manhattan West New York, NY 10001-8602 (212) 336-8330 | May have knowledge of his/her law firm's pre- and post-Policy activities, litigations, and clients, including litigation adverse to the government, pro bono immigration/asylum work, litigation on disfavored social and political issues, and amicus advocacy; information regarding law firm exposure to the Policy of targeting law |

| NAME | CONTACT INFORMATION | SUBJECT(S) OF DISCOVERABLE INFORMATION |
|---|---|---|
| | | firms; harms, injuries, and behavioral changes resulting from the Policy; resources expended relating to the Policy; and client reactions and discussions of the Policy. |
| ABA Member D | c/o Susman Godfrey LLP One Manhattan West New York, NY 10001-8602 (212) 336-8330 | May have knowledge of his/her law firm's pre- and post-Policy activities, litigations, and clients, including litigation adverse to the government, pro bono immigration/asylum work, litigation on disfavored social and political issues, and amicus advocacy; information regarding law firm exposure to the Policy of targeting law firms; harms, injuries, and behavioral changes resulting from the Policy; resources expended relating to the Policy; and client reactions and discussions of the Policy. |
| Other ABA Members | c/o Susman Godfrey LLP One Manhattan West New York, NY 10001-8602 (212) 336-8330 | May have knowledge of his/her law firm's pre- and post-Policy activities, litigations, and clients, including litigation adverse to the government, pro bono immigration/asylum work, litigation on disfavored social and political issues, and amicus advocacy; information regarding law firm exposure to the Policy of targeting law firms; harms, injuries, and behavioral changes resulting from the Policy; resources expended relating to the Policy; and client reactions and discussions of the Policy. |
| Will Scharf, White House Staff Secretary | Through Defendants. | The existence, origin, authorship, and nature of the Policy; criteria and processes used to select firms for targeting; the identity of prospective targets; the reasons for and motivations behind the targeting of firms; the relationship between stated and actual justifications for targeting; the implementation and enforcement of the Policy and executive orders |

| NAME | CONTACT INFORMATION | SUBJECT(S) OF DISCOVERABLE INFORMATION |
|---|---|---|
| | | across agencies; the negotiation, terms, and enforceability of the administration's settlements with law firm; the duration intended scope of the Policy, including its reach beyond publicly named firms. |
| Stephen Miller, White House Deputy Chief of Staff | Through Defendants. | The existence, origin, authorship, and nature of the Policy; criteria and processes used to select firms for targeting; the identity of prospective targets; the reasons for and motivations behind the targeting of firms; the relationship between stated and actual justifications for targeting; the implementation and enforcement of the Policy and executive orders across agencies; the negotiation, terms, and enforceability of the administration's settlements with law firm; the duration intended scope of the Policy, including its reach beyond publicly named firms. |
| Karoline Leavitt, White House Press Secretary | Through Defendants. | The existence, origin, authorship, and nature of the Policy; criteria and processes used to select firms for targeting; the identity of prospective targets; the reasons for and motivations behind the targeting of firms; the relationship between stated and actual justifications for targeting; the implementation and enforcement of the Policy and executive orders across agencies; the negotiation, terms, and enforceability of the administration's settlements with law firm; the duration intended scope of the Policy, including its reach beyond publicly named firms. |
| Todd Blanche, Acting United States Attorney General | Through Defendants. | The existence, origin, authorship, and nature of the Policy; criteria and processes used to select firms for targeting; the identity of prospective targets; the reasons for and |

