# EXHIBIT 3
## to Opposition to Government's Motion to Disqualify

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN BAR ASSOCIATION,

        *Plaintiff*,

    v.

EXECUTIVE OFFICE
OF THE PRESIDENT, *et al.*,

        *Defendants*.

Case No. 1:25-cv-01888-AHA

**DEFENDANTS' INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants in the above-captioned

matter[1] hereby submit their initial disclosures. These disclosures are based on information

---

[1] As captioned in the Complaint: Executive Office of the President; the U.S. Department of Justice; the Attorney General of the United States in his/her official capacity; the Office of Management and Budget; the Director of the Office of Management and Budget in his/her official capacity; the Equal Employment Opportunity Commission; the Acting Chair of the Equal Employment Opportunity Commission in his/her official capacity; the Office of Personnel Management; the Acting Director of the Office of Personnel Management in his/her official capacity; the General Services Administration; the Acting Administrator of the General Services Administration in his/her official capacity; the Office of the Director of National Intelligence; the Director of National Intelligence in his/her official capacity; the Central Intelligence Agency; the Director of the Central Intelligence Agency in his/her official capacity; the Consumer Financial Protection Bureau; the Acting Director of the Consumer Financial Protection Bureau in his/her official capacity; the Department of Agriculture; the Secretary of Agriculture in her official capacity; the Department of Commerce; the Secretary of Commerce in his/her official capacity; the Department of Defense; the Secretary of Defense in his/her official capacity; the Department of Energy; the Secretary of Energy in his/her official capacity; the Department of Health and Human Services; the Secretary of Health and Human Services in his/her official capacity; the Department of Homeland Security; the Secretary of Homeland Security in his/her official capacity; the Department of the Interior; the Secretary of the Interior in his/her official capacity; the Department of Labor; the Secretary of Labor in his/her official capacity; the Department of State; the Secretary

*Continued on next page.*

reasonably available to Defendants at the current time. All information provided herein is subject to the Protective Order that the parties (or, if agreement cannot be reached, the Defendants) intend to propose to the Court to be entered in this action, and may be used solely for the purpose of this litigation and for no other purpose. Defendants will supplement these disclosures as appropriate pursuant to Federal Rule of Civil Procedure 26(e)(1).

## I.    Individuals Likely to Have Discoverable Information

The following individuals are likely to have discoverable information that Defendants may rely upon in this case. Defendants request that each of these individuals be contacted only through undersigned counsel.

**Department of Justice (DOJ)**

1. **Christine Gunning**, former Deputy Director, Security and Emergency Preparedness Staff (SEPS) at DOJ. SEPS directs DOJ policies and initiatives pertaining to physical

---

of State in his/her official capacity; the Department of Transportation; the Secretary of Transportation in his/her official capacity; the Department of the Treasury; the Secretary of the Treasury in his/her official capacity; the Department of Veterans Affairs; the Secretary of Veterans Affairs in his/her official capacity; the Federal Bureau of Investigation; the Director of the Federal Bureau of Investigation in his/her official capacity; the Environmental Protection Agency; the Administrator of the Environmental Protection Agency in his/her official capacity; the Federal Energy Regulatory Commission; the Chairman of the Federal Energy Regulatory Commission in his/her official capacity; the Commissioners of the Federal Energy Regulatory Commission in their official capacities; the Federal Communications Commission; the Chairman of the Federal Communications Commission in his/her official capacity; the Commissioners of the Federal Communications Commission in their official capacities; the Federal Trade Commission; the Chairman of the Federal Trade Commission in his/her official capacity; the Commissioners of the Federal Trade Commission in their official capacities; the Internal Revenue Service; the Commissioner of the Internal Revenue Service in his/her official capacity; the Securities and Exchange Commission; the Chairman of the Securities and Exchange Commission in his/her official capacity; the Commissioners of the Securities and Exchange Commission in their official capacities; the United States Patent and Trademark Office; the Acting Director of the United States Patent and Trademark Office in her official capacity; the U.S. Post Office; the Acting Postmaster General in his/her official capacity; and the United States of America.

security, emergency preparedness, personnel security, litigation security, and information assurance. Within SEPS is the Litigation Security Group (LSG), which is responsible for preventing the unauthorized disclosure of classified information in the judicial process. In accordance with the Classified Information Procedures Act and/or applicable regulations, personnel from LSG serve as Classified Information Security Officers (CISOs) during court proceedings. CISOs are responsible for initiating background check investigations and granting security clearances upon favorable adjudication for selected court personnel and counsel deemed eligible. Ms. Gunning may have information regarding any steps contemplated or taken to effect instructions in the Executive Orders regarding security clearance matters.

