**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>EXECUTIVE OFFICE<br>OF THE PRESIDENT, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-01888-AHA |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' NOTICE REGARDING THE COURT'S AUGUST 3 MINUTE ORDER**

Defendants submit this reply to address four significant legal errors in Plaintiffs' Response concerning Defendants' assertion of executive privilege. ECF No. 81 ("Resp.").

## I. The Presidential Communications Privilege Is Not Limited To The White House

Plaintiff incorrectly and incredibly claims that "the presidential communications privilege applies only to White House staff." Resp. at 4. That is demonstrably false. The presidential communications privilege protects "direct communications with the President," concerning official business, regardless of the status of his interlocutor. *AAPS v. Clinton*, 997 F.2d 898, 909 (D.C. Cir. 1993); *see, e.g.*, *Loving v. U.S. Dep't of Def.*, 550 F.3d 32, 39 (D.C. Cir. 2008) ("memoranda from the Army and Defense Secretaries directly to the President … fall squarely within the presidential communications privilege because they 'directly involve' the President"). Second, the presidential communications privilege also protects "communications authored or solicited and received" by close advisers to the President, in furtherance of presidential decisionmaking. *In re Sealed Case*, 121 F.3d 729, 752 (D.C. Cir. 1997). For this prong, close advisers are limited to "those members of an immediate White House adviser's staff who have broad and significant responsibility for investigating and formulating the advice to be given the President on the particular matter to which the communications relate." *Id.* But so long as a qualifying White House staffer solicits and receives the information, the presidential communications privilege applies, regardless of the status of the individual solicited. *See id.* at 751-52; *In re United States*, 678 Fed. App'x 981, 991-92 (Fed. Cir. 2017) ("But [the identity of the interlocutor] is irrelevant to whether the presidential communications privilege applies, as it is undisputed that the senior White House advisor on the email was investigating and forming a basis for providing advice on the matters at issue."); *see, e.g.*, *Am. First Legal Found. v. U.S. Dep't of Agric.*, 126 F.4th 691, 695 (D.C. Cir. 2025) (strategic plans submitted by agencies); *Assertion of*

*Executive Privilege Concerning the Dismissal and Replacement of U.S. Attorneys*, 31 Op. O.L.C. 1, 5 (2007) (communications between White House and persons outside the Executive Branch).

In support of Plaintiff's assertion, Plaintiffs quote out of context:

> "[T]he privilege should not extend to staff outside the White House in executive branch agencies. Instead, the privilege should apply only to communications authored or solicited and received by those members of an immediate White House adviser's staff who have broad and significant responsibility for investigating and formulating the advice to be given the President on the particular matter to which the communications relate."

*In re Sealed Case*, 121 F.3d at 752. But that statement speaks only to which advisers are considered close advisers for purposes of the "solicit-and-receive" prong. Plaintiff's assertion and the out-of-context quotation are deceptive and highly misleading.

## II. Executive Privilege Protects White House Employees

Despite arguing that the presidential communications privilege only applies to White House staff, Plaintiff also argues that not even they may benefit from executive privilege because their employment status is public. Resp. at 2, 6-8. This is wrong. Plaintiff cites *CREW v. DHS*, 592 F. Supp. 2d 111, 117 (D.D.C. 2009), where the district court held that per FOIA, DHS had to produce visitor logs for the White House and Vice President's residence; but the D.C. Circuit later reached the opposite conclusion in *Jud. Watch, Inc. v. U.S. Secret Serv.*, citing "significant separation-of-powers concerns." 726 F.3d 208, 217 (D.C. Cir. 2013). Meanwhile, *Comm. on Judiciary v. Miers*, 558 F. Supp. 2d 53 (D.D.C. 2008), concerned the materially different question of immunity from testifying before Congress. Plaintiff does not engage with the Lawkowski declaration's factual assertions of chill or the Supreme Court's analysis recognizing chilling effect.

## III. The Requests And The Assertion Of Privilege Provide A Sufficient Basis

Plaintiff claims that Defendants have provided no basis for the Court "to test whether the [presidential communications] privilege has been properly invoked." Resp. at 8. Not so. First, it is

apparent from contours of the requests themselves that the information is necessarily protected. For example, the Court has ordered Defendants to provide the names of "all individuals who participated in the drafting editing, publishing, review, or approval of Law Firm Orders, including who first proposed the idea" and "the members of 'President Trump's policy team' who are involved in 'executing on his directive to hold Big Law accountable for their weaponization of justice and their lies.'" By construction, this seeks privileged information, and Defendants properly submitted a declaration asserting privilege. Second, Plaintiff's position is contradicted by precedent: in *Jud. Watch, Inc. v. U.S. Dep't of Def.*, the D.C. Circuit expressly held that "to determine the applicability of the presidential communications privilege, the government's declarations did not need to be more specific about who gave the briefings" or myriad other details, because "[i]t sufficed that the President and his top national security advisers 'solicited and received[]' the legal advice" at issue. 913 F.3d 1106, 1113 (D.C. Cir. 2019). So too here, there is enough to evaluate the invocation of privilege. Finally, Plaintiff's argument is circular and overbroad here: if Plaintiff needs the identities of the President's advisers to evaluate whether the identities are privileged, then it would be impossible to ever assert privilege over their identities. Nor does Plaintiff ever establish its need.

**IV. Plaintiff's Response Shows That They Already Have Enough Information**

Plaintiff also points to information available to it, public or otherwise, that it contends brings the information at issue outside the privilege. *See, e.g.*, Resp. at 2, 6, 7. But this argument is simply a concession that Plaintiff already has sufficient information to continue pursuing discovery on the Requests at issue, without the need for intrusive discovery on the White House or invading of the presidential communications privilege.

Dated: August 31, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
DIANE KELLEHER
Directors, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

CHRISTOPHER M. LYNCH
JAMES R. POWERS
Chief Litigation Counsel, Federal Programs Branch

*<u>/s/ Michael Velchik</u>*
MICHAEL VELCHIK,
Senior Counsel, Civil Division
JAMES J. WEN (NY Bar No. 5422126)
M. JARED LITTMAN
ADAM S. FOX
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8185
Email: james.j.wen@usdoj.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on August 31, 2026.

/s/Michael K. Velchik
MICHAEL K. VELCHIK