**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN BAR ASSOCIATION,

*Plaintiffs*,

v.

EXECUTIVE OFFICE
OF THE PRESIDENT, *et al.*,

*Defendants*.

Case No. 1:25-cv-01888-AHA

**[PROPOSED] STIPULATION REGARDING TREATMENT OF INADVERTENTLY PRODUCED DOCUMENTS**

**WHEREAS**, on June 16, 2025, Plaintiffs filed the above-captioned action (the "Instant Action");

**WHEREAS**, on March 31, 2026, the Court denied Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), *see* ECF No. 43;

**WHEREAS**, on August 3, 2026, this Court entered the parties' stipulation and proposed order governing confidential information, *see* ECF No. 74 ("Protective Order");

**WHEREAS**, pursuant to Rule 502(d) of the Federal Rules of Evidence, the parties seek to provide agreed upon procedures that the parties shall use in the event of an inadvertent production of a document during this litigation;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for Plaintiff and Defendants, as follows:

The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Stipulated Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Stipulated Order shall constitute a determination that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Stipulated Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**I. DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

3. "Producing party," as used herein, carries the same meaning as defined in the Protective Order;

4. "Receiving party," as used herein, carries the same meaning as defined in the Protective Order.

## II. PROCEDURES

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and must then return the document or destroy it and certify that it has been destroyed to the producing party. The receiving party must also promptly identify, sequester, and destroy any notes taken about the document. Nothing in this Stipulated Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("Privilege Notice").

3. The Privilege Notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4. Upon receiving the Privilege Notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the Privilege Notice, it must take reasonable steps to

retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5. Upon receiving the Privilege Notice, if the receiving party wishes to dispute a producing party's Privilege Notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered immediately upon receiving the Privilege Notice and not be used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the dispute is pending, provided that the receiving party may use the document(s) to challenge the privilege assertion as set forth in paragraph 6 below.

6. If the parties are unable to come to an agreement about the privilege assertions made in the Privilege Notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

Agreed to by:


*/s/ Stephen Shackelford*
Stephen Shackelford, Jr. (D.C. Bar #NY0443)
Beatrice Franklin (*Admitted pro hac vice)*
Jillian Hewitt (*Admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330
sshackelford@susmangodfrey.com
bfranklin@susmangodfrey.com
jhewitt@susmangodfrey.com

Neal Manne (D.C. Bar #357012)
Barry Barnett*
Harry Susman*
Justin A. Nelson (D.C. Bar#490347)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
nmanne@susmangodfrey.com
bbarnett@susmangodfrey.com
hsusman@susmangodfrey.com
jnelson@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
dbrook@susmangodfrey.com

Jordan Connors*
Steve Seigel (D.C. Bar#D00473)
Katherine Peaslee (Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: 206-516-3880
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
kpeaslee@susmangodfrey.com


**pro hac vice* forthcoming

*Attorneys for Plaintiff American Bar Association*

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
DIANE KELLEHER
Directors, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

JAMES R. POWERS
CHRISTOPHER M. LYNCH
Chief Litigation Counsel

*/s/ James J. Wen*_______
MICHAEL VELCHIK
Senior Counsel
JAMES J. WEN (NY Bar No. 5422126)
M. JARED LITTMAN
ADAM S. FOX
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8185
Email: james.j.wen@usdoj.gov

*Attorneys for Defendants*

Dated: September 11, 2026

IT IS SO ORDERED.

Dated:

____________________________________
AMIR H. ALI
UNITED STATES DISTRICT JUDGE