**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-01888 (AHA) |

**Memorandum Opinion and Order**

The American Bar Association ("ABA") sues federal agencies and officials, alleging they adopted an unlawful, coordinated policy of sanctioning law firms and their lawyers for representing clients and working on causes the government does not like. The government now moves to disqualify the law firm Susman Godfrey LLP from representing the ABA in this case, arguing the representation violates a rule of professional conduct that precludes a lawyer from serving as a trial advocate when the lawyer is likely to be a necessary witness. The court denies the motion.

## I. Background

In June 2025, the ABA sued federal agencies and officials, alleging the government had adopted an unlawful, coordinated policy of sanctioning law firms and their lawyers for engaging in speech the government disapproves of. ECF No. 1 ¶ 4; ECF No. 43 at 1. The ABA's complaint details a 14-week period leading up to this suit in which the government launched and executed a coordinated campaign to intimidate and punish law firms and their lawyers based on their speech. ECF No. 43 at 2. This included a series of executive orders issued in quick succession imposing

virtually identical sanctions on law firms and their lawyers, numerous instances in which law firms made concessions to the administration to avoid being sanctioned, and explicit statements from government officials recognizing the administration's commitment to pursuing the sanctions. *Id.* Susman Godfrey was one of the law firms targeted for sanctions by an executive order, and it obtained a permanent injunction against that order. ECF No. 1 ¶¶ 120–28; *see Susman Godfrey LLP v. Exec. Off. of President*, 789 F. Supp. 3d 15 (D.D.C. 2025), *appeal docketed*, No. 25-5310 (D.C. Cir. Aug. 26, 2025). Susman Godfrey later filed this suit as counsel for the ABA. Because one of the executive orders targeted Susman Godfrey, some of the discovery in this case has sought information related to that order. The ABA, for example, seeks the government's communications with firms that were targeted in the executive orders and documents related to the issuance of the executive orders, while the government has served third-party discovery on the firms themselves seeking similar information. *See* ECF No. 61-1 at 14–18; ECF No. 70-1 at 20; ECF No. 67-1 at 2, 18.

The government now moves to disqualify Susman Godfrey from representing the ABA in this case, arguing Susman Godfrey's representation of the ABA violates D.C. Rule of Professional Conduct 3.7(a). ECF No. 68 at 1.

## II. Discussion

When considering a motion to disqualify, the court "must consider two questions in turn: first, whether a violation of an applicable Rule of Professional Conduct has occurred or is occurring, and if so, whether such violation provides sufficient grounds for disqualification." *Headfirst Baseball LLC v. Elwood*, 999 F. Supp. 2d 199, 204–05 (D.D.C. 2013). Disqualification of a party's chosen counsel is a "drastic measure that is disfavored by the courts." *Ambush v. Engelberg*, 282 F. Supp. 3d 58, 62 (D.D.C. 2017) (quoting *Konarski v. Donovan*, 763 F. Supp. 2d 128, 135–36 (D.D.C. 2011)). It is therefore "warranted only rarely in cases where there is neither

a serious question as to counsel's ability to act as a zealous and effective advocate for the client, nor a substantial possibility of an unfair advantage to the current client because of counsel's prior representation of the opposing party." *Koller ex rel. Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1056 (D.C. Cir. 1984) (citations omitted), *vacated on jurisdictional grounds sub nom. Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985). And the determination of whether this is so in the context of a particular case "is committed to the sound discretion of the district court." *Ambush*, 282 F. Supp. 3d at 61.

"The District of Columbia Rules of Professional Conduct govern the practice of law—and the qualification of counsel—in this District." *Id.*; *see* Local Civ. R. 83.15(a) (requiring counsel to comply with the Rules of Professional Conduct, as adopted by the District of Columbia Court of Appeals); D.C. R. Prof'l Conduct 8.5(b)(1) (providing that, "[f]or conduct in connection with a matter pending before a tribunal, the rules to be applied shall be the rules of the jurisdiction in which the tribunal sits"). Here, the government relies on D.C. Rule of Professional Conduct 3.7, which says:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) Disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if the other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9. The provisions of this paragraph (b) do not apply if the lawyer who is appearing as an advocate is employed by, and appears on behalf of, a government agency.

D.C. R. Prof'l Conduct 3.7. According to the government, this rule prevents any lawyer at Susman Godfrey from representing the ABA in this case because the firm "cannot serve as both an advocate for the ABA and a fact witness in the same matter." ECF No. 68 at 1.

