**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN BAR ASSOCIATION,

*Plaintiff,*

v.

EXECUTIVE OFFICE OF THE PRESIDENT, et al.,

*Defendants.*

Civil Case No. 1:25-cv-01888-AHA

**PLAINTIFF AMERICAN BAR ASSOCIATION'S MOTION FOR (1) ALTERNATIVE SERVICE ON BORIS EPSHTEYN; AND (2) A LIMITED EXTENSION OF THE SCHEDULING ORDER'S FACT DISCOVERY DEADLINE TO COMPLETE THIRD-PARTY DISCOVERY FROM BORIS EPSHTEYN**

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 3

A. The ABA timely issues and serves the Epshteyn subpoenas. ........ 3

B. The Government moves to quash, and the motion is transferred to this Court. ........ 4

C. Mr. Epshteyn disputes service of the document subpoena and resists all engagement while the motion to quash is pending. ........ 4

D. Mr. Epshteyn evades service of substantively identical replacement subpoenas. ........ 5

E. Mr. Epshteyn's counsel refuses to accept service without conditions that would jeopardize the ABA's ability to pursue the discovery. ........ 6

III. ARGUMENT ........ 8

A. Alternative service is warranted as all of the factors courts consider warrant permitting the ABA to serve Mr. Epshteyn through alternative means. ........ 8

A. Good cause exists to modify the Scheduling Order to take discovery from Mr. Epshteyn. ........ 11

IV. CONCLUSION ........ 14

# INDEX OF EXHIBITS

***Exhibits Attached to Declaration of Jillian Hewitt Filed Herewith***

| Ex. No. | Description |
|---|---|
| 1 | Proof of Service, Subpoena to Produce Documents to Boris Epshteyn (executed by Keith Wilson, June 24, 2026) and cover email |
| 2 | Proof of Service, Subpoena to Testify at a Deposition to Boris Epshteyn (executed by Keith Wilson, June 24, 2026) and cover email |
| | Email Service Reports: |
| 3A | June 3, 2026 Attempt |
| 3B | June 11, 2026 Attempt |
| | Correspondence between counsel for the ABA and counsel for Mr. Epshteyn: |
| 4A | July 23 - October 16, 2026 (Email String A) |
| 4B | Sept. 23 - October 15, 2026 (Email String B) |
| 5 | Replacement Subpoenas to Mr. Epshteyn (issued September 3, 2026) |
| 6 | Affidavit of Non-Service (Charm City Process Services, Sept. 18, 2026) (attempts of Sept. 3, 10 and 15) |
| 7 | Affidavit of Non-Service (Charm City Process Services, Sept. 18, 2026) (attempt of Sept. 16) |
| 8 | Video of Charm City Process Services, September 16 Service Attempt (provided via thumb drive) |
| 9 | Minute Order, *Freeman v. Giuliani*, No. 21-cv-3354 (BAH) (D.D.C. May 10, 2023) |

| Ex. No. | Description |
|---|---|
| 10 | Order, *OAO Alfa Bank v. Ctr. for Pub. Integrity*, No. 00-cv-2208 (JDB) (D.D.C. Jan. 6, 2004) |
| 11 | Order, *Rich v. Butowsky*, No. 1:18-cv-681 (RJL), ECF No. 133 (D.D.C. Jan. 24, 2020) |

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Barr v. Bannon*,
No. 1:26-cv-00452 (ACR) (D.D.C.) ........................................ 6, 9

*Call of the Wild Movie, LLC v. Does 1–1,062*,
770 F. Supp. 2d 332 (D.D.C. 2011) ........................................ 8

*Dag Enters., Inc. v. Exxon Mobil Corp.*,
226 F.R.D. 95 (D.D.C. 2005) ........................................ 12, 13, 14

*Danzy v. IATSE Loc. 22*,
No. 17-cv-02083 (RCL) (RMM), 2020 WL 6887651 (D.D.C. Nov. 23, 2020) ........................................ 12

*United States ex rel. El-Amin v. George Washington Univ.*,
No. 95-cv-2000 (CKK), 2000 U.S. Dist. LEXIS 15635 (D.D.C. Oct. 23, 2000) ........................................ 8

