# EXHIBIT 4B

**Tuesday, October 20, 2026 at 5:18:49 PM Pacific Daylight Time**

---

**Subject:** Re: ABA v EEOP - Subpoenas to Mr. Epshteyn
**Date:** Wednesday, October 14, 2026 at 6:13:25 PM Pacific Daylight Time
**From:** Schechtman, Caryn G.
**To:** Jillian Hewitt
**Attachments:** image001.png, image002.png, Image.png

EXTERNAL Email

Jillian - I apologize for not responding sooner. I am overseas and a little upside down. I had approval for the first version but as you have since revised it - let me go back to my client. I am flying home today but will be in the air for many hours so I will be back in touch on Friday.

CS

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593
F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

DLA PIPER

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Thursday, 15 October 2026 09:32:48
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Mr. Epshteyn

⚠EXTERNAL MESSAGE

Hi Caryn,

I'm writing to follow up on the proposal below. In addition to the proposal discussed in our prior emails, we need to obtain an agreement from Mr. Epshteyn that, in the event we agree

not to move to compel while the Government's motion to quash is pending, Mr. Epshteyn will not then take the position that the ABA is prohibited from obtaining documents or testimony on grounds that such discovery may need to be obtained after the close of the fact discovery schedule in the underlying litigation (fact discovery is currently set to close on November 13). As you can understand, the ABA cannot agree to delay moving to compel if the result of such agreement would be to generate a new argument for declining to provide documents or testimony in response to the Subpoenas.

For ease of reference, I'm providing the full scope of the proposed agreement below, including an adjustment of the date. Please confirm that we're in agreement.

- DLA Piper will agree to accept service of subpoenas identical to the two subpoenas attached to this email on behalf of Mr. Epshteyn – with the dates changed to reflect service as of Thursday October 15 ("Subpoenas"). Mr. Epshteyn's responses and objections to the Subpoenas will be due five business days after resolution of the Government's pending motion to quash, in the event that that the resolution permits any production of documents or deposition.

- The ABA and Mr. Epshteyn both reserve the right to make any motions concerning the Subpoenas but will agree to reserve any such motions until after the resolution of the Government's pending motion to quash for the sake of efficency.

- The ABA and Mr. Epshteyn agree that, if the Government's pending motion to quash is resolved in a manner that permits any deposition or production of documents, then the parties will agree to meet and confer concerning the Subpoenas within ten days of such resolution of the Government's pending motion.

- The ABA further agrees not to attempt to serve any additional subpoenas on Mr. Epshteyn during the pendency of the Government's motion to quash.

- The purpose of this agreement is to address service and avoid unnecessary motion practice during the pendency of the Government's motion to quash. The only rights that Mr. Epshteyn will waive as a result of this agreement are (1) his right to contest proper service of the Subpoenas and (2) any right to object to the Subpoenas on grounds that the fact discovery period in the underlying litigation has closed. Mr. Epshteyn expressly reserves all other rights.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Friday, October 9, 2026 7:30 PM
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Mr. Epshteyn

Hey Caryn,

Thank you for following up and for the counterproposal. We can agree to this proposal, provided that we can settle on the "agreed time period" within which we will meet and confer concerning the Subpoenas following resolution of the Government's pending motion to quash. Since under this agreement Mr. Epshteyn's responses and objections will be due 5 business days after resolution of the motion, I suggest we agree to meet and confer within 10 business days after resolution of the motion. I have made a proposed edit along these lines in red below for the sake of clarity. Let me know if this works, and have a good weekend.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

---

**From:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Sent:** Friday, October 9, 2026 10:39 AM
**To:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Subject:** ABA v EEOP - Subpoenas to Mr. Epshteyn

EXTERNAL Email

Hi Jillian,

Thank you for your email below. The following terms are acceptable to Mr. Epshteyn. Please let me know if we have an agreement.

- DLA Piper will agree to accept service of subpoenas identical to the two subpoenas attached to this email on behalf of Mr. Epshteyn – with the dates changed to reflect service as of Monday October 12 ("Subpoenas"). Mr. Epshteyn's responses and objections to the Subpoenas will be due five business days after resolution of the Government's pending motion to quash, in the event that that the resolution permits any production of documents or deposition.

- The ABA and Mr. Epshteyn both reserve the right to make any motions concerning the Subpoenas but will agree to reserve any such motions until after the resolution of the

Government's pending motion to quash for the sake of efficency.

- The ABA and Mr. Epshteyn agree that, if the Government's pending motion to quash is resolved in a manner that permits any deposition or production of documents, then the parties will agree to meet and confer concerning the Subpoenas within ten days of such resolution of the Government's pending motion.

