**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br><br>*Defendants*. | Civ. No. 1:25-cv-01888-AHA |

**NON-PARTY BORIS EPSHTEYN'S RESPONSE TO, AND CROSS-MOTION FOR ALTERNATIVE RELIEF RELATING TO, PLAINTIFF AMERICAN BAR ASSOCIATION'S MOTION SEEKING ALTERNATIVE SERVICE**

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 3

A. Mr. Epshteyn Did Not Evade Service But Had His Counsel Negotiate Toward Acceptance of Service, With Any Response Deferred Until the Government's Motion to Quash Is Resolved. ..... 3

B. The ABA Represented That It Would Seek Only an Extension of Time—Not Alternative Service. ..... 5

C. The ABA Instead Improperly Moved for Alternative Service. ..... 5

D. The ABA's Account of Mr. Epshteyn's Conduct Does Not Match the Record. ..... 6

III. ARGUMENT ..... 7

A. Rule 45 Prohibits Alternative Service Here. ..... 7

B. At a Minimum, the Court Should Hold the Alternative Service Request in Abeyance Until After the Full and Final Resolution of the Government's Motion to Quash. ..... 9

C. If the Court Authorizes Alternative Service, It Should Defer Mr. Epshteyn's Response Until After the Full and Final Resolution of the Government's Motion to Quash. ..... 11

IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. FBI*,
186 F.R.D. 128 (D.D.C. 1998) .......... 7

*Call of the Wild Movie, LLC v. Does 1-1,062*,
770 F. Supp. 2d 332 (D.D.C. 2011) .......... 8

*P.J.E.S. ex rel. Francisco v. Mayorkas*,
652 F. Supp. 3d 103 (D.D.C. 2023) .......... 9

*FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson*,
636 F.2d 1300 (D.C. Cir. 1980) .......... 7, 8

*Henderson v. Jones Day*,
2021 WL 1978793 (D.D.C. May 17, 2021) .......... 7, 8

*Jewell v. BestBus Co.*,
319 F. Supp. 3d 323 (D.D.C. 2018) .......... 8

*Reshard v. Stevenson*,
2020 WL 13048949 (D.D.C. Oct. 7, 2020) .......... 8

*Robinson v. Ergo Sols., LLC*,
10 F. Supp. 3d 157 (D.D.C. 2014) .......... 9

*Sanchez v. Yu Lin Corp.*,
2022 WL 4598653 (D.D.C. Sept. 30, 2022) .......... 8

*United States v. Duran*,
884 F. Supp. 526 (D.D.C. 1995) .......... 9, 10

*Watts v. SEC*,
482 F.3d 501 (D.C. Cir. 2007) .......... 10

**Rules**

Fed. R. Civ. P. 45 .......... 10

LCvR 7(m) .......... 6

## LCvR 7(m) Statement

Counsel for Mr. Boris Epshteyn, Esq. conferred with counsel for the Government on November 2, 2026, and with counsel for the ABA on November 3, 2026, regarding the relief requested in this cross-motion. The ABA opposes the cross-motion. The Government consents to the relief requested in this cross-motion, namely, holding the ABA's motion in abeyance pending final resolution of the Government's motion to quash. If the Court authorizes alternative service, which it should not do, the Government also consents to deferring Mr. Epshteyn's response until the motion to quash is fully resolved.

## I. INTRODUCTION

The ABA stated one thing and did the opposite. For months, counsel for non-party Mr. Boris Epshteyn, Esq. and counsel for Plaintiff American Bar Association ("ABA") negotiated toward a simple agreement, in what Mr. Epshteyn's counsel understood to be mutual good faith: counsel would accept service of the ABA's subpoenas, and Mr. Epshteyn's response would await resolution of the Government's pending motion to quash those same subpoenas. *See In re Subpoenas on Boris Epshteyn*, No. 1:26-mc-00114 (AHA), Dkt. 2 (D.D.C.). The parties came close but had not yet reached agreement. When talks ended, the ABA told Mr. Epshteyn's counsel in writing that it would move only for a limited extension of fact discovery. Mr. Epshteyn's counsel then told the ABA that it would take no position on that limited extension motion, but asked the ABA to confirm that this was all it intended to file. The ABA confirmed it—in writing.

