UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN BAR ASSOCIATION,

*Plaintiff,*

v.

EXECUTIVE OFFICE OF THE PRESIDENT, et al.,

*Defendants.*

Civil Case No. 1:25-cv-01888-AHA

**JOINT STATUS REPORT AND STIPULATION ON DISCOVERY**

Plaintiff American Bar Association ("Plaintiff") and Defendants (together, the "Parties"), submit this Joint Status Report and Stipulation following the November 4, 2026 discovery conference. **Part I** sets out the Parties' proposed briefing schedule for addressing the Parties' discovery disputes raised in the Parties' October 30, 2026 email to the Court and addressed at the discovery conference. **Part II** sets out the Parties' proposed stipulation regarding the completion of currently pending discovery matters after the close of fact discovery. A proposed order is attached.

## I. PROPOSED BRIEFING SCHEDULE

At the November 4 conference, the Parties described two discovery motions: (1) Defendants intend to move for a protective order regarding the depositions noticed by Plaintiff on October 23, 2026[1]; and (2) Plaintiff intends to move to compel responses to its First Set of Requests for Admission (served August 4, 2026) and its First Set of Interrogatories directed at Executive

[1] Those notices are for: (1) Stephen Miller; (2) William Scharf; (3) Henry Whitaker; (4) Minnie Warfield; and (5) Undisclosed Individuals the Government was ordered to identify in the Court's August 3, 2026 Minute Order, presently withheld on grounds of privilege.

Office of the President (served October 13, 2026).[2] To promote efficiency, the Parties propose that these motions be briefed together on the following schedule:

| Brief | Deadline |
|---|---|
| Defendants' motion for a protective order | November 18, 2026 |
| Plaintiff's opposition to the motion for a protective order and cross-motion to compel | December 7, 2026 |
| Defendants' reply in support of the motion for a protective order and opposition to the cross-motion | December 14, 2026 |
| Plaintiff's reply in support of the cross-motion | December 21, 2026 |

The Parties agree that the depositions noticed October 23, 2026 will be held in abeyance pending the Court's resolution of these motions, as set forth in Part II, ¶3 below.

## II. STIPULATION REGARDING COMPLETION OF CURRENTLY PENDING DISCOVERY MATTERS AFTER THE CLOSE OF FACT DISCOVERY

WHEREAS, the Scheduling Order (ECF 57) sets November 12, 2026 as the deadline for the close of fact discovery (the "Fact Discovery Deadline");

WHEREAS, certain discovery served, and certain discovery disputes raised, before the Fact Discovery Deadline remain pending;

WHEREAS, at the November 4, 2026 discovery conference, the Parties agreed that they should be permitted to complete discovery timely served in compliance with the Fact Discovery Deadline, and to pursue discovery issues timely raised before the Fact Discovery Deadline, but that no new discovery or discovery disputes that could have been previously raised should be permitted after that deadline;

[2] Defendants have not served their responses to any interrogatories and Plaintiff reserves the right to challenge the adequacy of (and move to compel) Defendant's responses to interrogatories directed to agency defendants after the Government's responses are served.

WHEREAS, the Court suggested that the Parties memorialize that agreement by stipulation rather than extend the Fact Discovery Deadline;

NOW, THEREFORE, the Parties stipulate and agree, subject to the approval of the Court, as follows:

1. **Fact Discovery Deadline.** The Fact Discovery Deadline remains November 12, 2026. Except as agreed in this Stipulation and/or as ordered by the Court, no Party may serve any new discovery request, deposition notice, or subpoena after the Fact Discovery Deadline.
2. **Pending Discovery Matters.** The Parties may continue to pursue, and may file motions with the Court concerning, discovery served before the Fact Discovery Deadline.
3. **Scheduling Depositions.** To the extent depositions noticed in compliance with LCvR 30.1 prior to the Fact Discovery Deadline cannot be completed before the Fact Discovery Deadline, the Parties will meet and confer and work in good faith to propose mutually agreeable deposition dates and times. This includes the deposition of Plaintiff noticed by Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6) on November 2, 2026, as to which Plaintiff reserves all objections. The Federal Rule of Civil Procedure 30(b)(1) depositions noticed by Plaintiff on October 23, 2026 will be held in abeyance pending resolution of Defendants' motion for a protective order. To the extent the Court permits any such deposition to proceed, the Parties will meet and confer and work in good faith to propose mutually agreeable deposition dates and times.
4. **Follow-On Discovery.** This Stipulation is without prejudice to any Party's right to request additional, targeted discovery, including depositions, reasonably warranted by documents, information, or testimony produced after the Fact Discovery Deadline in connection with a Pending Discovery Matter, including any production or other disclosure resulting from

the Court's ruling on any discovery motion. Any Party may oppose such a request on any ground, except that no Party may oppose it as untimely or lacking in diligence on the ground that it is made after the Fact Discovery Deadline. For avoidance of doubt, a request that is not based on documents, information, or testimony produced or disclosed after the Fact Discovery Deadline is not Follow-On Discovery. A Party requesting Follow-On Discovery shall identify the post-Deadline documents, information, or testimony on which the request is based.

5. **Non-Party Productions.** Any Party that receives documents or other materials from a non-party in response to a subpoena, whether before or after the Fact Discovery Deadline, shall produce copies to all other Parties within three business days of receipt.

6. **Supplementation.** Nothing in this Stipulation limits any Party's obligation to supplement its disclosures and discovery responses under Federal Rule of Civil Procedure 26(e).

7. **Other Deadlines.** The parties agree to the following modification of other deadlines in the Scheduling Order (ECF 57):

| Event | Original Date | Amended Date |
|---|---|---|
| Plaintiff's identification of experts and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures | November 13, 2026 | January 22, 2027 |
| Defendants' identification of experts and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures | December 13, 2026 | February 19, 2027 |
| Close of Expert Discovery | January 29, 2027 | March 12, 2027 |

Dated: November 9, 2026

*/s/ Steven M. Seigel*
Stephen Shackelford, Jr. (D.C. Bar #NY0443)
Beatrice Franklin (Admitted *pro hac vice)*
Jillian Hewitt (Admitted *pro hac vice)*

SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330
sshackelford@susmangodfrey.com
bfranklin@susmangodfrey.com
jhewitt@susmangodfrey.com

Neal Manne (D.C. Bar #357012)
Barry Barnett (Admitted *pro hac vice)*
Harry Susman (Admitted *pro hac vice)*
Justin A. Nelson (D.C. Bar#490347)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
nmanne@susmangodfrey.com
bbarnett@susmangodfrey.com
hsusman@susmangodfrey.com
jnelson@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
dbrook@susmangodfrey.com

Jordan Connors (Admitted *pro hac vice)*
Steven M. Seigel (D.C. Bar#D00473)
Katherine Peaslee (Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: 206-516-3880
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiff American Bar Association*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
DIANE KELLEHER
Directors
Civil Division, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

CHRISTOPHER M. LYNCH
JAMES R. POWERS
Chief Litigation Counsel
Civil Division, Federal Programs Branch

/s/ *James J. Wen*

JAMES J. WEN (NY Bar No. 5422126)
M. JARED LITTMAN
ADAM S. FOX
Trial Attorneys,
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 598-7361
E-mail: james.j.wen@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered participants.

*/s/ Steven M. Seigel*
Steven M. Seigel