**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-01888 (AHA) |

## Order

Upon consideration of the parties' joint status report and stipulation on discovery, ECF No. 96, and the discussion at the court's November 4, 2026, discovery hearing, the court approves the parties' proposed stipulations and modifies the scheduling order, ECF No. 57, accordingly:

1. **Fact Discovery Deadline.** The Fact Discovery Deadline remains November 12, 2026. Except as agreed in this Stipulation and/or as ordered by the Court, no Party may serve any new discovery request, deposition notice, or subpoena after the Fact Discovery Deadline.
2. **Pending Discovery Matters.** The Parties may continue to pursue, and may file motions with the Court concerning, discovery served before the Fact Discovery Deadline.
3. **Scheduling Depositions.** To the extent depositions noticed in compliance with LCvR 30.1 prior to the Fact Discovery Deadline cannot be completed before the Fact Discovery Deadline, the Parties will meet and confer and work in good faith to propose mutually agreeable deposition dates and times. This includes the deposition of Plaintiff noticed by Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6) on November 2, 2026, as to which Plaintiff reserves all objections. The Federal Rule of Civil Procedure 30(b)(1)

depositions noticed by Plaintiff on October 23, 2026 will be held in abeyance pending resolution of Defendants' motion for a protective order. To the extent the Court permits any such deposition to proceed, the Parties will meet and confer and work in good faith to propose mutually agreeable deposition dates and times.

4. **Follow-On Discovery.** This Stipulation is without prejudice to any Party's right to request additional, targeted discovery, including depositions, reasonably warranted by documents, information, or testimony produced after the Fact Discovery Deadline in connection with a Pending Discovery Matter, including any production or other disclosure resulting from the Court's ruling on any discovery motion. Any Party may oppose such a request on any ground, except that no Party may oppose it as untimely or lacking in diligence on the ground that it is made after the Fact Discovery Deadline. For avoidance of doubt, a request that is not based on documents, information, or testimony produced or disclosed after the Fact Discovery Deadline is not Follow-On Discovery. A Party requesting Follow-On Discovery shall identify the post-Deadline documents, information, or testimony on which the request is based.

5. **Non-Party Productions.** Any Party that receives documents or other materials from a nonparty in response to a subpoena, whether before or after the Fact Discovery Deadline, shall produce copies to all other Parties within three business days of receipt.

6. **Supplementation.** Nothing in this Stipulation limits any Party's obligation to supplement its disclosures and discovery responses under Federal Rule of Civil Procedure 26(e).

7. **Other Deadlines.** The parties agree to the following modification of other deadlines in the Scheduling Order (ECF No. 57):

| Event | Original Date | Amended Date |
|---|---|---|
| Plaintiff's identification of experts and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures | November 13, 2026 | January 22, 2027 |
| Defendants' identification of experts and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures | December 13, 2026 | February 19, 2027 |
| Close of Expert Discovery | January 29, 2027 | March 12, 2027 |

*<u>/s/ Amir H. Ali</u>*

AMIR H. ALI
United States District Judge

Date: November 11, 2026