5

| NAME | CONTACT INFORMATION | SUBJECT(S) OF DISCOVERABLE INFORMATION |
|---|---|---|
| | | motivations behind the targeting of firms; the relationship between stated and actual justifications for targeting; the implementation and enforcement of the Policy and executive orders across agencies; the negotiation, terms, and enforceability of the administration's settlements with law firm; the duration intended scope of the Policy, including its reach beyond publicly named firms. |
| Pamela J. Bondi, former United States Attorney General | Through Defendants. | The existence, origin, authorship, and nature of the Policy; criteria and processes used to select firms for targeting; the identity of prospective targets; the reasons for and motivations behind the targeting of firms; the relationship between stated and actual justifications for targeting; the implementation and enforcement of the Policy and executive orders across agencies; the negotiation, terms, and enforceability of the administration's settlements with law firm; the duration intended scope of the Policy, including its reach beyond publicly named firms. |
| Russell Vought, director of the Office of Management and Budget | Through Defendants. | The existence, origin, authorship, and nature of the Policy; criteria and processes used to select firms for targeting; the identity of prospective targets; the reasons for and motivations behind the targeting of firms; the relationship between stated and actual justifications for targeting; the implementation and enforcement of the Policy and executive orders across agencies; the negotiation, terms, and enforceability of the administration's settlements with law firm; the duration intended scope of the Policy, including its reach beyond publicly named firms. |

6

| NAME | CONTACT INFORMATION | SUBJECT(S) OF DISCOVERABLE INFORMATION |
|---|---|---|
| Andrea R. Lucas, Chair of the U.S. Equal Employment Opportunity Commission (EEOC) | Through Defendants. | The existence, origin, authorship, and nature of the Policy; criteria and processes used to select firms for targeting; the identity of prospective targets; the reasons for and motivations behind the targeting of firms; the relationship between stated and actual justifications for targeting; the implementation and enforcement of the Policy and executive orders across agencies; the negotiation, terms, and enforceability of the administration's settlements with law firm; the duration intended scope of the Policy, including its reach beyond publicly named firms. |
| Boris Epshteyn | | The negotiation, terms, and enforcement of the settlements with law firm; actual commitments provided and any understandings not reflected in the public announcements; the relationship between the settlements and the Law Firm Orders; the criteria and processes for selecting which firms were approached for settlements; and the identities of other government principals involved in authoring and directing settlements and/or the Policy. |
| Steve Bannon | | The negotiation, terms, and enforcement of the settlements with law firm; actual commitments provided and any understandings not reflected in the public announcements; the relationship between the settlements and the Law Firm Orders; the criteria and processes for selecting which firms were approached for settlements; and the identities of other government principals involved in authoring and directing settlements and/or the Policy. |

7

| NAME | CONTACT INFORMATION | SUBJECT(S) OF DISCOVERABLE INFORMATION |
|---|---|---|
| Any individual identified in Defendants' Rule 26(a) disclosures and supplements thereto. | Through Defendants. | |

## II. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, ABA is not presently aware of any documents, electronically stored information, and tangible things that the ABA has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. ABA's investigation is ongoing and it reserves the right to update these disclosures.

ABA reserves its right to object to the production of documents within the categories described herein on any basis permitted by the Federal Rules of Civil Procedure.

## III. COMPUTATION OF DAMAGES

The ABA seeks only declaratory and injunctive relief. *See* ECF No. 1.

## IV. INSURANCE AGREEMENTS

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, ABA is not aware of any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payment made to satisfy the judgment.

Dated: June 12, 2026

/s/ Stephen Shackelford
Stephen Shackelford, Jr. (D.C. Bar #NY0443)
Beatrice Franklin (*Admitted pro hac vice*)

8

Jillian Hewitt (*Admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330
sshackelford@susmangodfrey.com
bfranklin@susmangodfrey.com
jhewitt@susmangodfrey.com


Neal Manne (D.C. Bar #357012)
Barry Barnett*
Harry Susman*
Justin A. Nelson (D.C. Bar#490347)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
nmanne@susmangodfrey.com
bbarnett@susmangodfrey.com
hsusman@susmangodfrey.com
jnelson@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
dbrook@susmangodfrey.com

Jordan Connors*
Steve Seigel (D.C. Bar#D00473)
Katherine Peaslee (Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: 206-516-3880
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
kpeaslee@susmangodfrey.com

*pro hac vice* forthcoming

*Attorneys for Plaintiff American Bar Association*

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I served the foregoing by email to counsel of record

for the Defendants.

/s/ Stephen Shackelford, Jr.
Stephen Shackelford, Jr.