**Office of Management and Budget (OMB)**

2. **Jason Hoffman**, Executive Secretary. Mr. Hoffman is likely to have discoverable information.

3. **Dr. Kevin Rhodes**, Administrator, Office of Federal Procurement Policy. Dr. Rhodes is likely to have discoverable information.

**Federal Bureau of Investigation (FBI)**

4. **David Fitzgibboons**, former Deputy Assistant Director, Security Division. Mr. Fitzgibboons might have information regarding the directives to suspend or revoke the security clearances pursuant to the Executive Orders.

5. **Jacob Zochert**, former Acting Deputy Assistant Director. Mr. Zochert might have information regarding the directives to suspend or revoke the security clearances pursuant to the Executive Orders.

**Department of Health and Human Resources (HHS)**

3

6. **Garey Rice**, Senior Counselor to the Chief of Staff, Immediate Office of the Secretary. Mr. Rice is likely to have discoverable information.

**Federal Communications Commission (FCC)**

7. **Scott Delacourt,** Chief of Staff. Mr. Delacourt is likely to have discoverable information related to the FCC's interpretation of the Executive Orders.

8. **Mark Stephens**, former Managing Director. Mr. Stephens is likely to have discoverable information related to the FCC's interpretation of the Executive Orders.

9. **Holly Sauer**, Deputy Managing Director. Ms. Sauer is likely to have discoverable information related to the FCC's interpretation of the Executive Orders.

10. **Thomas Buckley**, Chief Administrative Officer. Mr. Buckley is likely to have discoverable information related to the FCC's interpretation of the Executive Orders.

11. **Ellen Standiford**, Chief Human Capital Officer. Ms. Standiford is likely to have discoverable information related to the FCC's interpretation of the Executive Orders.

**Department of War (DOW)**

12. **Danielle Hollingsworth**, Branch Chief for Policy, Trust Decisions (Adjudications), Defense Counterintelligence and Security Agency Personnel Vetting. Ms. Hollingsworth is likely to have discoverable information.

Defendants reserve the right to call any individual identified in Plaintiff's Rule 26(a) disclosures as a witness to support Defendants' defenses, as well as any witness needed for rebuttal or impeachment.

## II. Documents That May be Relied Upon by Defendants

Defendants may use the below categories of unclassified, non-privileged documents and electronically stored information to support their defenses in this case:

4

1. Defendants' Status Report (ECF No. 144), *Jenner & Block LLP v. U.S. Dep't of Just.*, No. 1:25-cv-00916 (JDB) (D.D.C.)

2. Defendants' Status Report (ECF No. 123), *Wilmer Cutler Pickering Hale and Dorr LLP v. Executive Office of the President*, No. 1:25-cv-0917 (RJL) (D.D.C.)

3. Defendants' Status Report (ECF No. 208), *Susman Godfrey LLP v. Executive Office of the President*, No. 1:25-1107 (LLA) (D.D.C.).

4. U.S. Dep't of Just., Off. Of Pro. Resp., *Fiscal Year 2025 Annual Report* (2025), https://www.justice.gov/opr/media/1439251/dl

## III.    Damages Computation

N/A.

## IV.    Insurance Agreements

N/A.

Dated: June 12, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Director
Civil Division, Federal Programs Branch

/s/ *James J. Wen*
JAMES J. WEN
M. JARED LITTMAN
ADAM S. FOX
Trial Attorneys,
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-8185
E-mail: james.j.wen@usdoj.gov
*Attorneys for Defendants*

5