The government's argument is not persuasive for a few reasons. First, Rule 3.7 restricts a lawyer's representation when "the lawyer is likely to be a necessary witness." D.C. R. Prof'l Conduct 3.7(a). Here, the government does not identify any lawyer at Susman Godfrey who is likely to be a necessary witness at trial. To the contrary, the government concedes it cannot identify any lawyer who fits that description. *See* ECF No. 72 at 5 (stating that "[u]nless and until discovery has concluded, it is unclear which Susman attorneys are fact witnesses and which are only advocates"). That the ABA's discovery requests include inquiries about an executive order that targeted Susman Godfrey does not establish that any Susman Godfrey lawyer is "likely to be a necessary witness." Indeed, the government does not explain which party is likely to call a Susman Godfrey lawyer as a witness or what subject that lawyer would testify about, let alone that the lawyer's testimony would be necessary to a contested issue in the case. *See United States v. Crowder*, 313 F. Supp. 3d 135, 145–46 (D.D.C. 2018) (concluding Rule 3.7(a) did not require disqualification when the government did not provide evidence that the lawyer's testimony "is likely to be needed" and that the issue "will remain a contested issue by the time of trial"); *Butler v. Enter. Integration Corp.*, 459 F. Supp. 3d 78, 116 (D.D.C. 2020) (denying motion to disqualify under Rule 3.7(a) because, given the early stage of litigation, "no one knows whether [the lawyer]'s testimony will be 'necessary' to the conduct of a trial (or whether a trial will ever occur)").[1]

---

[1] Susman Godfrey also points out that Rule 3.7, by its terms, applies to advocacy at "trial." D.C. R. Prof'l Conduct 3.7. Although the government cites cases from other jurisdictions that have extended analogous state rules of professional conduct to the pretrial context, the D.C. Bar has said the opposite: that Rule 3.7 "is limited to the trial stage," and "[h]ad the District of Columbia

The government instead resorts to general assertions that Susman Godfrey, as a firm, is a "central player" and "essential actor" in this litigation and that the ABA's discovery into the government's executive order targeting Susman Godfrey "effectively concedes [the law firm's] attorneys are material fact witnesses." ECF No. 68 at 1, 8; ECF No. 72 at 3. But that argument runs right into the second reason the government's motion is unpersuasive: Rule 3.7(a) restricts representation by individual lawyers, not by their law firms. So even if the ABA identified a Susman Godfrey lawyer who was likely to be a necessary witness, the rule, by its text, would not disqualify the rest of the firm. And the comments to the rule make clear "there is no general rule of imputed disqualification applicable to Rule 3.7." D.C. R. Prof'l Conduct 3.7 cmt. 5; *see id.* ("If the only reason for not permitting a lawyer to combine the roles of advocate and witness is possible prejudice to the opposing party, there is no reason to disqualify other lawyers in the testifying lawyer's firm from acting as advocates in that trial."). In fact, Rule 3.7 specifically says that a lawyer's disqualification under Rule 3.7(a) is imputed to another lawyer at their firm only "if the

---

Court of Appeals intended the rule to apply beyond prohibition of courtroom representation, the rule could have been so written." D.C. Bar Ethics Op. 228. The D.C. Bar has therefore said, "a lawyer who is likely to be a necessary witness at trial may represent a client in most pre-trial matters" including "taking witness depositions, pre-trial discovery and argument of most pre-trial motions, and also assisting in trial preparation." *Id.*; *see also Butler*, 459 F. Supp. 3d at 116 (denying a Rule 3.7(a) motion to disqualify when the case was "nowhere near trial" and reasoning that, "on its face, the rule does not prohibit [a lawyer] from representing Defendants in the pre-trial stages of litigation"); *U.S. Soccer Fed'n Found., Inc. v. U.S. Soccer Fed'n, Inc.*, No. 18-cv-2856, 2019 WL 4673718, at *6 (D.D.C. Sept. 25, 2019) (explaining Rule 3.7(a) "only applies to trial counsel" and concluding that "[g]iven the early stage of these proceedings, it would be premature to disqualify [counsel] from participating in a possible trial that may be years down the road"); *Ambush*, 282 F. Supp. at 65 (concluding that a disqualification motion under Rule 3.7 was "premature" because "even a lawyer who is likely to be a necessary witness at trial is not disqualified from representing his client during pretrial proceedings"). Rule 3.7 also differs from other D.C. ethics rules that do apply before trial and are not at issue here. *See, e.g.*, D.C. Bar Ethics Op. 228 (explaining that, under Rule 1.7, "in any case in which the lawyer's professional judgment on behalf of a client may be adversely affected by his/her role as a witness, the lawyer may not represent the client in pre-trial motions without the client's consent").

other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9"—general conflict of interest rules that do not apply here (as the government appears to concede). D.C. R. Prof'l Conduct 3.7(b); *see* D.C. R. Prof'l Conduct 1.7, 1.9; *Headfirst*, 999 F. Supp. 2d at 214 (explaining that "the defendants' arguments concerning disqualification of the entire law firm . . . turn on whether the Court first finds that allowing a particular member of the law firm to serve as counsel would violate either Rule 1.7 or Rule 1.9").

The court finds the lawyers representing the ABA in this case are not likely to be necessary witnesses. Indeed, based on the record before the court, none were even involved in representing Susman Godfrey in its challenge to the executive order targeting the firm and none have been involved in representing Susman Godfrey or its managing partner in response to subpoenas issued by the government in this case. ECF No. 68 at 10; ECF No. 71 ¶ 8. That the ABA seeks discovery about communications related to Susman Godfrey does not indicate the lawyers representing the ABA here, who may not have even been involved in the communications, are likely to be necessary witnesses.

## III. Conclusion

For these reasons, the government's motion to disqualify Susman Godfrey LLP, ECF No. 68, is denied.

AMIR H. ALI
United States District Judge

Date: October 16, 2026