*Exec. Off. of the President v. Am. Bar Ass'n*,
ECF No. 10, No. 1:26-mc-00333 (KPF) (S.D.N.Y. July 20, 2026) ........................................ 4, 9

*Florida v. United States*,
No. 11-cv-1428, 2012 WL 13218793 (D.D.C. Feb. 16, 2012) ........................................ 12

*Freeman v. Giuliani*,
No. 21-cv-3354 (BAH) (D.D.C. May 10, 2023) ........................................ 8, 9, 10, 11

*Henderson v. Day*,
No. 19-cv-945-RDM, 2021 WL 1978793 (D.D.C. May 17, 2021) ........................................ 9

*OAO Alfa Bank v. Ctr. for Pub. Integrity*,
No. 00-cv-2208 (JDB) (D.D.C. Jan. 6, 2004) ........................................ 8

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
281 F.R.D. 12 (D.D.C. 2011) ........................................ 13

*Rich v. Butowsky*,
No. 1:18-cv-681 (RJL) (D.D.C. Jan. 24, 2020) ........................................ 8

*Sanchez v. Yu Lin Corp.*,
No. 21-cv-2119 (TSC), 2022 WL 4598653 (D.D.C. Sept. 30, 2022) ........................................ 11

*In re Subpoenas on Boris Epshteyn*,
ECF No. 18, Case No. 1:26-mc-00114-AHA (D.D.C.) ........................................ 3

**Federal Rules**

Fed. R. Civ. P. 4(e)(1) .......... 11

Fed. R. Civ. P. 6(b)(1)(A) .......... 1, 11

Fed. R. Civ. P. 16(b)(4) .......... 11, 14

Fed. R. Civ. P. 45 .......... *passim*

**Local Rules**

LCvR 7(m) .......... 1

LCvR 16.4 .......... 1, 11

**State Rules**

D.C. Super. Ct. R. Civ. P. 4 .......... 11

**LCvR 7(m) Statement**

Pursuant to LCvR 7(m), counsel for Plaintiff sought to confer with counsel for Defendants on October 19 and again on October 21, 2026, who stated they oppose the relief requested.

## I. INTRODUCTION

By this Motion, Plaintiff American Bar Association ("ABA") respectfully moves: (1) under Federal Rule of Civil Procedure 45 for an order permitting the ABA to serve third-party Boris Epshtyen, a D.C. resident, with a subpoena *duces tecum* and subpoena *ad testificandum* via alternative means in view of Mr. Epshteyn's refusal to accept and knowing evasion of service; and (2) under Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1)(A), and LCvR 16.4, for a 90-day extension of the November 12, 2026 fact discovery deadline, through February 10, 2027, for the limited purpose of perfecting and completing third-party discovery that the ABA has diligently sought from Boris Epshteyn since June 2026. No other deadline would change.[1]

Mr. Epshteyn is a central witness. He is widely reported to have first-hand knowledge of the Law Firm Orders and the negotiation of the law-firm Agreements at the heart of this case. The Government has insisted that the ABA pursue third-party sources before seeking discovery from the Executive Office of the President, and Mr. Epshteyn is the most obvious such source. The ABA served him with a document subpoena and a deposition subpoena on June 18, 2026 (with a place of compliance of New York, where Mr. Epshteyn is admitted to practice law and has a registered address on file with the New York bar), nearly five months before the close of fact discovery. The Government then moved to quash both subpoenas, and, after an agreed transfer from S.D.N.Y. to

[1] The ABA's request in this motion is limited to the subpoenas seeking discovery from Mr. Epshteyn. The ABA notes that other discovery disputes remain pending and are unlikely to be resolved and completed before the November 12 fact discovery deadline, and reserves the right to seek leave of court for additional extensions as necessary to resolve discovery issues raised but not resolved before the end of fact discovery.

this District, that motion remains pending before this Court. *See In re Subpoenas on Boris Epshteyn*, No. 1:26-mc-00333 (KPF) (S.D.N.Y), transferred to No. 1:26-mc-00114 (AHA), Dkt. 2 (S.D.N.Y.) ("Motion to Quash").