- The ABA further agrees not to attempt to serve any additional subpoenas on Mr. Epshteyn during the pendency of the Government's motion to quash.

- The purpose of this agreement is to address service and avoid unnecessary motion practice during the pendency of the Government's motion to quash. The only right that Mr. Epshteyn will waive as a result of this agreement is his right to contest proper service of the Subpoenas. Mr. Epshteyn expressly reserves all other rights.

Kindly,
Caryn

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593
F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

DLA PIPER

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Saturday, October 3, 2026 12:50 AM
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Hi Caryn,

Thanks for chatting with me on Monday. I think both of us would like to avoid needing to brief the alternative service issue to the Court. Based on our discussion on Monday, I

understand you were planning to speak to your client about the possibility of an agreement that would obviate the need for such briefing. Here's what we propose:

- You will agree to accept service of the subpoenas on behalf of Mr. Epshteyn, eliminating the need for us to attempt further personal service. Based on the agreed date of acceptance of service, Mr. Epshteyn would then have 14 days under the Federal Rules to serve responses and objections to the document subpoena. I would suggest an agreed service date of Wednesday, October 7. The subpoenas are attached again here for ease of reference.

- The ABA reserves the right to move to compel if necessary after the Government's motion is decided, but will agree to reserve any such motion until after the resolution of the Government's pending motion to quash.

- The ABA and Mr. Epshteyn agree that, if the Government's motion is decided in a manner that permits any deposition or production of documents, then the parties will agree to (1) meet and confer within an agreed time period on the subpoenas, including to schedule a date for the deposition; and (2) Mr. Epshteyn will agree to produce responsive documents within an agreed time period. We suggest agreeing to (1) meet and confer within 7 days of the resolution of the motion; and (2) production within 21 days of resolution of the motion.

Please let me know Mr. Epshteyn's position on this proposal. Have a great weekend.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

---

**From:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Sent:** Friday, September 25, 2026 4:24 AM
**To:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

EXTERNAL Email
Thank you. I just had to move a few things; but I can now do 3:30. Hopefully that slot is still available on your end.

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593
F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

DLA PIPER

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Wednesday, 23 September 2026 20:11:27
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Caryn, I'm flexible Monday the 28th between 11am and 1pm or between 3 and 4pm. Enjoy your vacation!

Jillian Hewitt
Susman Godfrey LLP
o: 212-729-2019

> On Sep 23, 2026, at 6:41 PM, Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com> wrote:
>
> EXTERNAL Email
>
> Hi Jillian
>
> I am on vacation with my family through Sunday. Please propose a time to discuss on Monday. We can discuss how to best proceed forward without unnecessary motion practice then.
>
> This email is not meant to respond to all of the points raised in your email and we reserve all rights.
>
> CS
>
> Get Outlook for iOS

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Tuesday, 22 September 2026 21:08:20
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Hi Caryn,

Since we did not hear back from you on the substance of our proposal below—which we made at your suggestion in order to attempt to avoid needing to go to the Court or needing to personally serve Mr. Epshteyn a second time—we issued replacement subpoenas in the District of D.C., which are attached here and which were served by notice on the Government on September 3. The subpoenas are substantively identical to the subpoenas that were personally served on Mr. Epshteyn three months ago, on June 18th, except for the correction of a typo and changes to the location of issuance and compliance.

Our process server has made several unsuccessful attempts at personal service on Mr. Epshteyn of the replacement subpoenas, and was present at the front desk of Mr. Epshteyn's residence when a resident of Mr. Epshteyn's apartment instructed the doorman to not let anyone up to the apartment. We therefore ask that you accept service of the September 3 subpoenas on Mr. Epshteyn's behalf as of today, September 22. The personal service requirement of Rule 45 is intended to ensure that subpoenaed third parties have actual knowledge of the subpoenas issued to them—not to permit the subpoenaed party to avoid responding by evading personal service. Mr. Epshteyn has had, and has, actual knowledge of both the originally-issued subpoenas and now the attached updated subpoenas.

Please confirm by Friday, September 25, whether you will agree to accept service on behalf of Mr. Epshteyn. We understand you agreed to accept service on behalf of Mr. Epshteyn recently in *Barr v. Bannon*, No. 1:26-cv-452-ACR (D.D.C.), and hope we can come to agreement here as well and avoid burdening the court with any motion practice. If there is no agreement, we intend to file a motion for alternate service.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

**From:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Sent:** Sunday, August 16, 2026 9:39 PM
**To:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

EXTERNAL Email
Hi Jillian - I appreciate the email but I don't believe that this is what we discussed. Not have we conceded anything. I plan to speak with my client on Tuesday and will be happy to talk to you after that.

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593
F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Friday, 14 August 2026 07:32:52
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Caryn, following up on the below. Thanks.