The ABA then went back on its written commitment and filed its motion two days later. Contrary to its own written representation, the ABA asks the Court to authorize alternative service and to require Mr. Epshteyn to respond within 14 days, even while the Government's motion to quash remains pending. And although the ABA's motion leans heavily on the parties' correspondence, its exhibits stop on October 16—omitting the October 19 and 20 emails in which the ABA described the motion it would file and represented that the motion would not seek alternative service.

As stated by his counsel to the ABA, Mr. Epshteyn takes no position on the ABA's request for an extension of time. But the ABA's wrongful request for alternative service should be denied outright. Rule 45 requires personal service of a subpoena, and courts in this District, following binding D.C. Circuit precedent, have consistently refused to authorize alternative service of a subpoena. At a minimum, the Court should hold the ABA's motion for alternative service in abeyance until the Government's motion to quash those same subpoenas is fully and finally resolved. In the alternative, if the Court authorizes alternative service, which should not occur, the Court should extend Mr. Epshteyn's time to respond or object to the subpoenas until the Government's motion to quash is fully resolved.

The Court should grant Mr. Epshteyn's requested relief because it is the only sensible course. The Government has moved to quash the subpoenas on executive-privilege grounds, among others, asserting privilege over the very documents and testimony the ABA wrongly seeks from Mr. Epshteyn. Until the Government's motion

is fully and finally resolved, Mr. Epshteyn cannot know if he is able to produce or say anything at all. Resolving the ABA's alternative-service motion now, rather than holding it in abeyance, would require Mr. Epshteyn to immediately respond, object, and move to quash on many of the same grounds the Government has already briefed. The erroneous result would be costly, duplicative motion practice that needlessly burdens both the Court and a non-party—and that may prove entirely unnecessary, depending on how the Government's motion is resolved in this Court and on any appeal. The ABA offers no legitimate reason to impose that undue burden.

## II. BACKGROUND

### A. Mr. Epshteyn Did Not Evade Service But Had His Counsel Negotiate Toward Acceptance of Service, With Any Response Deferred Until the Government's Motion to Quash Is Resolved.

From the start, both sides recognized that duplicative briefing over the same subpoenas would serve no one. The Government moved to quash the ABA's subpoenas directed to Mr. Epshteyn on July 2, 2026. *See In re Subpoenas on Boris Epshteyn*, No. 1:26-mc-00114 (AHA), Dkt. 2 (D.D.C.). The ABA itself wrote to Mr. Epshteyn's counsel that it wanted "to avoid burdening any court with briefing of issues that can be resolved or cured." ECF No. 87-6 at 11 (Aug. 7, 2026 Hewitt email); *see also id.* at 6 (Oct. 2, 2026 Hewitt email) ("both of us would like to avoid needing to brief the alternative service issue to the Court.").[1]

On October 9, Mr. Epshteyn proposed a way to avoid burdening this Court with a needless service dispute. Under the proposed agreement, Mr. Epshteyn's counsel

[1] When citing documents filed before this cross-motion, page references are to the blue page numbers in the header generated by the district court's e-filing system.

would accept service, and his responses would be due five business days after resolution of the Government's motion to quash—if that resolution permitted any discovery at all. ECF No. 87-7 at 4–5. The parties would then confer, and both sides would reserve all other motions until that time. *Id.* The ABA replied the same day: "We can agree to this proposal," subject only to a set conferral period. *Id.* at 4.

One week later, the ABA abruptly reversed course. Under the ABA's new position, Mr. Epshteyn's responses would come due five business days after this Court ruled, but before the Government's motion was finally resolved if the Government sought reconsideration or appealed. ECF No. 87-6 at 3–5.