Mr. Epshteyn has since used the pendency of the Motion to Quash to avoid any engagement with the subpoenas. He also denies being served with the document subpoena, despite a sworn proof of service by the process server. When the ABA sought to moot the service dispute by serving substantively identical replacement subpoenas at the same Washington, D.C. address where Mr. Epshteyn was originally served, building staff turned the process server away, and a resident of the apartment instructed the apartment's concierge not to let anyone up to his apartment "ever again." And, although the ABA has been routinely in touch with Mr. Epshteyn's counsel, Mr. Epshteyn's counsel has refused to accept service except on conditions that would leave the ABA exposed to a timeliness objection once fact discovery closes.

The ABA has been diligent in pursuing this discovery at every step. It cannot complete this discovery by November 12, 2026 for reasons outside the ABA's control: the pendency of the Government's Motion to Quash and Mr. Epshteyn's meritless dispute over service (and refusal to accept service of replacement subpoenas). As a result, and to avoid any dispute over whether Mr. Epshteyn was served, the ABA asks the Court to authorize service of substantively identical replacement subpoenas by alternative means, including by email to Mr. Epshteyn's counsel, who has been negotiating these very subpoenas with the ABA since July. And whichever route to compliance proves necessary—enforcing the June subpoenas or the replacement subpoenas—the ABA needs a limited extension to pursue it. The ABA therefore requests (1) a limited 90-day extension of fact discovery for the purpose of pursuing third-party discovery from Mr. Epshteyn, and (2) the ability to seek further extensions if necessary for good cause shown.

## II. FACTUAL BACKGROUND

### A. The ABA timely issues and serves the Epshteyn subpoenas.

On June 2, 2026, the ABA served Defendants with notice of its intent to serve Mr. Epshteyn with a subpoena *duces tecum* and a subpoena *ad testificandum* (the "June Subpoenas"). *See* ABA Opp. to Mot. to Quash ("ABA MTQ Opp.") at 4, *In re Subpoenas on Boris Epshteyn*, ECF No. 18, Case No. 1:26-mc-00114-AHA (D.D.C.). The document subpoena seeks, among other things, Mr. Epshteyn's communications with the law firms that were subject to Law Firm Orders or entered into Agreements, his communications concerning those Orders and Agreements, and related social media communications. *Id.* Two days later, the Court entered its Scheduling Order, which set the close of fact discovery for November 12, 2026. ECF No. 57 at 1.

The ABA's process server first attempted service at Mr. Epshteyn's reported business address on file with the New York Attorney Directory of the New York State Unified Court System (UCS). *See* Ex. 3A (June 3, 2026 service notification).[2] The server reported that the front desk at the building said that Mr. Epshteyn had not been in the building since April 15, 2026, and was "not in frequently." *Id.*

The ABA then attempted service at Mr. Epshteyn's residence on Connecticut Avenue NW, Washington, D.C., on June 11, 2026 2026. *See* Ex. 3B (June 12, 2026 service notification). The building's concierge blocked access to the elevator, and stated that she had been instructed not to contact Mr. Epshteyn by phone. *Id*. The ABA then engaged an investigative service-of-process team. *Id.* On June 18, 2026, in the early morning hours, process server Keith Wilson was escorted to Mr. Epshteyn's apartment unit by the building's concierge and personally served Mr. Epshteyn

[2] All exhibits are attached to the Declaration of Jillian Hewitt. The ABA has redacted from those exhibits that include Mr. Epshteyn's address specific address identifiers (address numbers and unit numbers) out of an abundance of caution.

with both subpoenas. Ex. 1 (Proof of Service for Document Subpoena and Cover Email), at 1-3; Ex. 2 (Proof of Service for Deposition Subpoena and Cover Email), at 1-3. Mr. Wilson executed separate proofs of service for the document subpoena and the deposition subpoena under penalty of perjury. *Id.*

**B. The Government moves to quash, and the motion is transferred to this Court.**

On July 2, 2026 (the date of compliance), the Government moved in the Southern District of New York (the place of compliance), to quash the June Subpoenas or for a protective order. Mr. Epshteyn served no responses or objections and has not otherwise responded to the June Subpoenas. *See* ABA MTQ Opp. at 5.

With consent of the Government and Mr. Epshteyn, the Southern District of New York transferred the Government's Motion to Quash to this Court on July 20, 2026. Order, *Exec. Off. of the President v. Am. Bar Ass'n*, ECF No. 10, No. 1:26-mc-00333 (KPF) (S.D.N.Y. July 20, 2026). The transferred matter was docketed and reassigned to this Court on July 31, 2026. The ABA filed its opposition on August 11, and the Government replied on August 25. *See* ECF No. 20, No. 1:26-mc-00114-AHA. The Motion to Quash remains pending.