Jillian Hewitt
Susman Godfrey LLP
o: 212-729-2019

> On Aug 7, 2026, at 2:02 PM, Jillian Hewitt <JHewitt@susmangodfrey.com> wrote:
>
> Caryn,

Thanks for chatting yesterday. We understand that service of the deposition subpoena is undisputed, and further understand (but dispute) your view that Mr. Epshteyn was not properly served with document subpoena on June 18. We also understand your position that Mr. Epshteyn will not agree to accept service of the document subpoena, and will not agree to have any motion to compel filed in the issuing court (despite consenting to transfer the Government's motion to quash there), at least not without an agreement from the ABA to defer motion-to-compel briefing until after a ruling on the Government's motion to quash.

For our part, we want to avoid burdening any court with briefing of issues that can be resolved or cured, and also want to ensure that we do not waste time now—while that MTQ is pending—by waiting to even discuss any alleged defects that can be cured. To that end, we've made a proposal below that we believe appropriately balances these concerns.

1. Deposition Subpoena:
    a. The ABA will agree to await a ruling on the Government's motion to quash to take action on the subpoena; if the motion to quash the deposition is fully granted, we will not file a motion to compel the deposition of Mr. Epshteyn.
    b. Mr. Epshteyn will agree that if the Motion to Quash as to the deposition is not fully granted, Mr. Epshteyn will not otherwise object to the deposition going forward (e.g., on grounds of any alleged defects in service or otherwise); and that, to the extent any disputes arise as to scheduling or during the deposition, those disputes will be handled by Judge Ali in the D.D.C.

2. Document subpoena:
    a. The ABA will agree that no MTC will be filed until after the court issues a ruling on the MTQ.
    b. Mr. Epshteyn will agree to accept service of a replacement/substitute document subpoena, with a DC place of compliance, to cure any alleged defects in service or otherwise (which we continue to dispute). We are willing to come to agreement on a reasonable date for such service.
    c. Mr. Epshteyn will provide objections & responses

within 14 days of receiving #2(b) above in compliance with Rule 45.

d. Mr. Epshteyn will agree to meet and confer following service of responses and objections in good faith to attempt resolution of any other areas of disagreement, as well as an orderly procedure for staging collections (in the event the Governments' MTQ is denied, but the Government is allowed to serve a privilege log with respect to certain of Mr. Epshteyn's documents).
e. The ABA and Mr. Epshteyn will agree that any subsequent motion to compel regarding the document subpoena will be handled by Judge Ali in the D.D.C.

We think the above agreement will significantly reduce the amount of judicial (and attorney) resources required to resolve unnecessary disputes over alleged defects that can be easily cured; addresses Mr. Epshteyn's concerns over overlapping briefing schedules, while giving him an opportunity to raise objections that may otherwise be waived; and would ensure that any additional areas of disagreement can be promptly briefed once the court issues a ruling on the Government's MTQ. Please let us know if Mr. Epshteyn agrees to this proposal.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Wednesday, August 5, 2026 10:49 PM
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Epshteyn

Hi Caryn,

2:00 tomorrow still works. I circulated a calendar invite and will call you at the number in your signature block then.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

**From:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Sent:** Wednesday, August 5, 2026 9:44 AM
**To:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

EXTERNAL Email

Thank you for your email. To be clear, nothing that you have provided or said changes the fact that Mr Epshteyn was never served with a subpoena for the production of documents.

I look forward to discussing this and the remainder of the issues that you raised at 2pm on Thursday. If that time still works for you, please send a calendar invite.

Kind regards
Caryn

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593
F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Tuesday, 04 August 2026 15:48:39
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Does 2 p.m. work? If not, let me know what's best for you and I'll send a calendar invite.

As I mentioned on our initial call, we intend to move to compel

enforcement of the subpoenas. Mr. Epshteyn's position with respect to whether he was served with the document subpoena won't change the filing of the motion, though of course I'm happy to discuss whether his position has changed in light of the proof of service documents when we speak on Thursday so that we're not briefing issues that are not actually in dispute.

Because the subject of the motion will be the same subpoenas that are the subject of the Government's pending motion to quash, we believe the motion to compel should go to Judge Ali as well. Given that Mr. Epshteyn consented to having the Government's motion heard in DDC, I expect his position will be the same with respect to the ABA's motion to compel enforcement of those same subpoenas. If that's not right, please let me know your views when we chat.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

---

**From:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Sent:** Tuesday, August 4, 2026 2:42 PM
**To:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

EXTERNAL Email
I have time Thursday afternoon. Thank you!