Mr. Epshteyn's counsel explained the obvious, wrongful consequence of the ABA's reversal. Mr. Epshteyn would be forced into duplicative motion practice "irrespective of whether a motion for reconsideration or appeal is filed—simply to preserve the status quo while the Government's motion is still pending finality." Ex. A at 4 (Oct. 16, 2026 Schechtman email). Doing so benefits no one, Mr. Epshteyn's counsel explained, because if the Government appealed or sought reconsideration, "there would be no discovery going forward as to Mr. Epshteyn anyway." *Id.* at 3 (Oct. 19, 2026 Schechtman email). The revision thus "does not allow for discovery any earlier." *Id.* "All it does is ensure unnecessary motion practice." *Id.* The ABA never answered that point. Having already agreed to wait for this Court's decision, it offered no reason—none—why waiting for a final one would cost it anything.

### B. The ABA Represented That It Would Seek Only an Extension of Time—Not Alternative Service.

The ABA's exhibits wrongfully omit the ABA's own written representation to Mr. Epshteyn's counsel regarding the motion that the ABA would file.

On October 19, ABA counsel wrote that "[g]iven our inability to reach a resolution, and given the fact that the Government's motion to quash is still pending, the ABA intends to move for leave to amend the operative Scheduling Order in the underlying litigation to obtain a 90-day extension beyond the November 12 fact discovery deadline for the limited purpose of completing third party discovery with respect to Mr. Epshteyn." Ex. A at 2–3 (Oct. 19, 2026 Hewitt email). The email said nothing about moving for alternative service.

Mr. Epshteyn's counsel then asked directly: "I would like to confirm that the motion you plan to file is to extend the current discovery deadlines as to Mr. Epshteyn only. Is that correct?" *Id.* at 2 (Oct. 20, 2026 Schechtman email). ABA counsel answered unequivocally: "***The referenced motion is for a limited extension of the schedule to complete discovery with respect to Mr. Epshteyn only***." *Id.* (Oct. 20, 2026 Hewitt email). Relying on that representation, Mr. Epshteyn's counsel decided to take no position and thus declined the ABA's offer to state his position in the motion. *Id.* at 1 (Oct. 20, 2026 Schechtman email). Mr. Epshteyn's counsel did not oppose the request for an extension of time. *Id.*

### C. The ABA Instead Improperly Moved for Alternative Service.

Two days later, the ABA improperly filed a motion seeking far more than the "limited extension" it represented to Mr. Epshteyn's counsel. ECF No. 87 at 7, 17, 20.

The ABA's motion also erroneously asks the Court to authorize alternative service and to order Mr. Epshteyn to respond within 14 days of service. *Id.* at 17; ECF No. 87-15.

The ABA did not properly confer with Mr. Epshteyn's counsel on alternative service. Its LCvR 7(m) statement reports conferral on October 19 and October 21 only with "Defendants," whom the ABA says "opposed" the relief, ECF No. 87 at 7. But LCvR 7(m) requires conferral with "opposing counsel," and the only relief the ABA had raised with Mr. Epshteyn's counsel in October was the limited extension—not the motion for alternative service. *See* Ex. A at 1–2.

The ABA's failure to confer with Mr. Epshteyn's counsel on alternative service cannot be excused by its earlier statements. The parties spent weeks negotiating an agreement that would have mooted the alternative service issue. Further, the ABA told Mr. Epshteyn's counsel, in response to a direct question, that it would seek only an extension. Ex. A at 1–2. In addition, the ABA's omission of its intent to file the motion for alternative service continued after it filed. It never sent the filed motion for alternative service to Mr. Epshteyn's counsel, who learned of it only when a reporter emailed seeking comment.

### D. The ABA's Account of Mr. Epshteyn's Conduct Does Not Match the Record.

Because the ABA omits critical parts of the exchange, its motion misdescribes Mr. Epshteyn's conduct. The ABA erroneously claims that Mr. Epshteyn "has since used the pendency of the Motion to Quash to avoid any engagement with the subpoenas." ECF No. 87 at 8. Yet the same motion concedes that his counsel

"corresponded continuously with the ABA about the very subpoenas at issue for nearly three months." *Id.* at 12. The motion also wrongly accuses him, without basis, of "knowing evasion of service." *Id.* at 7. The record shows otherwise. The ABA purportedly sought to serve Mr. Epshteyn with the relevant subpoenas on only four occasions:[2] once on September 3, 2026, with an earlier subpoena, and, according to the ABA, three times between September 10 and September 16, 2026, with newly issued replacement subpoenas. ECF No. 87 at 11. The ABA's last apparent attempt at service was September 16 and, since that time, Mr. Epshteyn has been negotiating for his counsel to accept service, and the ABA agreed in principle to the core of his October 9 proposal. ECF No. 87-7 at 2–6.