**C. Mr. Epshteyn disputes service of the document subpoena and resists all engagement while the motion to quash is pending.**

In late July 2026, Mr. Epshteyn's counsel, Caryn Schechtman of DLA Piper LLP, first contacted the ABA's counsel. Ex. 4A at 18 (July 23, 2026 emails). On a July 29 call, she asserted that Mr. Epshteyn had been served only with the deposition subpoena, not the document subpoena, and that he was not required to respond to either subpoena while the Government's motion was pending. *Id.* at 14-16 (July 30, 2026 Hewitt email). In a follow-up email the next day, the ABA provided Ms. Schechtman with both sworn proofs of service, asked for any evidence supporting Mr. Epshteyn's position, and asked whether counsel would accept service of the document

subpoena to eliminate the dispute. *Id.* at 15. Ms. Schechtman offered no evidence, but insisted that "nothing that you have provided or said changes the fact that Mr Epshteyn was never served with a subpoena for the production of documents." *Id.* at 12 (Aug. 5, 2026 Schechtman email).

After a further meet-and-confer with Ms. Schechtman, the ABA on August 7, 2026 proposed a comprehensive agreement. Under it, the ABA would defer any motion to compel until the Court ruled on the Government's Motion to Quash, and Mr. Epshteyn would accept service of a replacement document subpoena with a D.C. place of compliance and agree that any later enforcement disputes would be heard by this Court. *Id.* at 9-11 (Aug. 7, 2026 Hewitt email). Mr. Epshteyn's counsel, Ms. Schechtman, did not accept the proposal. *Id.* at 8 (Aug. 14 and Aug. 16, 2026 emails). Counsel also declined to consent to the ABA filing a motion to compel in this Court, even though Mr. Epshteyn had consented to the transfer of the Government's Motion to Quash here. *Id.* at 9, 12-13 (Aug. 4 and Aug. 7, 2026 Hewitt emails).

**D. Mr. Epshteyn evades service of substantively identical replacement subpoenas.**

To eliminate any service dispute, on September 3, 2026, the ABA issued replacement subpoenas from this Court, with a place of compliance in the District of Columbia, and served notice of them on Defendants. Ex. 5 ("Replacement Subpoenas"). The replacement subpoenas are substantively identical to the June Subpoenas, other than correcting a minor typographical error and changing the places of issuance and compliance. Ex. 4A at 8 (Sept. 22, 2026 Hewitt email).

The ABA's process server attempted personal service at the same residence on September 10, 15, and 16, 2026. Exs. 6–7 (Affidavits of Non-Service). On September 15, building staff refused to allow the server past the front door and lobby. Ex. 6. On September 16, a doorman escorted the server to the apartment, where no one answered the doorbell. When staff then called the apartment, the resident instructed them "to not let anyone up ever again," and said Mr. Epshteyn was not home. Ex. 7; Ex. 8 (video showing service attempt, timestamps: escort to door

[0:00–1:35]; attempts at ringing doorbell [1:35–3:28]; concierge on the phone with resident, receiving instructions to "not let anyone up ever again" [6:30–6:50]).

Mr. Epshteyn remains readily reachable by means other than personal service. His counsel has corresponded continuously with the ABA about the very subpoenas at issue for nearly three months. *See generally* Exs. 4A–4B. And because the ABA has successfully served Mr. Epshteyn at his Connecticut Avenue residence, certified mail is assured to reach him there, too.

**E. Mr. Epshteyn's counsel refuses to accept service without conditions that would jeopardize the ABA's ability to pursue the discovery.**

On September 22, 2026, the ABA sent the replacement subpoenas to Mr. Epshteyn's counsel by email. ABA's counsel asked her to accept service and noted that Mr. Epshteyn has actual knowledge of both sets of subpoenas. Ex. 4A at 8 (Sept. 22, 2026 Hewitt email). The ABA also noted its understanding that counsel recently accepted service on Mr. Epshteyn's behalf in *Barr v. Bannon*, No. 1:26-cv-00452 (ACR) (D.D.C.). *Id.* After a September 28 call, the ABA proposed on October 2 that counsel accept service as of October 7, with responses and objections due 14 days later as Rule 45 provides, while the ABA deferred any motion to compel until the Court decided the Government's motion. *Id.* at 5-6 (Oct. 2, 2026 Hewitt email).