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593
F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Monday, 03 August 2026 11:51:58

**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Thanks Caryn – when you respond, please also let me know a couple times this week when you could have a short meet and confer. I am relatively flexible Wednesday and Thursday in particular.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

---

**From:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Sent:** Friday, July 31, 2026 3:55 PM
**To:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

EXTERNAL Email
Jillian,

Thank you for your email. I will not be able to discuss this with my client until Monday and I expect to have a response to you early next week. We reserve all rights and waive none.

Have a good weekend.

Caryn

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593
F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>

**Sent:** Thursday, 30 July 2026 10:31:48
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Hi Caryn,

Thanks for chatting yesterday. I understand Mr. Epshteyn's position is that he was not personally served with a copy of the document subpoena, but was only served with the deposition subpoena; and that he was not required to respond to the deposition subpoena.

Both the document subpoena and the deposition subpoena were transmitted to the service of process team and personally served on Mr. Epshteyn. I'm attaching here separate contemporaneous proof of service documents—one for the document subpoena, and one for the deposition subpoena, reflecting personal service of both subpoenas on June 18th. In addition to the proof of service documents, we have contemporaneous narrative confirmation from the process server of personal service of the documents on Mr. Epshteyn. This is "prima facie evidence of valid service, which can be overcome only by strong and convincing evidence" otherwise. *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 85-86 (D.D.C. 2009). You have offered no evidence indicating Mr. Epshteyn was not served with both subpoenas.

Please let us know by Friday whether Mr. Epshteyn continues to maintain his position that he was not served with the document subpoena and, if so, whether there is any evidence you can share substantiating that position. If that is still his position, then as I mentioned at the end of our call, please let us know whether you would agree to accept service on his behalf of the document subpoena (which is also attached to the government's motion to quash, see ECF 2-1 in the SDNY action, 26-mc-00333). We of course reserve our position that Mr. Epshteyn has already been served but don't want to waste anyone's time or resources, or make Mr. Epshteyn subject to personal service a second time, if we don't need to do so.

I also understand based on our call that Mr. Epshteyn's position is that he is not and should not be required to respond in any way to

the subpoenas (regardless of the date of service) until the Government's motion to quash is resolved. As I said on our call, we disagree with that position. It has no basis under Rule 45 and would be an inefficient use of time and resources. Any motion to compel by the ABA would overlap substantially with the subject matter of the Government's pending motion to quash. Waiting to even file that motion until after resolution of the government's motion would make no sense given the overlapping issues, and would only cause additional delay by guaranteeing two successive rounds of briefing with respect to the same subpoenas.

Finally, please confirm that Mr. Epshteyn has preserved and will continue to preserve all documents and data sources responsive to the document subpoena.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

---

**From:** Jillian Hewitt
**Sent:** Monday, July 27, 2026 9:01 AM
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** RE: ABA v EEOP - Subpoenas to Epshteyn

Talk with you then.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

---

**From:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Sent:** Sunday, July 26, 2026 3:12 PM
**To:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

EXTERNAL Email
Thank you Wednesday at noon works well. I will send an invite.

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593

F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Friday, 24 July 2026 12:33:49
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** Re: ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Hi Caryn,

I'm flexible on Tuesday between 1pm and 3:30pm or Wednesday between 11 and 1. Thanks.

Jillian Hewitt
Susman Godfrey LLP
o: 212-729-2019

> On Jul 23, 2026, at 12:53 PM, Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com> wrote:
>
> EXTERNAL Email
>
> Hi Jillian,
>
> Thank you for your email responding to my call on Tuesday.  I am unavailable tomorrow and Monday but I have good availability this coming Tuesday, Wednesday and Thursday for a meet and confer call to discuss your email. If you can give me a couple of windows that work well for you, I am sure we can find a time to connect.
>
> CS

Caryn G. Schechtman
Partner, Chair, Securities and Financial Investigations

T +1 212 335 4593
F +1 212 884 8593
M +1 917 650 5115
caryn.schechtman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<Image.png>

---

**From:** Jillian Hewitt <JHewitt@susmangodfrey.com>
**Sent:** Thursday, July 23, 2026 12:08 PM
**To:** Schechtman, Caryn G. <caryn.schechtman@us.dlapiper.com>
**Subject:** ABA v EEOP - Subpoenas to Epshteyn

⚠EXTERNAL MESSAGE

Hi Caryn,

I got your voicemail, thanks for reaching out. Mr. Epshteyn was served with the subpoenas on June 18, and any responses and objections were due on July 2. Please let me know by the weekend when Mr. Epshteyn intends to produce responsive documents, and a proposed date for his deposition.

**Jillian Hewitt | Partner | Susman Godfrey LLP**
o: 212-729-2019
jhewitt@susmangodfrey.com | www.susmangodfrey.com/jillian-hewitt

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby

notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any

unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.