## III. ARGUMENT

### A. Rule 45 Prohibits Alternative Service Here.

It is "well settled that" Rule 45 requires personal service of a subpoena. *Alexander v. FBI*, 186 F.R.D. 128, 130 (D.D.C. 1998) (citing *FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312 (D.C. Cir. 1980)). "[T]he D.C. Circuit has adopted the majority rule," which makes alternative service impermissible even following diligent efforts at personal service. *Henderson v. Jones*

---

[2] The process servers' own accounts are riddled with errors and raise serious doubts about whether the servers ever reached Mr. Epshteyn or his residence. The process server for a prior attempt claims to describe Mr. Epshteyn but gets both his weight and eye color wrong, suggesting that they never actually saw him, which is Mr. Epshteyn's position. ECF No. 87-2 at 4 (June 22, 2026 Mariscal email). A second process server claims to have attempted service in a "wing [where] all apartments were numbered 21[xx]." ECF No. 87-9 at 2 (Sept. 18, 2026 Borowski Aff.). But every apartment on Mr. Epshteyn's floor begins with the number "25." The same affidavit also identifies "Ian Baylor" as the affiant but bears the signature of "Scott John Borowski." *Id.*

*Day*, 2021 WL 1978793, at *2 (D.D.C. May 17, 2021) (refusing to adopt the "minority view" that would authorize "alternative service following diligent efforts to serve a witness in person"); *see also Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 361 (D.D.C. 2011) ("Courts in this jurisdiction" have rejected a "broadened" reading of Rule 45 that would dispense with "personal in-hand service"). The request for alternative service must therefore be denied.

The ABA's inapt authorities do not hold otherwise. The ABA relies principally on *Sanchez v. Yu Lin Corp.*, but that case addresses service of a summons and complaint, not a Rule 45 subpoena. 2022 WL 4598653, at *3–4 (D.D.C. Sept. 30, 2022). The distinction is fundamental because service of a summons is "primarily concerned with effectuating notice," while service of a subpoena invokes "compulsory process." *Compagnie*, 636 F.2d at 1312–13. The ABA's remaining authorities reflect a minority view that should not be followed here. *See Henderson*, 2021 WL 1978793, at *2.

Even if courts could authorize alternative service for subpoenas, which they cannot, the ABA has not shown the "diligent effort" required. *Yu Lin Corp.*, 2022 WL 4598653, at *4. The ABA has made, according to its own account, only three attempts over a six-day period to serve the subpoenas that are the basis of its motion. Moreover, those apparent attempts are not properly documented, with the affidavits containing errors, as well as potential misrepresentations. The ABA's alleged efforts fall far short on this record, especially where the parties were near agreement on acceptance of service through counsel. This shows a "reasonable prospect that [the ABA] could still accomplish service." *Reshard v. Stevenson,* 2020 WL 13048949, at *2 (D.D.C. Oct.

7, 2020) (denying alternative service of summons and complaint after four in-person attempts and multiple attempts at mail service); *see also Yu Lin Corp.*, 2022 WL 4598653, at *3–4 (authorizing alternative service of summons and complaint after "fifteen unsuccessful attempts" over seventy-three days); *Jewell v. BestBus Co.*, 319 F. Supp. 3d 323, 325–26 (D.D.C. 2018) (extending time for service after five attempts to serve summons and complaint across fourteen days); *Robinson v. Ergo Sols., LLC*, 10 F. Supp. 3d 157, 162 (D.D.C. 2014) (upholding alternative means of service on authorized designee after "at least seven attempts" to serve summons and complaint and two sixty-day extensions).

### B. At a Minimum, the Court Should Hold the Alternative Service Request in Abeyance Until After the Full and Final Resolution of the Government's Motion to Quash.