Mr. Epshteyn responded with a counterproposal on October 9, 2026. Ex. 4B at 3-4 (Oct. 9, 2026 Schechtman email, black text). Under that proposal, counsel for Mr. Epshteyn would agree to accept service only if (1) Mr. Epshteyn's responses and objections were not due until five business days after an unspecified "resolution" of the Government's motion; and (2) the ABA agreed not to file any motion concerning the subpoenas, and not to attempt any further service, until that "resolution." *Id.* In exchange, Mr. Epshteyn would waive only "his right to contest proper service" and "expressly reserve[d] all other rights," including any objection that discovery from him came after the close of fact discovery. *Id.* at 3-4. The ABA was willing to defer motion

practice, but not if Mr. Epshteyn could use that deferral to run out the clock on fact discovery. It therefore asked that Mr. Epshteyn also waive any objection based on the close of fact discovery. *Id.* at 1-3 (Oct. 9 and Oct. 14/15, 2026 Hewitt emails). Counsel responded that she "had approval for the first version" but would need to consult her client again. *Id.* at 1 (Oct. 14, 2026 Schechtman email).

On October 16, 2026, less than four weeks before the close of fact discovery, Mr. Epshteyn's counsel agreed to waive a timeliness objection only "in the event that the fact discovery period closes before the resolution of the Government's pending motion to quash." Ex. 4A at 5 (Oct. 16, 2026 Schechtman email, red edits).

As the ABA's Counsel explained to Ms. Schechtman, those conditions would leave the ABA unprotected if the Court resolved the Government's Motion to Quash shortly before the November 12 fact discovery cut-off. *Id.* at 2-3. In that event, Mr. Epshteyn's responses would not even be due until just before (or after) the close of fact discovery. *Id.* at 3. He would then remain free to argue that any motion to compel production of documents or a deposition came too late. The ABA proposed narrow edits to close that gap: tying "resolution" to this Court's decision on the Motion to Quash, and extending the timeliness waiver to a decision issued within 21 days of the close of fact discovery. *Id.* at 2-3 (Oct. 16, 2026 Hewitt email). Mr. Epshteyn's counsel called those edits a "significant last minute change." *Id.* at 2 (Oct. 16, 2026 Schechtman email). Counsel later explained that tying Mr. Epshteyn's response deadline to this Court's decision "could arguably result in [her] client being forced to file a motion to quash within 5 days of the District Court's decision irrespective of whether a motion for reconsideration or appeal is filed," which she called "unreasonable and unnecessary." *Id.* at 1 (Oct. 16, 2026 Schechtman email, 9:36 p.m.).

As of the date of this filing, no agreement with Mr. Epshteyn's counsel has been reached.

On October 19, Counsel for ABA sent an email pursuant to LCvR 7(m) asking whether Counsel for Defendants would consent to the relief sought by this Motion and offered to meet and confer. On October 20, Counsel for Defendants informed the ABA's counsel that Defendants oppose the motion.

## III. ARGUMENT

### A. Alternative service is warranted as all of the factors courts consider warrant permitting the ABA to serve Mr. Epshteyn through alternative means.

Rule 45(b)(1) provides that serving a subpoena "requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1); *see Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 362 (D.D.C. 2011). But "alternative forms of service may be acceptable under Rule 45," particularly "where the witness is aware of the lawsuit, knows that one of the parties is interested in h[is] testimony, and is aware that there have been multiple attempts at personal service, and where the proposed alternative service is reasonably designed to insure the witness' receipt of the subpoena." Minute Order, *Freeman v. Giuliani*, No. 21-cv-3354 (BAH) (D.D.C. May 10, 2023) (attached as Ex. 9) (quoting Order, *OAO Alfa Bank v. Ctr. for Pub. Integrity*, No. 00-cv-2208 (JDB) (D.D.C. Jan. 6, 2004) (attached as Ex. 10)); *accord United States ex rel. El-Amin v. George Washington Univ.*, No. 95-cv-2000 (CKK), 2000 U.S. Dist. LEXIS 15635, at *34 (D.D.C. Oct. 23, 2000); Order, *Rich v. Butowsky*, No. 1:18-cv-681 (RJL) (D.D.C. Jan. 24, 2020), ECF No. 133 at 1 (attached as Ex. 11, granting permission to serve third-party WikiLeaks via Twitter); *see* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2454 (3d ed.) ("[A] growing number of cases have departed from the view that personal service is required.").