Even if alternative service were permissible (and it is not), the Court should hold the ABA's motion in abeyance. "The power to stay or hold proceedings in abeyance is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *P.J.E.S. ex rel. Francisco v. Mayorkas*, 652 F. Supp. 3d 103, 110 (D.D.C. 2023) (quotations and brackets omitted); *see also United States v. Duran*, 884 F. Supp. 526, 527–29 (D.D.C. 1995) (holding in abeyance resolution of motion for public access pending hearing on defendant's related motion to suppress).

Here, the Court should exercise its discretion and hold the ABA's alternative service motion in abeyance for three independent reasons.

*First*, deciding the Government's motion first, and allowing that ruling to become final, is the most economical use of the Court's resources. The Government's

pending motion to quash asserts executive privilege over the very documents and testimony the ABA seeks. Deciding that motion first may eliminate the need to decide the ABA's alternative-service request. In addition, Mr. Epshteyn cannot respond meaningfully until the Government's motion to quash is finally resolved. The sensible course is the one taken in *Duran*: hold the collateral motion for alternative service in abeyance while the Court resolves the Government's closely related motion to quash that may dispose of the issue. *See Duran*, 884 F. Supp. at 527–29.

*Second*, the ABA's erroneous motion for alternative service would impose exactly the kind of needless burden on a non-party that Rule 45 forbids. Rule 45 requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and directs the court to "enforce this duty." Fed. R. Civ. P. 45(d)(1). The D.C. Circuit likewise requires district courts supervising discovery to be "generally sensitive to the costs imposed on third parties." *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (citation omitted). The ABA wrongfully ignores those limits. Its proposed order would improperly require Mr. Epshteyn to respond within 14 days of service. ECF No. 87-15 at 1. To preserve his rights, Mr. Epshteyn would then have to object and likely move to quash on grounds that substantially overlap with the Government's fully briefed motion. That would place duplicative briefing before the Court on the same subpoenas, for no necessary or justified reason.

*Third*, abeyance would not prejudice the ABA at all. The ABA's stated concern is that fact discovery will close before, or shortly after, the Government's motion to

quash is resolved, leaving it unable to obtain Mr. Epshteyn's testimony and documents. But the ABA's own extension request, ECF No. 87 at 17–20, solves that problem. If the Court extends the discovery period, waiting for the Government's motion to quash to be resolved costs the ABA nothing. There is no reason—none—to require Mr. Epshteyn to address the subpoenas now, rather than after the Government's motion to quash is fully resolved.

### C. If the Court Authorizes Alternative Service, It Should Defer Mr. Epshteyn's Response Until After the Full and Final Resolution of the Government's Motion to Quash.

If the Court authorizes alternative service now, which it should not do, it should extend the time for Mr. Epshteyn to object, move to quash, or otherwise respond to the replacement subpoenas until the Government's motion to quash is fully and finally resolved. That extension would avoid wasteful, duplicative motion practice while fully preserving the ABA's ability to obtain whatever discovery, if any, the Court ultimately permits.

## IV. CONCLUSION

For all these reasons, the Court should deny the portion of the ABA's motion (ECF No. 87) seeking alternative service. At a minimum, the Court should hold that request in abeyance until the Government's motion to quash is fully resolved. In the alternative, if the Court authorizes alternative service, which should not happen, it should extend Mr. Epshteyn's time to object or respond to the replacement subpoenas until the Government's motion to quash is fully and finally resolved.

Dated: November 5, 2026

Respectfully submitted,

Caryn G. Schechtman
(*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
Telephone: (212) 335-4593
Facsimile: (212) 335-4501
caryn.schechtman@us.dlapiper.com

*/s/ Michael J. Walsh, Jr.*
Michael J. Walsh, Jr.
D.C. Bar No. 483296
Aaron C. Ward
D.C. Bar No. 90024094
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
aaron.ward@us.dlapiper.com

*Counsel for Non-Party Boris Epshteyn*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Date: November 5, 2026

*/s/ Michael J. Walsh, Jr.*
Michael J. Walsh, Jr.