In *Freeman*, the court authorized alternative service of a document and deposition subpoena on third-party witness Jenna Ellis. It found these factors "fully met" where (1) the witness was "likely" aware of the lawsuit, knew a party wants her testimony, and was aware of

multiple attempts at personal service; (2) the plaintiffs made diligent efforts at service; and (3) the proposed methods of effecting alternative service were "reasonably designed to insure the witness' receipt of the subpoena." Minute Order, *Freeman*, *supra*. Each of these factors were satisfied where Ms. Ellis was "likely aware" of the suit because she appeared in the defendant's initial disclosures; the plaintiffs had made three attempts at service at a Colorado address where Ms. Ellis had formerly lived; and Ms. Ellis's former counsel said they were "discussing" the request with her, then disclaimed representing her. *Id.*

Each consideration is present here, and in stronger form.[3]

**Mr. Epshteyn is aware of the lawsuit**: Mr. Epshteyn's awareness of this litigation is undisputed. As discussed in the fact section above, the ABA *successfully* served Mr. Epshteyn at his residence on June 18, 2026. Exs. 1–2. Through counsel, Mr. Epshteyn acknowledges receiving at least the deposition subpoena that day, even though he disputes receiving the document subpoena. *See* Ex. 4A at 14–16. He consented to transfer of the Government's Motion to Quash those subpoenas to this Court. His counsel has negotiated with the ABA about the subpoenas, and specifically about service, since July. She has represented that she discussed the ABA's proposals with Mr. Epshteyn and "had approval" for one of them. Exs. 4A, 4B at 1. And when the ABA's process server tried to serve the Replacement Subpoenas on September 16, the building's staff

[3] Unlike the third-party witness in *Henderson v. Day*, which denied a motion for alternative service, Mr. Epshteyn "*is* subject to personal jurisdiction in this district" and "otherwise appeared in the action" through counsel by consenting to transfer of the Government's motion to quash the subpoenas to him. No. 19-cv-945-RDM, 2021 WL 1978793, at *3 (D.D.C. May 17, 2021); *see In re Subpoenas on Boris Epshteyn*, No. 1:26-mc-00333 (KPF) (S.D.N.Y), ECF No. 7 at 1 (consent motion to transfer). Mr. Epshteyn also appeared through the same counsel, Ms. Schechtman, in another case pending before the Court, *Barr v. Bannon*, No. 1:26-cv-00452 (ACR) (D.D.C.), ECF No. 24 (Plaintiff's Consent Motion for an Order Deeming Service Effected and Setting a Briefing Schedule); ECF No. 41 (Notice of Appearance by Caryn Schechtman on behalf of Boris Epshteyn).

called the apartment, and the resident told them "not [to] let anyone up ever again." Exs. 7–8. Mr. Epshsteyn thus knows not only of this litigation, but the specific subpoenas at issue.

**The ABA has diligently attempted service, and Mr. Epshteyn is evading it**: The ABA has attempted personal service at least six times:

- at Mr. Epshteyn's registered New York business address on June 3, Ex. 3A;
- at his Washington, D.C. residence on June 11, Ex. 3B;
- successfully at his Washington, D.C. residence on June 18, Exs. 1–2;
- unsuccessfully at the same residence, with the Replacement Subpoenas, on September 10, 15 and 16, Exs. 6–8.

Following the ABA's successful June 18 service, building staff at Mr. Epshteyn's apartment refused the ABA's server access past the lobby, and the resident instructed building staff not to let anyone up "ever again." Exs. 6–8. These facts go well beyond the single refusal to answer the door in *Freeman*. The ABA has also asked Mr. Epshteyn's counsel to accept service multiple times since July. Exs. 4A–4B.

That Mr. Epshteyn's counsel has offered to accept service only if the ABA agrees to unacceptable conditions does not change the analysis. Mr. Epshteyn's conditions would defer Mr. Epshteyn's responses until an undefined "resolution" of the Government's Motion to Quash, bar the ABA from moving to compel in the meantime, and preserve his objection that discovery came after the close of fact discovery. *Supra* Section II.E. Those conditions are not acceptable, and should not foreclose service.

**The methods of alternative service are reasonably calculated to ensure receipt**: the ABA's proposed methods of alternative service—by email through his current counsel, and by

sending copies by certified mail and courier to his known residence— are reasonably calculated to ensure Mr. Epshteyn receives the Replacement Subpoenas.

Courts may authorize alternative service methods consistent with Rule 4 and District of Columbia law. *See* Fed. R. Civ. P. 4(e)(1); D.C. Super. Ct. R. Civ. P. 4(e)(3)(A) (permitting alternative methods where "after diligent effort, a party has been unable to accomplish service"); *Sanchez v. Yu Lin Corp.*, No. 21-cv-2119 (TSC), 2022 WL 4598653, at *3 (D.D.C. Sept. 30, 2022). The ABA proposes to serve the Replacement Subpoenas, with a copy of the Court's order, the following ways:

1. by email to Mr. Epshteyn's counsel, Caryn Schechtman of DLA Piper LLP;
2. by overnight courier to Mr. Epshteyn's residence on Connecticut Avenue; and
3. by first-class mail to Mr. Epshteyn's residence on Connecticut Avenue.

These methods are similar to the methods approved in *Freeman*, where the court authorized service by email on a third party's counsel who had never been formally engaged on the subpoena at issue. Minute Order, *Freeman*, *supra*. Here, email service to counsel from Mr. Epshteyn—who is actively negotiating with the ABA over the very subpoenas at issue—is virtually certain to give him notice.

The ABA requests that service be deemed complete on the date the last of these methods is completed, and asks that Mr. Epshteyn's responses and objections be due 14 days after service. *See* Fed. R. Civ. P. 45(d)(2)(B).

### A. Good cause exists to modify the Scheduling Order to take discovery from Mr. Epshteyn.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see* Fed. R. Civ. P. 6(b)(1)(A); LCvR 16.4. Rule 45 subpoenas "are subject to the same deadlines as other forms of discovery," so a party needing more time to complete third-

party discovery must establish good cause. *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104–05 (D.D.C. 2005). The "primary factor in determining whether good cause exists is the diligence of the party." *Danzy v. IATSE Loc. 22*, No. 17-cv-02083 (RCL) (RMM), 2020 WL 6887651, at *12 (D.D.C. Nov. 23, 2020) (citation omitted). Good cause "is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Dag Enters.*, 226 F.R.D. at 105 (quoting 3 *Moore's Federal Practice* § 16.14[b] (2003)). Courts also consider whether trial is imminent, whether the request is opposed, prejudice to the non-movant, foreseeability, and the likelihood the discovery will yield relevant evidence. *Danzy*, 2020 WL 6887651, at *12.

Applying these standards, courts in this District have extended discovery for the limited purpose of completing third-party subpoenas sought before the deadline. *See id.* at *10–*12 (finding good cause to reopen discovery to allow party time to issue and for recipients to comply with certain permitted subpoenas); *Florida v. United States*, No. 11-cv-1428, 2012 WL 13218793, at *3 (D.D.C. Feb. 16, 2012) (three-judge court) (inviting "a motion to extend the discovery deadline . . . for the limited purpose of" taking a Rule 45 deposition).

Here, each factor favors the ABA's request for a limited extension of fact discovery to obtain third-party discovery from Mr. Epshteyn.

**Diligence**: The ABA has been diligent. The ABA noticed the June Subpoenas before the Scheduling Order issued and personally served Mr. Epshteyn on June 18, nearly five months before the deadline. Exs. 1–3. When Mr. Epshteyn contested service via his counsel, the ABA produced sworn proofs of service, proposed agreements to cure the dispute, sought to cure the alleged failure to effect service by issuing identical replacement subpoenas, and attempted service

three more times in the face of Mr. Epshteyn's evasion. Exs. 4A–7. The ABA brings this motion nearly four weeks ***before*** the fact discovery cut-off, promptly after it became clear that Mr. Epshteyn's proposal for resolution by stipulation would not adequately protect the ABA from a timeliness objection. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14–15 (D.D.C. 2011) (granting Plaintiff's motion to re-open fact discovery for limited deposition discovery where documents produced on the last day of fact discovery warranted additional depositions).

**Foreseeability and Fault**: The need for more time to resolve the Epshteyn Subpoenas also is not the ABA's fault and was not foreseeable. The Government moved to quash the June Subpoenas on the day his responses and objections were due, and Mr. Epshteyn maintains that he need not even respond to those subpoenas until the Motion to Quash is resolved. Ex. 4A at 15 (July 30, 2026 Hewitt email).[4] Mr. Epshteyn has also disputed sworn service, avoided service of the replacement subpoenas, and conditioned acceptance of service on terms that would leave enforcement in doubt. Exs. 4A–4B, 6–7. These are "matters which could not have been reasonably foreseen." *Dag Enters.*, 226 F.R.D. at 106 (citation omitted).

**Remaining Factors**: The remaining discretionary factors favor relief. No trial date has been set, and no other deadline would change. ECF No. 57. Defendants suffer no prejudice: the extension concerns one witness they have known about since June 2 and are already litigating. The discovery is plainly relevant. Defendants themselves insist the ABA pursue third-party sources first, ECF No. 67 at 6, and denying access to Mr. Epshteyn would create the "catch-22" the Court

[4] Mr. Epshteyn's counsel in fact contends that requiring a response within five business days of this Court's decision on the Motion to Quash would be "unreasonable and unnecessary" because it could apply "irrespective of whether a motion for reconsideration or appeal is filed." Ex. 4A at 1 (Oct. 16, 2026 Schectman email).

has described. *See* ABA MTQ Opp. at 1. Without an extension, Mr. Epshteyn could avoid discovery simply by running out the clock, precisely the "substantial risk of unfairness" that Rule 16(b)(4) guards against. *Dag Enters.*, 226 F.R.D. at 105.

Finally, because the timing of the Court's ruling on the Government's Motion to Quash will govern when compliance can be compelled, the ABA also asks that the requested extension be granted without prejudice to a further request for additional time, for good cause shown. Mr. Epshteyn's counsel has taken the position that his obligations should await not only this Court's decision on the Motion to Quash, but also extend through any "motion for reconsideration or appeal," and has indicated that Mr. Epshteyn may file his own motion to quash. Ex. 4A at 1 (Oct. 16, 2026 Schechtman email).

## IV. CONCLUSION

The ABA respectfully requests that the Court: (1) authorize service of the Replacement Subpoenas on Mr. Epshteyn by the alternative means described in Section I.C, with service deemed complete on the date those methods are completed; and (2) extend the deadline for fact discovery through February 10, 2027, for the limited purpose of completing discovery from Boris Epshteyn, including: (a) any motion to compel compliance with the June Subpoenas; (b) service of the Replacement Subpoenas, as authorized by this Court; (c) any motion to compel compliance with those subpoenas; and (d) Mr. Epshteyn's production of documents and deposition. The ABA further requests that the order be without prejudice to a request for additional time for good cause shown. All other deadlines in the Scheduling Order would remain unchanged.

A proposed order is attached.

Dated: October 22, 2026

*/s/ Steve Seigel*

Stephen Shackelford, Jr. (D.C. Bar #NY0443)
Beatrice Franklin (*Admitted pro hac vice)*
Jillian Hewitt (*Admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330
sshackelford@susmangodfrey.com
bfranklin@susmangodfrey.com
jhewitt@susmangodfrey.com

Neal Manne (D.C. Bar #357012)
Barry Barnett (*Admitted pro hac vice)*
Harry Susman (*Admitted pro hac vice)*
Justin A. Nelson (D.C. Bar#490347)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
nmanne@susmangodfrey.com
bbarnett@susmangodfrey.com
hsusman@susmangodfrey.com
jnelson@susmangodfrey.com

Davida Brook (D.C. Bar #CA00117)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
dbrook@susmangodfrey.com

Steve Seigel (D.C. Bar #D00473)
Jordan Connors (*Admitted pro hac vice)*
Katherine Peaslee (Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: 206-516-3880
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiff American Bar Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered participants.

*/s/ Steve Seigel*
Steve Seigel